UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARUSO, | 1:15-cv-00780-EPG-PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1.) |
| D. K. JOHNSON, et al., | THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT |
| Defendants. | |

Plaintiff Gina Caruso ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on May 22, 2015.  (ECF No. 1.)[1]  In Plaintiff's Complaint, Plaintiff claims that she was subjected to "an illegal body search" and "excessive force."

This Court has screened Plaintiff's Complaint and finds that it fails to state sufficient facts to state a claim as to any defendants.  Plaintiff claims that force was excessive and unreasonable, but not what force was used to allow the Court to determine if it is considered

---

[1] On June 4, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (ECF No. 8.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

excessive and unreasonable under the law.  Especially considering that contraband was found during the search, Plaintiff does not currently describe a search done unreasonably rather than as part of prison procedure.

This order provides an explanation of the relevant law to inform the Plaintiff should she desire to file an amended complaint.  If Plaintiff chooses, Plaintiff may file an amended complaint attempting to state a claim within thirty days.

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969

(9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## II.    SUMMARY OF ALLEGATIONS IN THE COMPLAINT

Plaintiff alleges in her Complaint that on July 22, 2013, at the Central California Women's Facility in Chowchilla, California, she was subjected to an "illegal body search." (Complaint at 3 ¶IV.)  Plaintiff names as defendants D.K. Johnson (Warden), Officer G. Solorio, Officer C. Lopez, Sergeant G. Ingram, Officer D. Martinez, Lieutenant M. Villegas, Officer Bates, John Does #1-10, and Jane Does #1-10.  Plaintiff alleges that two men and a woman forced her to bend over a table face down and held her down "with excessive force," and another woman pulled down her shorts and underwear, exposing her "entire butt and vaginal area."  Id.  Plaintiff was handcuffed with her hands behind her back the entire time. Plaintiff asked them to stop and said she would strip out for them, but they continued to humiliate her in front of other inmates and male staff.  Officer Solorio retrieved a small plastic bag from between her butt cheeks.  Officer Lopez tied her to a wheelchair with a bed sheet and left her cuffed with her hands behind her back.  All of this was allowed by their supervisor Sergeant Ingram.  Plaintiff suffered pain to a spinal cord injury that Plaintiff made them aware of.  Plaintiff alleges that an investigation was conducted.

Plaintiff requests monetary damages and injunctive relief.

## III.    ANALYSIS OF PLAINTIFF'S CLAIMS

### A.    Legal Standards

#### 1.    Section 1983

Section 1983 provides a cause of action against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983.  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  "In a § 1983 action, the

plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury.  To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation."  Harper v. City of L.A., 533 F.3d 1010, 1026 (9th Cir. 2008) (internal citations omitted).  Proximate cause requires "'some direct relation between the injury asserted and the injurious conduct alleged.'"  Hemi Group, LLC v. City of New York, 559 U.S. 1, 130 (2010) (quoting Holmes v. Secs. Investor Prot. Corp., 503 U.S. 258, 268 (1992)).

The Ninth Circuit has stated:

> [S]ection 1983 suits do not impose liability on supervising officers under a respondeat superior theory of liability.  Instead, supervising officers can be held liable under section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." [citation omitted].  The supervising officer has to "set in motion a series of acts by others . . . which he knew or reasonably should have known, would cause others to inflict the constitutional injury." [citation omitted].

Graves v. City of Coeur D'Alene, 339 F.3d 828, 848 (9th Cir. 2003); abrogated on other grounds by Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt County, 542 U.S. 177 (2004).  Additionally, a supervisor may be liable under section 1983 if a plaintiff can show that "'in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers . . . can reasonably be said to have been deliberately indifferent to the need.'"  Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002); see also Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) ("Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation."), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994).

### 2.    Eighth Amendment – Excessive Force

Plaintiff alleges that excessive force was used against her.  "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8

(1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  Id. (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  Id. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind."  Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Id. at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  Id. (internal quotation marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it."  Id.

### 3.   Unclothed Body Search

The Fourth Amendment prohibits only unreasonable searches.  Bell v. Wolfish, 441 U.S. 520, 558 (1979); Byrd v. Maricopa County Sheriff's Office, 629 F.3d 1135, 1140 (9th Cir. 2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988).  The reasonableness of the search is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights the search entails.  Bell, 441 U.S. at 558-59 (quotations omitted); Byrd, 629 F.3d at 1141; Bull v. City and Cnty. of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010);

Michenfelder, 860 F.2d at 332-34.   Factors that must be evaluated are the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.  Bell, 441 U.S. at 559 (quotations omitted); Byrd, 629 F.3d at 1141; Bull, 595 F.3d at 972; Nunez, 591 F.3d at 1227; Michenfelder, 860 F.2d at 332.

