UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARUSO,<br><br>            Plaintiff,<br><br>     v.<br><br>D. K. JOHNSON, et al.,<br><br>            Defendants. | 1:15-cv-00780-EPG (PC)<br><br>ORDER FINDING CERTAIN CLAIMS COGNIZABLE<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1)   FILE A SECOND AMENDED COMPLAINT;<br><br>(2)   NOTIFY THE COURT THAT SHE IS WILLING TO PROCEED ON THE FIRST AMENDED COMPLAINT, WHICH THE COURT FINDS STATES A CLAIM AGAINST DEFENDANTS INGRAM, MARTINEZ, LOPEZ AND SOLARIO FOR VIOLATION OF THE EIGHTH AMENDMENT BASED ON HAND CUFFING PLAINTIFF IN THE BACK<br><br>OR<br><br>(3) NOTIFY THE COURT THAT SHE WISHES TO STAND ON HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER<br><br>(ECF NO. 17)<br><br>THIRTY DAY DEADLINE |

Gina Caruso ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 22, 2015. (ECF No. 1).[1]   In the Complaint, Plaintiff claimed that she was

---

[1] On June 4, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 8), and no other parties have made an appearance. Therefore, pursuant to Appendix

1

subjected to "an illegal body search" and "excessive force." The Court screened Plaintiff's complaint on June 30, 2016, and dismissed the complaint with leave to amend. (ECF No. 13). Plaintiff filed a First Amended Complaint on September 12, 2016 (ECF No. 17), which is before this Court for screening.

Plaintiff's First Amended Complaint re-alleges Plaintiff's excessive force claim. For the reasons described below, the Court finds that the First Amended Complaint states a cognizable claim for violation of the Eighth Amendment against Defendants Ingram, Martinez, Lopez and Solario based on hand cuffing Plaintiff in the back, which was allegedly a violation of a medical chrono. The Court finds that the First Amended Complaint fails to state any other claims or claims against any other defendants.

The Court is ready to authorize service of the complaint on those four defendants on the one cognizable claim. The Court also provides some additional legal guidance below. If Plaintiff believes that additional facts would state additional claims based on those legal standards, she may file a further amended complaint, which the Court will screen in due course.

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are

---

A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 679.  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Additionally, a plaintiff's legal conclusions are not accepted as true.  Iqbal, 556 U.S. at 678.

## II.   SUMMARY OF ALLEGATIONS IN THE COMPLAINT

Plaintiff alleges in her Complaint that on July 22, 2013, at the Central California Women's Facility in Chowchilla, California, she was subjected to an "illegal body search." (Complaint at 3 ¶IV.)  Plaintiff names as defendants G. Ingram, correctional sergeant; D. Martinez, correctional officer; C. Lopez, correctional officer; G. Solario, correctional officer, and M. Villegas, correctional lieutenant.  Plaintiff's complaint alleges that defendants used excessive force during a strip search, which resulted in finding an unauthorized cell phone and plastic bag of drugs on Plaintiff's person, concealed in her private body parts.

Per instructions in the Court's screening order, Plaintiff's First Amended Complaint sets for facts and allegations setting forth why Plaintiff believes this strip search violated her constitutional rights, including that: (1) defendants applied handcuffs to the back, rather than the front, in violation of a medical chrono Plaintiff had related to a prior spine injury; (2) defendants performed the strip search in view of other prisoners rather than a private room; and (3) defendants continued to perform the strip search after Plaintiff agreed to strip herself and turn over any contraband.  Plaintiff alleges that she was mistreated during the search, that she suffered severe pain, and that she was embarrassed.

\\\
\\\
\\\

### III. ANALYSIS OF PLAINTIFF'S EXCESSIVE FORCE AND UNREASONABLE SEARCH CLAIMS

#### A. Legal Standards

##### 1. Section 1983

Section 1983 provides a cause of action against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury. To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." Harper v. City of L.A., 533 F.3d 1010, 1026 (9th Cir. 2008) (internal citations omitted). Proximate cause requires "'some direct relation between the injury asserted and the injurious conduct alleged.'" Hemi Group, LLC v. City of New York, 559 U.S. 1, 130 (2010) (quoting Holmes v. Secs. Investor Prot. Corp., 503 U.S. 258, 268 (1992)).

