UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARUSO,<br><br>              Plaintiff,<br><br>    v.<br><br>D. K. JOHNSON, et al.,<br><br>              Defendants. | 1:15-cv-00780-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL<br>(ECF NO. 21) |

    Gina Caruso ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On April 10, 2017, Plaintiff filed a request for appointment of pro bono counsel. (ECF No. 21).

    According to Plaintiff, she needs counsel appointed because she has no legal experience, because she cannot afford counsel, because the law library only has a computer, which she does not know how to use, because the case will require extensive discovery, because Plaintiff does not have access to necessary witnesses and documents, and because Plaintiff has attention-deficit/hyperactivity disorder, which limits her ability to focus.

    Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952

(9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. At this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. No defendants have been served. Additionally, while the Court has screened Plaintiff's First Amended Complaint and found a cognizable claim (ECF No. 18), Plaintiff has not yet informed the Court whether she wishes to proceed only on the cognizable claim or if she will be filing a Second Amended Complaint.

Moreover, based on the record in this case, it appears that Plaintiff can adequately articulate her claims and respond to court orders. Plaintiff is advised that she is not precluded from renewing her motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **April 11, 2017**           /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE