UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARUSO, | 1:15-cv-00780-EPG (PC) |
| Plaintiff, | ORDER FINDING COGNIZABLE CLAIMS AGAINST DEFENDANTS INGRAM, MARTINEZ, LOPEZ AND SOLARIO FOR EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMENDMENT AND AN UNREASONABLE SEARCH IN VIOLATION OF THE FOURTH AMENDMENT, AND DISMISSING ALL OTHER CLAIMS AND DEFENDANTS |
| v. | |
| D. K. JOHNSON, et al., | |
| Defendants. | |
| | (ECF NO. 22) |
| | ORDER FINDING SERVICE OF SECOND AMENDED COMPLAINT APPROPRIATE AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS |

Gina Caruso ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 22, 2015. (ECF No. 1).[1] In the Complaint, Plaintiff claimed that she was subjected to "an illegal body search" and "excessive force." (Id. at 3). The Court screened Plaintiff's complaint on June 30, 2016, and dismissed the complaint with leave to amend. (ECF No. 13).

Plaintiff filed a First Amended Complaint on September 12, 2016 (ECF No. 17). The

---

[1] On June 4, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 8), and no other parties have made an appearance. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

Court found that the First Amended Complaint stated a cognizable claim for violation of the Eighth Amendment against defendants Ingram, Martinez, Lopez and Solario based on hand cuffing Plaintiff in the back, which was allegedly a violation of a medical chrono. (ECF No. 18). The Court also found that the First Amended Complaint failed to state any other cognizable claims. (Id.). The Court gave Plaintiff the choice of proceeding on the claim the Court found cognizable, filing an amended complaint, or informing that Court that she wished to stand on her First Amended Complaint, subject to dismissal of claims and defendants consistent with the screening order. (Id.).

On April 10, 2017, Plaintiff filed a Second Amended Complaint (ECF No. 22), which is now before the Court for screening. The Court finds that the Second Amended Complaint states cognizable claims against defendants Ingram, Martinez, Lopez, and Solario for excessive force in violation of the Eighth Amendment and an unreasonable search in violation of the Fourth Amendment. The Court finds no other cognizable claims against these defendants or against any other defendants.

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II.     SUMMARY OF ALLEGATIONS IN THE COMPLAINT

Plaintiff's complaint is very similar to her prior complaint, but she does include additional factual allegations. Additionally, instead of asserting a claim for excessive force, Plaintiff now states an Eighth Amendment claim for "Right to Medical Care."

Plaintiff once again alleges that that she was subject to an unconstitutional search. Plaintiff alleges that her hands were cuffed behind her back, even though she had a medical chrono stating that, due to a spinal cord injury, she should only be handcuffed in front. Plaintiff alleges that on multiple occasions during the search, Defendants handled Plaintiff in ways that caused Plaintiff extreme pain. Plaintiff alleges that she was strip-searched in view of other prisoners and male correctional officers. Plaintiff alleges that she was forced to do squats, even though she had a medical chrono that stated no squatting. Plaintiff alleges that, after the first time she was strip-searched, she was left standing naked from the waist down. She asked several times for someone to pull her underwear and shorts up. Eventually defendant Ingram instructed defendant Lopez to pull her shorts up, but defendant Lopez did not pull them up all the way. Instead, defendant Lopez told Plaintiff to pull them up, which she knew Plaintiff could not do because Plaintiff's hands were handcuffed behind her back.

Plaintiff also alleges that, a few days after the search, Plaintiff "received a copy of [her] original medical chrono rescinding every medical limitation/restriction/instruction [she] had for the past 9 years." Plaintiff alleges that she was not seen by a doctor before her limitations,

restrictions, and instructions were rescinded.

## III. ANALYSIS OF PLAINTIFF'S CLAIMS

### A. <u>Section 1983</u>

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989) (quoting <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3 (1979)); <u>see also</u> <u>Chapman v. Houston Welfare Rights Org.</u>, 441 U.S. 600, 618 (1979); <u>Hall v. City of Los Angeles</u>, 697 F.3d 1059, 1068 (9th Cir. 2012); <u>Crowley v. Nevada</u>, 678 F.3d 730, 734 (9th Cir. 2012); <u>Anderson v. Warner</u>, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006); <u>see also</u> <u>Marsh v. Cnty. of San Diego</u>, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" <u>Preschooler II v. Clark Cnty. Sch. Bd. of Trs.</u>, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." <u>Preschooler II</u>, 479 F.3d at 1183 (quoting <u>Johnson</u>, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."

Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008)d

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 695 (1978).

### A.    Eighth Amendment – Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires a plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).

Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to

establish a deliberate indifference claim.  <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989);

<u>Toguchi</u>, 391 F.3d at 1058.  Additionally, "a complaint that a physician has been negligent in

diagnosing or treating a medical condition does not state a valid claim of medical mistreatment

under the Eighth Amendment.  Medical malpractice does not become a constitutional violation

merely because the victim is a prisoner."  <u>Estelle</u>, 429 U.S. at 106.

Plaintiff has failed to state a claim for deliberate indifference to her serious medical

needs in violation of the Eighth Amendment.  Based on the allegations in the complaint it does

not appear that Plaintiff actually had a medical condition or injury that needed to be treated.

Instead, Plaintiff's allegations, if true, demonstrate that defendants Ingram, Martinez, Lopez

and Solario were hurting her and should have stopped earlier.  Further, while Plaintiff did have

to wait (for an unspecified amount of time) to be seen by "medical," Plaintiff was examined by

"medical" on the day of the incident.[2]  Plaintiff does not describe any specific medical

treatment she required, or how she suffered from a medical issue as a result of not receiving

treatment.  Because it appears that Plaintiff is attempting to assert a claim for excessive force,

the Court will treat this claim as a claim for excessive force.

Furthermore, the Court notes that while it appears that Plaintiff is unhappy about the

treatment she received from "medical," Plaintiff did not list anyone from "medical" as a

defendant in the Second Amended Complaint.

### B.  Eighth Amendment – Excessive Force

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual

Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."

<u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth

Amendment claim is . . . contextual and responsive to contemporary standards of decency."  <u>Id.</u>

(internal quotation marks and citations omitted).  The malicious and sadistic use of force to

---

[2] The Court notes that Plaintiff alleges that she "received a copy of [her] original medical chorno rescinding every medical limitation/restriction/instruction [she] had for the past 9 years" without even being seen by a doctor.  The Court finds that this allegation does not state a claim because there is no allegation that this rescinding actually lead to any denial of medical care.  Additionally, Plaintiff never stated who was responsible for rescinding her medical limitations/restrictions/instructions, and does not appear to have named the responsible party (or parties) as a defendant.

cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

For the reasons laid out in the Court's prior order (ECF No. 18), the Court once again finds that Plaintiff has stated a claim for excessive force in violation of the Eighth Amendment against defendants Ingram, Martinez, Lopez and Solario.

### C. Fourth Amendment – Unreasonable Search

The Fourth Amendment prohibits only unreasonable searches. Bell v. Wolfish, 441 U.S. 520, 558 (1979); Byrd v. Maricopa County Sheriff's Office, 629 F.3d 1135, 1140 (9th Cir. 2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). The reasonableness of the search is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights the search entails. Bell, 441 U.S. at 558-59 (quotations omitted); Byrd, 629 F.3d at 1141; Bull v. City and Cnty. of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010);

Michenfelder, 860 F.2d at 332-34. Factors that must be evaluated are the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. Bell, 441 U.S. at 559 (quotations omitted); Byrd, 629 F.3d at 1141; Bull, 595 F.3d at 972; Nunez, 591 F.3d at 1227; Michenfelder, 860 F.2d at 332.

The Ninth Circuit has long recognized that "[t]he desire to shield one's unclothed figure from [the] view of strangers, and particularly strangers of the opposite sex, is impelled by elementary self-respect and personal dignity." York v. Story, 324 F.2d 450, 455 (9th Cir.1963); see also Michenfelder, 860 F.2d at 333 (same); Grummett v. Rushen, 779 F.2d 491, 496 (9th Cir. 1985) (distinguishing cross-gender searches that "are done briefly and while the inmates are fully clothed, and thus do not involve *intimate contact with the inmates' bodies*") (emphasis added). Byrd, 629 F.3d at 1141. However, in Michenfelder the Court reiterated that "infrequent and casual observation, or observation at [a] distance, and that are reasonably related to prison needs are not so degrading as to warrant court interference." 860 F.2d at 334 (citing Grummett, 779 F.2d at 494–95) (parallel citations omitted).

The Fourth Amendment applies to the invasion of bodily privacy in prisons and jails. Bull v. San Francisco, 595 F.3d 964, 974–75 (9th Cir. 2010) (en banc). As the Ninth Circuit has stated "we cannot assume from the fact that the searches cause immense anguish that they therefore violate protected Fourth Amendment interests. Far from it, our prior case law suggests that prisoners' legitimate expectations of bodily privacy from persons of the opposite sex are extremely limited." Jordan v. Gardner, 986 F.2d 1521, 1524 (9th Cir. 1993); see also Michenfelder, 860 F.2d at 322 (visual body-cavity searches of male inmates conducted within view of female guards held constitutional). However, abusive cross-gender strip searches may violate the Fourth Amendment's reasonableness standard. Somers v. Thurman, 109 F.3d 614, 622 n. 5 (9th Cir. 1997).

Given the additional allegations in the Second Amended Complaint, including the allegation that, after pulling down Plaintiff's shorts in order to search Plaintiff, defendants Ingram, Martinez, Lopez and Solario intentionally left Plaintiff's shorts down after that portion of the search was over, the Court finds that Plaintiff has stated a claim against defendants

8

Ingram, Martinez, Lopez and Solario for violation of the Fourth Amendment. The Court is not making a legal finding that the search violated the Fourth Amendment. Rather, the Court is only finding that, construing all facts in Plaintiff's favor, as the Court must as this stage in the proceedings, Plaintiff has stated a cognizable claim that should proceed past the pleading stage.

The Court notes that Plaintiff also alleges that Defendants violated the "PRIA." Based on the allegations in the Second Amended Complaint, it appears that Plaintiff was referring to the PREA (Prison Rape Elimination Act). However, the PREA did not create a private cause of action. Miller v. Brown, No. 1:12-CV-01589-LJO, 2014 WL 496919, at *8 (E.D. Cal. Feb. 6, 2014), report and recommendation adopted, No. 1:12-CV-01589-LJO, 2014 WL 806957 (E.D. Cal. Feb. 28, 2014); Law v. Whitson, No. 2:08-CV-0291-SPK, 2009 WL 5029564, at *4 (E.D. Cal. Dec. 15, 2009). Therefore, Plaintiff has failed to state a claim for violation of the PREA.

## IV. CONCLUSION AND ORDER

The Court screened the Second Amended Complaint and finds that it states cognizable claims against defendants Ingram, Martinez, Lopez, and Solario for excessive force in violation of the Eighth Amendment and an unreasonable search in violation of the Fourth Amendment. The Court finds no other claims against these defendants or against any other defendants. All other claims and defendants will be dismissed.

The Court will not provide further leave to amend the complaint. This is Plaintiff's Second Amended Complaint. The Court provided significant legal standards and guidance in its prior screening orders. (ECF Nos. 13 & 18). Given the multiple amendments and the legal guidance that was provided, the Court finds that further amendment would be futile.

The Court finds the Second Amended Complaint appropriate for service of process.

Accordingly, it is HEREBY ORDERED that:

1. This case proceed on Plaintiff's claims against defendants Ingram, Martinez, Lopez, and Solario for excessive force in violation of the Eighth Amendment and an unreasonable search in violation of the Fourth Amendment;

2. All other claims and defendants are DISMISSED;

3. The Clerk of Court is directed to reflect on the docket that this case is

proceeding only against defendants Ingram, Martinez, Lopez, and Solario;

4.    Service is appropriate for the following defendants:

    a.  **SERGEANT G. INGRAM;**

    b.  **CORRECTIONAL OFFICER D. MARTINEZ;**

    c.  **CORRECTIONAL OFFICER C. LOPEZ; AND**

    d.  **CORRECTIONAL OFFICER G. SOLARIO;**

5.    The Clerk of Court shall SEND Plaintiff four (4) USM-285 forms, four (4) summonses, a Notice of Submission of Documents form, an instruction sheet, and a copy of the Second Amended Complaint filed on April 10, 2017 (ECF No. 22);

6.    Within **thirty (30) days** from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a.  A completed summons for each defendant listed above;

    b.  A completed USM-285 form for each defendant listed above; and

    c.  Five (5) copies of the endorsed Second Amended Complaint filed on April 10, 2017 (ECF No. 22);

7.    Plaintiff need not attempt service on Defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal Service to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs; and,

8.    <u>Failure to comply with this order may result in the dismissal of this action.</u>

IT IS SO ORDERED.

Dated:   **May 16, 2017**           /s/ _Erica P. Grosjean_

                                            UNITED STATES MAGISTRATE JUDGE