UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARUSO,<br><br>           Plaintiff,<br><br>    v.<br><br>OFFICER G. SOLORIO, et al.,<br><br>           Defendants. | Case No. 1:15-cv-00780-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL<br>(ECF NO. 30) |

      Gina Caruso ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On August 31, 2017, Plaintiff filed a request for appointment of pro bono counsel. (ECF No. 30).

      According to Plaintiff, she needs counsel appointed because she has no legal experience, because she only went to ninth grade in high school, because she is unable to find an attorney on her own, because she is housed in a lock-down unit, because she is no longer at the prison where the incident occurred and so is unable to gain access to material witnesses, because she will be unable to access material documents due to security concerns, because she is in acute pain and unable to sit up without support for more than 15-20 minutes, and because she is having surgery within ninety days.

1

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate [her] claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court cannot make a determination that Plaintiff is likely to succeed on the merits of her claims. Moreover, based on the record in this case, it appears that Plaintiff can adequately articulate her claims and respond to Court orders.

That said, the Federal Rules of Civil Procedure provide Plaintiff with means to obtain information she seeks, even without counsel. The Court has also set a mandatory scheduling conference for November 27, 2017 at 1:30 pm. (ECF No. 29) At that conference, the Court will discuss procedures for discovery including how to obtain documents relevant to this case. After that time, Plaintiff will have an opportunity to seek discovery, including documents at her prior institution. The Court will set a schedule that allows sufficient time for Plaintiff to obtain discovery, based on consultation with the parties.

Plaintiff is advised that she is not precluded from renewing her motion for appointment of pro bono counsel at a later stage of the proceedings.

\\\
\\\

For the foregoing reasons, Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **September 5, 2017**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE