UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARUSO,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER G. SOLORIO, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00780-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS CONSISTENT WITH MAGISTRATE JUDGE'S PRIOR ORDER IN LIGHT OF <u>WILLIAMS</u> DECISION<br><br>(ECF NOS. 22 & 24)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Gina Caruso ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff consented to magistrate judge jurisdiction. (ECF No. 8). Defendants declined to consent to magistrate judge jurisdiction. (ECF No. 36).

The Court previously screened Plaintiff's complaint before Defendants appeared. (ECF No. 24). The Court found that Plaintiff stated a cognizable claim against defendants Ingram, Martinez, Lopez, and Solorio for excessive force in violation of the Eighth Amendment and for an unreasonable search in violation of the Fourth Amendment, and dismissed all other claims and defendants. (<u>Id.</u>).

As described below, in light of Ninth Circuit authority, this Court is recommending that the assigned district judge dismiss claims and defendants consistent with the order by the magistrate judge at the screening stage.

## I. **WILLIAMS v. KING**

On November 9, 2017, the United States Court of Appeals for the Ninth Circuit held that a magistrate judge lacked jurisdiction to dismiss a prisoner's case for failure to state a claim at the screening stage where the Plaintiff had consented to magistrate judge jurisdiction

and defendants had not yet been served. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Specifically, the Ninth Circuit held that "28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear." Id. at 501.

Here, the defendants were not served at the time the Court issued its order dismissing claims and defendants, and therefore had not appeared or consented to magistrate judge jurisdiction. Accordingly, the magistrate judge lacked jurisdiction to dismiss claims and defendants based solely on Plaintiff's consent.

In light of the holding in Williams, this Court will recommend to the assigned district judge that he dismiss the claims and defendants previously dismissed by this Court, for the reasons provided in the Court's screening order.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting

this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

### III. SUMMARY OF ALLEGATIONS IN PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff alleged in her First Amended Complaint that on July 22, 2013, at the Central California Women's Facility in Chowchilla, California, she was subjected to an "illegal body search." Plaintiff names as defendants G. Ingram, correctional sergeant; D. Martinez, correctional officer; C. Lopez, correctional officer; G. Solorio, correctional officer, and M. Villegas, correctional lieutenant. Plaintiff's complaint alleges that Defendants used excessive force during a strip search, which resulted in finding an unauthorized cell phone and plastic bag of drugs on Plaintiff's person, concealed in her private body parts.

Per instructions in the Court's first screening order, Plaintiff's First Amended Complaint sets forth allegations related to the reasons Plaintiff believes the strip search violated her constitutional rights, including that: (1) Defendants applied handcuffs to the back, rather than the front, in violation of a medical chrono Plaintiff had related to a prior spine injury; (2) Defendants performed the strip search in view of other prisoners rather than a private room; and (3) Defendants continued to perform the strip search after Plaintiff agreed to strip herself and turn over any contraband. Plaintiff alleges that she was mistreated during the search, that she suffered severe pain, and that she was embarrassed.

### IV. SUMMARY OF ALLEGATIONS IN THE SECOND AMENDED COMPLAINT

Plaintiff's Second Amended Complaint is very similar to her prior complaint, but she does include additional factual allegations. Additionally, instead of asserting a claim for

excessive force, Plaintiff now states an Eighth Amendment claim for "Right to Medical Care."

Plaintiff once again alleges that that she was subject to an unconstitutional search. Plaintiff alleges that her hands were cuffed behind her back, even though she had a medical chrono stating that, due to a spinal cord injury, she should only be handcuffed in front. Plaintiff alleges that on multiple occasions during the search, Defendants handled Plaintiff in ways that caused Plaintiff extreme pain. Plaintiff alleges that she was strip-searched in view of other prisoners and male correctional officers. Plaintiff alleges that she was forced to do squats, even though she had a medical chrono that stated no squatting. Plaintiff alleges that, after the first time she was strip-searched, she was left standing naked from the waist down. She asked several times for someone to pull her underwear and shorts up. Eventually defendant Ingram instructed defendant Lopez to pull her shorts up, but defendant Lopez did not pull them up all the way. Instead, defendant Lopez told Plaintiff to pull them up, which she knew Plaintiff could not do because Plaintiff's hands were handcuffed behind her back.

Plaintiff also alleges that, a few days after the search, Plaintiff "received a copy of [her] original medical chrono rescinding every medical limitation/restriction/instruction [she] had for the past 9 years." Plaintiff alleges that she was not seen by a doctor before her limitations, restrictions, and instructions were rescinded.

## V. ANALYSIS OF PLAINTIFF'S CLAIMS

### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see

also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 695 (1978).

**A.  Eighth Amendment – Deliberate Indifference to Serious Medical Needs**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires a plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat

a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).

Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

Plaintiff has failed to state a claim for deliberate indifference to her serious medical needs in violation of the Eighth Amendment. Based on the allegations in the complaint it does not appear that Plaintiff actually had a medical condition or injury that needed to be treated. Instead, Plaintiff's allegations, if true, demonstrate that defendants Ingram, Martinez, Lopez and Solorio were hurting her and should have stopped earlier. Further, while Plaintiff did have to wait (for an unspecified amount of time) to be seen by "medical," Plaintiff was examined by

"medical" on the day of the incident.[1]  Plaintiff does not describe any specific medical treatment she required, or how she suffered from a medical issue as a result of not receiving treatment.  Because it appears that Plaintiff is attempting to assert a claim for excessive force, the Court will treat this claim as a claim for excessive force.

Furthermore, the Court notes that while it appears that Plaintiff is unhappy about the treatment she received from "medical," Plaintiff did not list anyone from "medical" as a defendant in the Second Amended Complaint.

### B. Eighth Amendment – Excessive Force

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue…." Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is… contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

---

[1] The Court notes that Plaintiff alleges that she "received a copy of [her] original medical chrono rescinding every medical limitation/restriction/instruction [she] had for the past 9 years" without even being seen by a doctor.  The Court finds that this allegation does not state a claim because there is no allegation that this rescinding actually lead to any denial of medical care.  Additionally, Plaintiff never stated who was responsible for rescinding her medical limitations/restrictions/instructions, and does not appear to have named the responsible party (or parties) as a defendant.

7

sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff alleges that she had a chrono requiring front hand cuffs, but that Defendants ignored this chrono and hand cuffed her hands behind her back without justification. Plaintiff alleges that she immediately told defendant Lopez about her medical chrono. Defendant Lopez ignored this and told Plaintiff to put her hands behind her back. Plaintiff again told defendants Lopez and Martinez that she has a chrono only to be cuffed in front because of a spinal cord injury that left Plaintiff paralyzed until she received surgery. Defendant Ingram came into the room and Plaintiff asked him to please help because she has a medical chrono that states that Plaintiff should only be cuffed in front due to severe pain. Defendant Ingram allegedly said "I don't see no chrono" and Plaintiff said it was directly in front of him on her locker door. Despite this, defendants Ingram, Martinez, Lopez, and Solorio disregarded the medical chrono by cuffing Plaintiff behind her back and jerking her arms, knowing that by doing so they were causing severe pain.

The Court finds that the allegations about this aspect of the search state an Eighth Amendment claim for excessive use of force. It may be that Plaintiff's allegations are incorrect, or that Defendants had a legitimate reason for ignoring the medical chrono. However, construing the allegations in favor of Plaintiff, the Court finds that Plaintiff has stated a cognizable claim against defendants Ingram, Martinez, Lopez and Solorio.

### C. Fourth Amendment – Unreasonable Search

The Fourth Amendment prohibits only unreasonable searches. Bell v. Wolfish, 441 U.S. 520, 558 (1979); Byrd v. Maricopa County Sheriff's Office, 629 F.3d 1135, 1140 (9th Cir. 2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). The reasonableness of the search is determined by the context, which requires a balancing of the need for the particular

search against the invasion of personal rights the search entails. Bell, 441 U.S. at 558-59 (quotations omitted); Byrd, 629 F.3d at 1141; Bull v. City and Cnty. of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); Michenfelder, 860 F.2d at 332-34. Factors that must be evaluated are the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. Bell, 441 U.S. at 559 (quotations omitted); Byrd, 629 F.3d at 1141; Bull, 595 F.3d at 972; Nunez, 591 F.3d at 1227; Michenfelder, 860 F.2d at 332.

The Ninth Circuit has long recognized that "[t]he desire to shield one's unclothed figure from [the] view of strangers, and particularly strangers of the opposite sex, is impelled by elementary self-respect and personal dignity." York v. Story, 324 F.2d 450, 455 (9th Cir.1963); see also Michenfelder, 860 F.2d at 333 (same); Grummett v. Rushen, 779 F.2d 491, 496 (9th Cir. 1985) (distinguishing cross-gender searches that "are done briefly and while the inmates are fully clothed, and thus do not involve *intimate contact with the inmates' bodies*") (emphasis added). Byrd, 629 F.3d at 1141. However, in Michenfelder the Court reiterated that "infrequent and casual observation, or observation at [a] distance, and that are reasonably related to prison needs are not so degrading as to warrant court interference." 860 F.2d at 334 (citing Grummett, 779 F.2d at 494–95) (parallel citations omitted).

The Fourth Amendment applies to the invasion of bodily privacy in prisons and jails. Bull v. San Francisco, 595 F.3d 964, 974–75 (9th Cir. 2010) (en banc). As the Ninth Circuit has stated "we cannot assume from the fact that the searches cause immense anguish that they therefore violate protected Fourth Amendment interests. Far from it, our prior case law suggests that prisoners' legitimate expectations of bodily privacy from persons of the opposite sex are extremely limited." Jordan v. Gardner, 986 F.2d 1521, 1524 (9th Cir. 1993); see also Michenfelder, 860 F.2d at 322 (visual body-cavity searches of male inmates conducted within view of female guards held constitutional). However, abusive cross-gender strip searches may violate the Fourth Amendment's reasonableness standard. Somers v. Thurman, 109 F.3d 614, 622 n. 5 (9th Cir. 1997).

Given the additional allegations in the Second Amended Complaint, including the

allegation that, after pulling down Plaintiff's shorts in order to search Plaintiff, defendants Ingram, Martinez, Lopez and Solorio intentionally left Plaintiff's shorts down after that portion of the search was over, the Court finds that Plaintiff has stated a claim against defendants Ingram, Martinez, Lopez and Solorio for violation of the Fourth Amendment. The Court is not making a legal finding that the search violated the Fourth Amendment. Rather, the Court is only finding that, construing all facts in Plaintiff's favor, as the Court must as this stage in the proceedings, Plaintiff has stated a cognizable claim that should proceed past the pleading stage.

The Court notes that Plaintiff also alleges that Defendants violated the "PRIA." Based on the allegations in the Second Amended Complaint, it appears that Plaintiff was referring to the PREA (Prison Rape Elimination Act). However, the PREA did not create a private cause of action. Miller v. Brown, No. 1:12-CV-01589-LJO, 2014 WL 496919, at *8 (E.D. Cal. Feb. 6, 2014), report and recommendation adopted, No. 1:12-CV-01589-LJO, 2014 WL 806957 (E.D. Cal. Feb. 28, 2014); Law v. Whitson, No. 2:08-CV-0291-SPK, 2009 WL 5029564, at *4 (E.D. Cal. Dec. 15, 2009). Therefore, Plaintiff has failed to state a claim for violation of the PREA.

## VI.    CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, IT IS HEREBY RECOMMENDED that all claims and defendants, except for Plaintiff's claims against defendants Ingram, Martinez, Lopez, and Solorio for excessive force in violation of the Eighth Amendment and for an unreasonable search in violation of the Fourth Amendment, be DISMISSED.

///
///
///
///
///
///
///
///
///

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 6, 2017**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE