UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARUSO,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER G. SOLORIO, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00780-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(ECF NO. 46) |

Gina Caruso ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On December 8, 2017, Plaintiff filed a motion for appointment of pro bono counsel.[1] (ECF No. 46).

According to Plaintiff, she needs counsel appointed because she has never filed a lawsuit before, because she has a very limited education, because she is living in acute pain, because she has limited movement in her neck, because she needs an attorney to conduct the deposition of Correctional Officer Bates,[2] and because she needs an attorney to gain access to certain documents.[3]

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952

---

[1] Plaintiff also formally requests "that Defendants have to pay [her] attorney fees at the end of this case." However, as Plaintiff does not currently have an attorney, and as the Court is denying this motion, the Court will not address this issue at this time.

[2] The Court notes that Plaintiff does not need an attorney to conduct the deposition. Plaintiff should refer to the scheduling order for information on how to request a deposition. (ECF No. 43, p. 3).

[3] Plaintiff does not need an attorney to get documents relevant to this case. Plaintiff should review the scheduling order (ECF No. 43) for the discovery procedures in this case.

1

(9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citation omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is still unable to make a determination that Plaintiff is likely to succeed on the merits of her claims. Moreover, based on the record in this case, it appears that Plaintiff can adequately articulate her claims and respond to Court orders.

Plaintiff is advised that she is not precluded from renewing her motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **December 8, 2017**        /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE