UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARUSO,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER G. SOLORIO, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00780-AWI-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(ECF NO. 48) |

    Gina Caruso ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. On December 18, 2017, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 48).

    This is Plaintiff's second motion for appointment of bro bono counsel in less than two weeks. While Plaintiff was advised that she could renew the motion, she was also advised that it was to be "at a later stage of the proceedings." (ECF No. 47, p. 2).

    Plaintiff did submit medical records along with the current motion (ECF No. 49), which she alleges show that her case has merit. However, the medical records are not enough to change the Court's analysis at this time. The medical records appear to relate to the existence of her back problems, but not to the cause of her back problems. Accordingly, the reasons given for denying appointment of counsel still apply.

    Plaintiff's motion also argues that Plaintiff will not be able to access certain documents for security reasons. However, Defendants may not withhold documents solely on the basis that Plaintiff lacks an attorney. If Plaintiff needs documents that she believes are relevant to this case, she may request such documents as discussed during the initial scheduling conference, through

1

Defendants or through a third party subpoena. If Defendants deny Plaintiff's request, Plaintiff may file a motion to compel. While concerns about security may affect the documents provided to Plaintiff, there are methods to ensure that Plaintiff receives documents and information truly relevant to her case.

The Court notes that it also ordered Defendants to produce many relevant documents through its Discovery Order, ECF No. 44, even without any further request by Plaintiff. If Defendants fail to comply with that order, or withhold documents as privileged, Plaintiff may file a motion to compel with the Court.

Therefore, based on the foregoing and the reasons laid out in the Court's prior order (ECF No. 47), Plaintiff's motion for appointment of pro bono counsel will be denied.[1]

Accordingly, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice. Plaintiff is advised that she is not precluded from renewing the motion for appointment of pro bono counsel at a later stage of the proceedings.

IT IS SO ORDERED.

Dated: **January 3, 2018**    /s/ *Erin P. Groj*
UNITED STATES MAGISTRATE JUDGE

---

[1] The copy of the order denying Plaintiff's previous motion to appoint pro bono counsel that was served on Plaintiff was returned as undeliverable. That order was recently re-served on Plaintiff.