UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARUSO, | Case No. 1:15-cv-00780-AWI-EPG (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM |
| v. | |
| OFFICER G. SOLORIO, et al., | (ECF NO. 50) |
| Defendants. | THIRTY DAY DEADLINE |

Gina Caruso ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is now proceeding on Plaintiff's Second Amended Complaint (ECF No. 22) "on Plaintiff's claims against defendants Ingram, Martinez, Lopez, and Solario for excessive force in violation of the Eighth Amendment and an unreasonable search in violation of the Fourth Amendment." (ECF No. 24, p. 9).

On January 2, 2018, Plaintiff filed a motion for the issuance of a subpoena upon the California Department of Corrections and Rehabilitation ("CDCR"). (ECF No. 50). Plaintiff states that Correctional Officer Bates witnessed the incident described in the complaint, and that she believes that Officer Bates completed an incident report. Plaintiff requests a subpoena be issued upon the CDCR for a copy of the incident report completed by Officer Bates. Plaintiff also requests a time-stamped copy of all the original incident reports that were issued to her after the incident, as well as a time-stamped copy of all amended incident reports (Plaintiff alleges that her original copy was removed from her personal property when she was transferred prisons).

"A command in a subpoena to produce documents, electronically stored information, or

1 tangible things requires the responding person to permit inspection, copying, testing, or
2 sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "If the subpoena commands the
3 production of documents, electronically stored information, or tangible things or the inspection
4 of premises before trial, then before it is served on the person to whom it is directed, a notice
5 and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Here, Plaintiff is seeking copies of written reports regarding the incident alleged in the complaint, which were completed by witnesses to the incident. This information is relevant, and the burden and expense of producing documents that contain this information should be minimal. Thus, the Court shall grant Plaintiff's request and will send her a subpoena *duces tecum* (form AO 88B) to complete and return. The Court notes that when completing the subpoena, Plaintiff should identify with specificity the incident reports that she is seeking.

///
///
///
///
///
///
///
///
///

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the issuance of a subpoena is GRANTED;
2. The Clerk of Court is directed to send Plaintiff a copy of form AO 88B and a copy of form USM-285; and
3. Plaintiff has thirty days from the date of service of this order to complete and return form AO 88B and form USM-285.

IT IS SO ORDERED.

Dated: **January 3, 2018**   /s/ Erin P. Grosjean
UNITED STATES MAGISTRATE JUDGE