UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARUSO,<br><br>            Plaintiff,<br><br>    v.<br><br>OFFICER G. SOLORIO, et al.,<br><br>            Defendants. | Case No. 1:15-cv-00780-AWI-EPG (PC)<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE FOR IMPROPERLY WITHHOLDING DOCUMENTS AS PRIVILEGED WITHOUT A GOOD FAITH BASIS |

**I.    BACKGROUND**

Gina Caruso ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On February 23, 2018, Plaintiff filed a Request for Appointment of Counsel for Indigent Inmate Unable to Get Discovery Privilege. (ECF No. 57). Plaintiff's motion explained that "Plaintiff has requested documents to help prove her case and the defendants are claiming privilege at every staff related request. Using generalizations, non-specific hiding [sic] behind privilege, the Defendants are not acting in good faith." (ECF No. 57, at p. 1).

Plaintiff attached Defendants' Responses to Plaintiff's Request for Production of Documents, Set One. Defendants objected to many requests on the basis that "The documents requested are part of a confidential investigation and as such are subject to the official information privilege," and refused to produce such documents. (ECF No. 57, at pgs. 7-9). Plaintiff attached Defendants' Declaration of D. Villegas in support of Defendants' Privilege

Log. That declaration stated that "CDCR's ISU officers and employees generated or collected, and preserved, in the normal course of business, all of the documents in the Privilege Log as confidential official information, and have maintained their confidentiality." (ECF No. 57, at p. 16). It also represented that "Disclosure of this type of information could undermine staff's ability to function and control violent episodes or prevent the distribution of contraband," and "[t]here is simply no manner in which this information could be disseminated, particularly in a pro se case, that would preserve the institution's interests as inmates do not have the same incentives to obey orders as do officers of the court." (ECF No. 57, at pgs. 16-17). Another declaration in support of Defendants' privilege log, this one from J. Rowan, similarly represented that every single document withheld as privileged had been reviewed, was confidential, and could not be disseminated to Ms. Caruso without serious risk to the institution. (ECF No. 57, at pgs. 22-26). Ms. Caruso attached the privilege logs, which confirmed that Defendants claimed the privileged material was "confidential information that would jeopardize the safety and security of the institution if disclosed," and was privileged under the "official information privilege." (ECF No. 57, at pgs. 19-20; 27-28).

Defendants filed an opposition of Plaintiff's Motion to Compel. Among other things, Defendants argued that "to the extent the request seeks documents contained within the personnel files of the officers, these documents are protected by the official information privilege." (ECF No. 63, at p. 3). Similarly, Defendants argued that "The documents requested are a part of a confidential investigation and as such are subject to the official information privilege." (ECF No. 63, at p. 4). Defendants also represented that "the elements of the confidential investigation contain sensitive information that would jeopardize the security of the institution if released." (ECF No. 63, at p. 4).

After receiving Plaintiff's motion, the court ordered production to the Court for *in camera* review of all documents withheld as privileged under the official information privilege. (ECF No. 61). Defendants have provided the Court with those documents.

\\\

\\\

## II.     OFFICIAL INFORMATION PRIVILEGE

In <u>Kerr v. United States Dist. Ct. for the N. Dist. of Cal.</u>, 511 F.2d 192 (9th Cir. 1975), <u>aff'd</u> 426 U.S. 394 (1976), the 9th Circuit examined the government's claim of the official information privilege as a basis to withhold documents sought under the Freedom of Information Act. The court ultimately let stand a district court order requiring production of personnel files from members and executive personnel of the California Adult Authority, over the government's privilege objection. The Court rested its decision primarily on the government's use of a blanket objection rather than a specific privilege claim as to a particular document or class of documents. In doing so, it made the following comments about the contours of the privilege:

> Petitioners further argue, however, that established principles of California law and federal law create an absolute or qualified privilege for the personnel files . . . .
>
> The claim of privilege under California law is based upon California Evidence Code s 1040, and California Government Code §§ 6250—6260 and 6254(f) (Supp. 1974). However, the civil rights action was instituted in federal court under a federal statute, 42 U.S.C. s 1983, which was enacted particularly to vindicate federal rights against deprivation by state action. . . . In federal question cases the clear weight of authority and logic supports reference to federal law on the issue of the existence and scope of an asserted privilege. . . .
>
> Petitioners also contend that the common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) covers the requested documents.
>
> These cases, however, indicate that this is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure especially where protective measures are taken, as in this case.

<u>Kerr</u>, 511 F.2d at 198 (internal citations and quotation marks omitted). Thus, the <u>Kerr</u> court made clear that: (1) there is no absolute privilege for government records; (2) federal common law governs; (3) the official information privilege is a qualified privilege; and (4) the privilege depends on the competing interests of the litigant and the governmental entity. <u>See also</u> <u>Committee for Nuclear Responsibility, Inc. v. Seaborg</u>, 463 F.2d 788, 792-795 (D.C. Cir.

1971), cited in Kerr ("The government's interest in confidentiality is plain where the documents make reference to military or diplomatic secrets. . . . The government may still have an interest, however, in avoiding disclosure of documents which reflect intra-executive advisory opinions and recommendations whose confidentiality contributes substantially to the effectiveness of government decision-making processes."); Carr v. Monroe Mfg. Co. 431 F.2d 384, 388-89 (5th Cir. 1970) ("Making even more compelling the need for judicial evaluation of the availability of the privilege is the fact that this is a suit against the highest official of the very government agency asserting the privilege. In such cases there is a special danger in the government official having the power to define the scope of his own privilege, free of supervision by the courts.").

The 9th Circuit provided more direction regarding the official information privilege in Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990), in which it affirmed a district judge's denial of discovery of city police department personnel files, explaining "Federal common law recognizes a qualified privilege for official information. *Kerr v. United States Dist. Ct. for N.D. Cal.,* 511 F.2d 192, 198 (9th Cir.1975), *aff'd,* 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery."

### III. DEFENDANTS' WITHHELD DOCUMENTS

The Court has conducted an *in camera* review of the documents Defendants withheld with the representation that every single document had been reviewed and that disclosure of any of those documents would "jeopardize the safety and security of the institution if disclosed." Among the withheld documents are:

- Plaintiff's own 602 grievances regarding this issue with official notations regarding being received by the appeals office (Doc. 1-4, 7-10)
- The appeals decision on the 602 grievances, addressed to Ms. Caruso (Doc. 5-6)

- An administrative segregation placement memo addressing Plaintiff and providing the reasons for her placement in Administrative Segregation. (Doc 11)
- Rights and responsibility statement signed by Plaintiff (Doc. 13)
- CDCR 22 form sent by Plaintiff and the prison's response to Plaintiff (Doc. 14)
- Results of urinalysis testing (Doc. 31)
- Medical report of injury (Doc. 97)
- Holding cell log (Doc. 98)
- Miranda warning explanation of rights, seemingly signed by Ms. Caruso (Doc. 99)
- A separate administrative segregation placement memo addressing Plaintiff (Doc. 100)
- Administrative Segregation chrono (Doc. 101)
- Memorandum regarding staff complaint addressed to Plaintiff (Doc. 103-104)

## IV.    ORDER TO SHOW CAUSE

The Court sees no legitimate basis to withhold the documents listed above. Many of these documents were prepared by or sent to Plaintiff herself. Others are medical reports and laboratory tests, which do not concern any official information investigation or results. There is quite simply no legal basis to withhold these documents or assert under oath that their disclosure to Plaintiff would "jeopardize the safety and security of the institution if disclosed."

The Court is all the more troubled by Defendants' withholding because this is a *pro se* case. Ms. Caruso does not have counsel and does not have the legal training to understand the legal contours of the official information privilege. Defendants improperly represented that all of the withheld documents were supported by a legally valid privilege assertion, not to mention that the privilege was absolute. See Kerr, 511 F.2d at 198 ("[T]his is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure especially where protective measures are taken.").

\\\
\\\
\\\

Accordingly, Defendants are ordered to show cause why sanctions should not issue for improperly claiming privilege without a good faith legal basis. Defendants should be prepared to address this issue at the discovery and status conference on April 4, 2018, at 3:00 p.m.[1]

IT IS SO ORDERED.

Dated: **March 23, 2018**        /s/ *Eric P. Groj*
           UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants have also withheld all notes and every summary of every witness interview regarding the underlying incident. While the Court believes that disclosure of these accounts of what happened will not jeopardize the safety and security of the institution, and that the benefits of disclosure outweigh the potential disadvantages, the Court at least understands Defendants' position as to these documents and believes they were fairly represented in the underlying declarations justifying their withholding. The Court will address the scope of production in a separate order when it rules on the motion to compel.