UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARUSO,<br><br>        Plaintiff,<br><br>   v.<br><br>OFFICER G. SOLORIO, et al.,<br><br>        Defendants. | Case No. 1:15-cv-00780-AWI-EPG (PC)<br><br>ORDER FOLLOWING DISCOVERY AND STATUS CONFERENCE<br><br>(ECF NOS. 58, 60, & 65) |

Gina Caruso ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On April 4, 2018, the Court held a Discovery and Status Conference ("Conference"). Plaintiff telephonically appeared on her own behalf. Counsel Derrek Lee personally appeared on behalf of Defendants.

As stated on the record at the Conference, IT IS ORDERED that:[1]

1. The order to show cause issued on March 26, 2018 (ECF No. 65), is DISCHARGED;

2. Defendants have until April 18, 2018, to file a supplemental brief in response to Plaintiff's motions to compel;

3. The parties are to meet and confer regarding the alleged alterations to the incident reports. Plaintiff shall mail her questions to Mr. Lee. Mr. Lee shall respond to Plaintiff's questions, and do a reasonable search for responsive documents (if

---

[1] The Court will extend the expert disclosure deadline, the rebuttal expert disclosure deadline, and the expert discovery cutoff date in a separate order.

1

necessary). Additionally, Plaintiff has until May 2, 2018, to serve up to five interrogatories on Defendants related to the incident reports that Plaintiff alleges were altered;

4. Plaintiff's request for the re-issuance of a subpoena duces tecum (ECF No. 60) is DENIED without prejudice. As discussed extensively on the record, Defense counsel has already conducted a search of documents within the possession, custody of control of CDCR, so a third party subpoena to CDCR is unnecessary. On or before June 20, 2018, Plaintiff may request the issuance of another subpoena seeking documents related to the allegedly altered incident reports if she believes that it is needed notwithstanding defense counsel's own efforts. If Plaintiff does file such a request, she must attach Mr. Lee's responses to her questions, as well as Defendants' responses to her interrogatories; and

5. Plaintiff's request to depose Correctional Officer Bates (ECF No. 58) is GRANTED. Plaintiff does not need leave of the Court to conduct a deposition. Plaintiff is to meet and confer with Mr. Lee to coordinate the deposition. If necessary, Plaintiff may request that the Court issue a subpoena to compel Correctional Officer Bates to attend the deposition. Plaintiff may wait until after the settlement conference to depose Correctional Officer Bates if she chooses.[2]

IT IS SO ORDERED.

Dated: **April 5, 2018**              /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is responsible for paying the costs associated with the deposition. See Fed. R. Civ. P. 30 & 45.