The Ninth Circuit has long recognized that "[t]he desire to shield one's unclothed figure from [the] view of strangers, and particularly strangers of the opposite sex, is impelled by elementary self-respect and personal dignity." York v. Story, 324 F.2d 450, 455 (9th Cir.1963); see also Michenfelder, 860 F.2d at 333 (same); Grummett v. Rushen, 779 F.2d 491, 496 (9th Cir. 1985) (distinguishing cross-gender searches that "are done briefly and while the inmates are fully clothed, and thus do not involve *intimate contact with the inmates' bodies* ") (emphasis added).  Byrd, 629 F.3d at 1141.  However, in Michenfelder the Court reiterated that "infrequent and casual observation, or observation at [a] distance, . . . are not so degrading as to warrant court interference" (citing Grummett, 779 F.2d at 494–95) (parallel citations omitted).  Byrd, 629 F.3d at 1142.

## 4.   **Doe Defendants**

Plaintiff names as defendants John Does #1-10 and Jane Does #1-10.  Unidentified, or "Doe" defendants must be named or otherwise identified before service can go forward.  "As a general rule, the use of 'John Doe' or 'Jane Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  Plaintiff is advised that John Doe or Jane Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended her complaint to substitute names for John Doe or Jane Doe.   For service to be successful, the Marshal must be able to identify and locate defendants.

## 5.   **Supervisory Liability**

Plaintiff names defendants, such as the Warden and Sergeant Ingram, who hold supervisory positions.  Plaintiff is advised that "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant.  A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  There is no *respondeat*

*superior* liability under [§] 1983." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. <u>Iqbal</u>, 556 U.S. at 676; <u>Corales v. Bennett</u>, 567 F.3d 554, 570 (9th Cir. 2009). Therefore, to the extent that Plaintiff seeks to impose liability upon any of the defendants in their supervisory capacity, Plaintiff fails to state a claim.

### B. Analysis of Plaintiff's Claims in Light of Legal Standards

The Court finds that Plaintiff fails to state a claim against any individual defendant under these legal standards. Plaintiff shall be granted leave to file an amended complaint, if she so wishes.

Plaintiff fails to state a claim against any of the defendants for use of excessive force, because she has not stated sufficient facts demonstrating that any individual defendant used force against her that was not applied in a good-faith effort to maintain or restore discipline. To state an excessive force claim, Plaintiff must describe the circumstances surrounding the officers' decision to use force against her, and also describe how *each* named defendant *personally acted* against her or failed to act, in violation of her rights. It is not sufficient to allege that the defendants "used excessive force" without describing what they did.

Plaintiff also fails to state a claim under the Fourth Amendment for an unreasonable search, because she has not stated facts for which an inference may be made that the strip search was unreasonable under the circumstances. Based on Plaintiff's admission that one of the officers "retrieved a small plastic bag from between her butt cheeks" during the search, an inference may be made that contraband was found and the officers had cause to conduct the search. (Complaint, ECF No. 1 at 4.) Plaintiff has not indicated whether any of the male officers participated in the actual search. If Plaintiff chooses to amend the Complaint, Plaintiff should describe the circumstances surrounding the search and what *each* of the named defendants *personally* did that made the search unreasonable under the circumstances.

## IV. CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any cognizable claim upon

which relief may be granted under § 1983. The Court will dismiss this Complaint and give Plaintiff leave to amend to file an amended complaint addressing the issues described above. This amended complaint should only name as defendants any individuals who directly caused Plaintiff harm and explain what each defendant knew and did or failed to do, resulting in the violation of Plaintiff's rights.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days if she chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the deprivation of her constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). As discussed above, there is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676. Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of her rights by their actions. Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although she has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Plaintiff may file a First Amended Complaint curing the deficiencies identified by the Court in this order if she believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;

3.    If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:15-cv-00780-EPG-PC; and

4.    If Plaintiff fails to file an amended complaint within 30 days, the Court will dismiss Plaintiff's case for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated:    **June 29, 2016**          _____
                                    /s/ *Erica P. Grosjean*
                                    UNITED STATES MAGISTRATE JUDGE