The Ninth Circuit has stated:

> [S]ection 1983 suits do not impose liability on supervising officers under a respondeat superior theory of liability. Instead, supervising officers can be held liable under section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." [citation omitted]. The supervising officer has to "set in motion a series of acts by others . . . which he knew or reasonably should have known, would cause others to inflict the constitutional injury." [citation omitted].

Graves v. City of Coeur D'Alene, 339 F.3d 828, 848 (9th Cir. 2003); abrogated on other grounds by Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt County, 542 U.S. 177 (2004). Additionally, a supervisor may be liable under section 1983 if a plaintiff can show that "'in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights,

that the policy-makers . . . can reasonably be said to have been deliberately indifferent to the need.'" Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002); see also Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (*en banc*) ("Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation."), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994).

## 2.   **Eighth Amendment – Excessive Force**

Plaintiff alleges that excessive force was used against her. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the

responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

### 3.     Unclothed Body Search

The Fourth Amendment prohibits only unreasonable searches.  Bell v. Wolfish, 441 U.S. 520, 558 (1979); Byrd v. Maricopa County Sheriff's Office, 629 F.3d 1135, 1140 (9th Cir. 2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988).  The reasonableness of the search is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights the search entails.  Bell, 441 U.S. at 558-59 (quotations omitted); Byrd, 629 F.3d at 1141; Bull v. City and Cnty. of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); Michenfelder, 860 F.2d at 332-34.  Factors that must be evaluated are the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.  Bell, 441 U.S. at 559 (quotations omitted); Byrd, 629 F.3d at 1141; Bull, 595 F.3d at 972; Nunez, 591 F.3d at 1227; Michenfelder, 860 F.2d at 332.

The Ninth Circuit has long recognized that "[t]he desire to shield one's unclothed figure from [the] view of strangers, and particularly strangers of the opposite sex, is impelled by elementary self-respect and personal dignity."  York v. Story, 324 F.2d 450, 455 (9th Cir.1963); see also Michenfelder, 860 F.2d at 333 (same); Grummett v. Rushen, 779 F.2d 491, 496 (9th Cir. 1985) (distinguishing cross-gender searches that "are done briefly and while the inmates are fully clothed, and thus do not involve *intimate contact with the inmates' bodies*") (emphasis added).  Byrd, 629 F.3d at 1141.  However, in Michenfelder the Court reiterated that "infrequent and casual observation, or observation at [a] distance, . . . are not so degrading as to warrant court interference" (citing Grummett, 779 F.2d at 494–95) (parallel citations omitted). 860 F.2d at 334.

The Fourth Amendment applies to the invasion of bodily privacy in prisons and jails. Bull v. San Francisco, 595 F.3d 964, 974–75 (9th Cir. 2010) (en banc).  As the Ninth Circuit has stated "we cannot assume from the fact that the searches cause immense anguish that they

therefore violate protected Fourth Amendment interests. Far from it, our prior case law suggests that prisoners' legitimate expectations of bodily privacy from persons of the opposite sex are extremely limited." Jordan v. Gardner, 986 F.2d 1521, 1524 (9th Cir. 1993); see also Michenfelder, 860 F.2d at 322 (visual body-cavity searches of male inmates conducted within view of female guards held constitutional). However, abusive cross-gender strip searches may violate the Fourth Amendment's reasonableness standard. Somers v. Thurman, 109 F.3d 614, 622 n. 5 (9th Cir. 1997).

### B. Analysis of Plaintiff's Allegations

Plaintiff's allegations by and large relate to a strip search that appears to have been done for an effort to maintain or restore order, rather than to maliciously or sadistically cause harm. After all, the search in fact resulted in two types of contraband, i.e., a cell phone and a plastic bag of drugs. Those pieces of contraband had been hidden in very private areas of Plaintiff's body. The fact that prison staff searched those private places appears related to the placement of the contraband and not for maliciousness on the part of prison staff defendants. Additionally, it appears that Plaintiff received a wheelchair when the search was done. There are also no allegations of striking or otherwise hurting plaintiff in the process. Nor does the allegation that mixed gender staff were involved render the search unconstitutional. Given that c/o Solario stated that he or she saw Plaintiff put something down the back of her shorts, and the fact that it appears that Plaintiff did indeed place contraband down the back of her shorts, Plaintiff was not constitutionally entitled to be transported to another place, which could risk allowing Plaintiff to move or otherwise rid herself of the contraband. In any event, the decision to search her in the shower rather than a private room does not appear to be motivated by malice.

The part of Plaintiff's complaint that is troubling is the allegation regarding handcuffing. Plaintiff alleges that she had a chrono requiring front hand cuffs, but that defendants ignored this chrono and used hand cuffs on her back without justification. Plaintiff alleges that she immediately told defendant Lopez about her medical chrono. Defendant Lopez ignored this and told Plaintiff to put her hands behind her back. Plaintiff again told Defendants

Lopez and Martinez that she has a chrono only to be cuffed in front because of a spinal cord injury that left Plaintiff paralyzed until she received surgery. Defendant Ingram then came into the room and Plaintiff asked him to please help because she has a medical chrono that states that Plaintiff should only be suffed in front due to severe pain. Defendant Ingram allegedly said "he don't see no chrono" and Plaintiff said it was directly in front of him on her locker door. Despite this, Defendants Ingram, Martinez, Lopez and Solario disregarded the medical chrono by cuffing Plaintiff behind her back and jerking her arms back knowing they were causing severe pain.

The Court finds that the allegations about this aspect of the search state an Eighth Amendment claim for excessive use of force. It may be that Plaintiff's allegations are incorrect, or that Defendants had a legitimate reason for ignoring the medical chrono. However, construing the allegations in favor of Plaintiff, the Court will allow this claim to go forward as to Defendants Ingram, Martinez, Lopez and Solario.

## IV.   ANALYSIS OF PLAINTIFF'S DUE PROCESS CLAIM

Plaintiff also briefly alleges that "Lt. Villegas failure to include c/o Bates supplement report stating actually what happened to me that day July 22, 2013 and her refusal to change it to cover up the criminal acts inflicted upon me that day and have it match with other version . . . knowingly and willfully joined to cover up the truth. . . . c/o Bates was reassigned to another post following this incident."

Based on these allegations, Plaintiff alleges a claim for "deliberating omitting of conflicting report of what really happened. Due Process of Rights."

### A.   **Legal Standards**

Defendants' actions in responding to Plaintiff's prison appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance

procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Additionally, filing false allegations by itself does not violate a prisoner's constitutional rights so long as (1) the prisoner receives procedural due process before there is a deprivation of liberty as a result of false allegations, and (2) the false allegations are not in retaliation for the prisoner exercising constitutional rights. Specifically, the Ninth Circuit held in Hernandez v. Johnston, 833 F.2d 1316 (9th Cir. 1987) that inaccurate information in a prison record did not violate the prisoner's due process rights. Id. at 1318 ("Magistrate Burgess did not discuss Hernandez' separable claim of a due process right to accurate information in his prison record. We address the issue, and hold that Hernandez was not deprived of liberty by the presence of the challenged statements."). The issue of when false allegations give rise to a constitutional claim was thoroughly addressed in a decision of this district, which was affirmed by the Ninth Circuit in an unpublished decision:

> A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *See Sprouse v. Babcock,* 870 F.2d 450, 452 (8th Cir.1989); *Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir.1986). As long as a prisoner receives procedural due process during his disciplinary hearing, a prisoner's allegation of a fabricated prison disciplinary charge fails to state a cognizable claim for relief under § 1983. *See Freeman,* 808 F.2d at 951 (the filing of a false disciplinary charge against a prisoner is not actionable under § 1983 if prison officials provide the prisoner with procedural due process protections); *Hanrahan v. Lane,* 747 F.2d 1137, 1140–41 (7th Cir.1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided.").
>
> Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California relying on the cases cited above have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under

§ 1983. *See, e.g., Conner v. Winslow,* No. EDCV 07–218 AG (AN), 2009 WL 1549737 at *18 (C.D. Cal. June 1, 2009); *Williams v. Foote,* No. CV 08–2838 CJC (JTL), 2009 WL 1520029 at *7 (C.D.Cal. May 28, 2009); *Salisbury v. Miller,* No. C 08–4680 MHP (pr), 2009 WL 743925 at *2 (N.D.Cal. Mar.18, 2009); *Meraz v. Reppond,* No. C 08–4540 MHP (pr), 2009 WL 723841 at *2 (N.D.Cal. Mar.18, 2009); *Rodgers v. Reynaga,* No. CV 1–06–1083 JAT, 2009 WL 62130 at *2 (E.D.Cal. Jan.8, 2009); *Drake v. Berg,* No. C 07–3844 PJH (PR), 2008 WL 4482848 at *1 (N.D.Cal. Oct.1, 2008); *Moore v. Thomas,* No. C 06–2105 SBA (PR), 2008 WL 4447726 at *4 (N.D.Cal. Sept.30, 2008); *Deadmon v. Grannis,* No. 06–cv–1382 LAB (WMC), 2008 WL 595883 at *10 (S.D.Cal. Feb. 29, 2008); *Carrillo v. Pena,* No. CIV S–06–2924 RRB DAD, 2007 WL 2994689 at *2 (E.D.Cal. Oct.12, 2007); *Player v. Salas,* No. 04–cv–1761 LAB (WMc), 2007 WL 2781102 at *7 (S.D.Cal. Sept. 21, 2007), *aff'd* 2009 WL 890967 (9th Cir. Apr.3, 2009); *Brookins v. Terhune,* No. CIV S–03–0916 GEB JFM, 2005 WL 3262940 at *4 (E.D.Cal. Nov.28, 2005), *adopted by* 2006 WL 647975, *aff'd* 2007 WL 2827544 (9th Cir. Sept.27, 2007).

In this case, plaintiff alleges that defendants violated his due process rights by bringing a false rules violation charge against him. However, as noted above, the issuance of a false disciplinary charge is not in itself a due process violation so long as prison officials comply with procedural due process requirements. Here, plaintiff does not allege that the defendants Costa or Mendes failed to provide him with procedural due process protections.

<u>Harper v. Costa</u>, 2009 WL 1684599, at *2–3 (E.D. Cal., June 16, 2009), <u>subsequently aff'd</u> 393 Fed.Appx. 488 (9th Cir. 2010).

### B. Application to Plaintiff's Complaint

Plaintiff's complaint fails to state a constitutional due process violation based on these factual allegation. Plaintiff alleges that there was concealment of information during the investigation of her claim. While troubling, Plaintiff does not allege that she was deprived of a liberty interest based on the false information, or that the false information was included in the report in order to retaliate against Plaintiff for the exercise of her constitutional rights. Should this case proceed, information regarding attempts to conceal information about the strip search incident may be relevant in this case, but it does not state a separate constitutional violation.

Given that this issue was not addressed in the Court's prior order, the Court will give Plaintiff further leave to amend if Plaintiff believes that she can state a claim based on these standards.

\\\

## V.     CONCLUSION AND ORDER

The Court has screened Plaintiff's First Amended Complaint and finds that it states a cognizable claim against defendants Ingram, Martinez, Lopez and Solario for violation of the Eighth Amendment based on hand cuffing Plaintiff in the back, rather than the front. Plaintiff's First Amended Complaint fails to state any other claims against these defendants or claims against any other defendants.

Plaintiff now has three options. Plaintiff can file a further amended complaint, adding factual allegations if she believes that those facts would establish additional claims based on the law cited above. The Court will screen that amended complaint in due course. Plaintiff can inform the Court she is prepared to go forward with her First Amended Complaint, in which case the Court will authorize service on Defendants Ingram, Martinez, Lopez and Solario for the Eighth Amendment claim as described above, and dismiss all other defendants and claims. Or, Plaintiff can inform that Court that she wishes to stand on her current complaint, subject to dismissal of claims and defendants consistent with this order.

Should Plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 676; Jones v. Williams, 297 F.3d 930, 934 9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Id. at 676. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of her rights. Jones, 297 F.3d at 934. Plaintiff is advised that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of Plaintiff's rights. Plaintiff should also describe any harm she suffered as a result of the violation. Plaintiff should note that although she has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues.

If Plaintiff decides to file an amended complaint, he is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220.  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
   a. File a Second Amended Complaint; or
   b. Notify the Court that she is willing to proceed on the First Amended Complaint, as limited by the Court; or
   c. Notify the Court that she wishes to stand on her current complaint, subject to dismissal of claims and defendants consistent with this order.
3. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:15-cv-00780-EPG; and
4. Failure to comply with this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **February 1, 2017**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE