UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARUSO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>OFFICER G. SOLORIO, et al.,<br><br>　　　　　Defendants. | Case No. 1:15-cv-00780-AWI-EPG (PC)<br><br>ORDER DENYING DEFENDANTS' REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF THE MAGISTRATE JUDGE'S RULING OVERRULING DEFENDANTS' ASSERTION OF OFFICIAL INFORMATION PRIVILEGE<br><br>(ECF No. 77) |

Gina Caruso ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On May 11, 2018, Defendants filed a request for reconsideration by the district court (ECF No. 77) of the magistrate judge's order (ECF No. 75), which overruled Defendants' assertion of the official information privilege as to certain documents. For the reasons described below, Defendants' request for reconsideration is denied.

**I.　BACKGROUND**

In discovery, Defendants withheld numerous documents generated in the course of the prison's investigation into Plaintiff's administrative complaints related to the search for contraband. The magistrate judge was alerted to this issue by Plaintiff's motion for appointment of counsel, which attached Defendants' responses to discovery request and argued

that she was unable to properly litigate this case because Defendants were improperly withholding most relevant documents as privileged. (ECF No. 57). Plaintiff attached Defendants' privilege log, which indicated that the entire investigation related to Plaintiff's grievance at the prison was privileged pursuant to the official information privilege because it constituted "Confidential information that would jeopardize the safety and security of the institution if disclosed." (ECF No. 57 at 19-20). The magistrate judge construed portions of that motion as a motion to compel and ordered *in camera* review of the withheld documents. (ECF No. 61). Defendants complied with the order.[1]

Following additional briefing and the magistrate judge's review of the documents, the magistrate judge overruled Defendants' objection as to certain categories of documents. The magistrate judge set forth the legal standards as follows:

> In *Kerr v. United States Dist. Ct. for the N. Dist. of Cal.*, 511 F.2d 192 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976), the Ninth Circuit Court of Appeals examined the government's claim of the official information privilege as a basis to withhold documents sought under the Freedom of Information Act. It explained that the "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure . . . ." *Id.* at 198 (internal citations omitted).
>
> The Ninth Circuit has since followed *Kerr* in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege. *See, e.g., Seminara v. City of Long Beach*, 68 F.3d 481 (9th Cir. 1995) (affirming a magistrate judge order compelling disclosure and stating "Federal common law recognizes a qualified privilege for official information."); *Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) (quoting *Kerr*, 426 U.S. at 406) ("Also, as required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'"); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991) (internal citations omitted)

---

[1] Defendants included numerous documents in that submission that were clearly not privileged, many of which had been shared with Plaintiff herself. The Court issued an order to show cause regarding these documents. (ECF No. 65). At the next hearing, defense counsel represented that those documents had already been provided to Plaintiff, despite being included in the *in camera* submission. The Court discharged the Order to Show Cause. (ECF No. 67).

("Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery.").

In interpreting the official information privilege in this context, the Court also looks to the U.S. Supreme Court's statements related to the requirement that prisoners exhaust administrative remedies. The Supreme Court has upheld the "proper exhaustion" requirement in part because of the evidentiary value of the documents generated as a result of that process. *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("Finally, proper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

(ECF No. 75, pgs. 3-4).

Applying these legal principles, the magistrate judge evaluated the documents and ordered Defendants to produce the following:

a. Witness statements.

b. Reports by witnesses, including incident reports.

c. Summaries of evidence or witness statements.

d. Evidence, including reports of drug tests, photographs, or any other evidence collected regarding the search at issue.

(*Id.* at 10).

The Court allowed Defendants to redact or withhold the following:

a. Confidential identifying information about prison officers, if any, including their first names, addresses, social security number or similar personal information.

b. Statements of rights given to witnesses, or other purely procedural documents not including any statement about the underlying event; and

c. Conclusions or analysis of any prison authority regarding the complaint, including whether staff acted appropriately and consistent with prison procedure. However, summaries of any witness statements or evidence included in such analysis documents must be provided.

(*Id.*).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(a), when reviewing a magistrate judge's order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A); Local Rule 303. Under the clearly erroneous standard of review, a district court may overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). Under the contrary to law standard, a district court may conduct independent review of purely legal determinations by a magistrate judge. *Id.*

## III. DISCUSSION

Defendants first argue that the magistrate judge erred in considering the Supreme Court case of *Woodford v. Ngo*, 548 U.S. 81 (2006), because it did not address the official information privilege. Defendants argue, "[w]ith reliance on *Woodford*, there would be no balancing of the competing interests, and internal deliberations, critiques, or witness statements would potentially be subject to release regardless of the security implications they may raise." (ECF No. 77, at p. 3). Defendants argue that "The Magistrate Judge's reliance on *Woodford* for analysis of the official information privilege is contrary to law and the ruling should be overruled." (*Id.*).

The Court has reviewed the magistrate judge's order and does not find that it was contrary to the law based on its reference to *Woodford*. The magistrate judge cited applicable Ninth Circuit authority regarding the official information privilege and undertook a balance of potential benefits of disclosure against the potential disadvantages, consistent with that Ninth Circuit authority. The magistrate judge did not rely on *Woodford* to avoid this balancing test or to ignore legitimate security interests. There was nothing legally erroneous about citing *Woodford*'s endorsement of using evidence gathered as part of the inmate grievance process in later litigation. *Woodford*, 548 U.S. at 94-95 ("Finally, proper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation

of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved."). That endorsement is relevant to the balancing test in that it shows the relevance and beneficial use of evidence gathered in a prison's investigation, which should be balanced against the prison's security interests in evaluating the official information privilege. In short, it is appropriate to note that the Supreme Court has referred to the usefulness of witness statements that were generated from an investigation of a grievance. Citing to *Woodford* in this way is not a reason to overrule the magistrate judge's order.

Defendants next argue that the magistrate judge erred in considering the *pro se* status of Plaintiff. The relevant parts of the magistrate judge's decision are as follows:

> Indeed, the documents include statements from Defendants and the Plaintiff in this case. Surely what the parties said at the time of the event about what happened is exceedingly relevant. This is all the more true in a case with a *pro se* incarcerated witness with limited ability to depose individuals. Having the defendants' own statements will greatly assist the parties and the finders of fact in determining what happened that day.

(ECF No. 75, p. 6); and

> The Court is also troubled by the use of the privilege in this instance. Defendants withheld all evidence generated from their investigation by claiming that any disclosure would threaten safety and security. The content of the documents do not bear out Defendants' description. Instead, it appears that Defendants improperly invoked the official information privilege to withhold all pertinent evidence from Plaintiff, contrary to Supreme Court case law endorsing disclosure of such evidence. Moreover, they took these questionable positions in a case with a *pro se* litigant, who lacks the legal training to adequately challenge Defendants' positions.

(ECF No. 75, p. 9).

The Court does not find that these statements render the magistrate judge's order legally erroneous. The Ninth Circuit has stated that the reviewing court should evaluate "the competing interests of the requesting litigant." *Kerr*, 511 F.2d at 198. *See also Sanchez*, 936 F.2d at 1033-34 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991) ("To determine whether the information sought is privileged,

courts must weigh the potential benefits of disclosure against the potential disadvantages."). It was not legally erroneous for the magistrate judge to note the substantial benefits in this case of witness statements made by Plaintiff and Defendants at the time of the incident. It was not legal error to note that such information was of great value where a Plaintiff likely cannot take a deposition.

The magistrate judge's second comment regarding her opinion of Defendants' position also was not legal error. Although this paragraph appears to be the magistrate judge's own opinion of Defendants' positions rather than her legal analysis, after having reviewed the documents submitted for review and Defendants' position, this Court must agree with the magistrate judge's assessment.

Next, Defendants argue that the magistrate judge erred in her balancing of the competing interests in this case. Defendants claim that "the Magistrate Judge's Order disregarded the safety and security concerns of other inmates in the institution citing that it is not snitching merely because they do not accuse Plaintiff of improper conduct," and "[t]he Magistrate Judge's Order similarly disregarded Defendants' concerns where the inmate is shown to be involved in an ongoing criminal enterprise." (ECF No. 77, pgs. 5-6). Defendants also cite the concern of "preserving confidentiality of witnesses." (*Id.* at 6).

The magistrate judge considered Defendants' arguments regarding safety and security in pages six through nine of her order. This Court has reviewed the underlying documents and concurs. As the Magistrate Judge noted the witness statements were gathered after Plaintiff herself identified those witnesses to be interviewed. These are not confidential informants—they are not confidential and they did not "inform," as they do not accuse Plaintiff of anything improper. Moreover, while protection of a confidential informant is indeed a legitimate security interest, these documents provide no more information than Defendants' own brief. The source of the prison's information regarding contraband is not disclosed or discussed. (Documents submitted for *in camera* review at 016-22, 046). Similarly, there is no discussion of how the prison investigated the contraband. The documents concern what happened after officers confronted Plaintiff, not how they learned of the contraband.

Finally, Defendants claim that "Plaintiff has been apprised of the results of the investigation." (ECF No. 77, p. 6). The magistrate judge addressed this issue when she wrote "Defendants do not attach the documents provided to Plaintiff. Certainly if Plaintiff already has these documents, there is no issue with disclosure. But given Defendants' claim of privilege and briefing, it appears that Defendants are withholding the witness statements themselves and other evidence. To the extent Defendants are referring to the conclusions of the prison after the investigation, such an opinion is far from a substitute for actual witness statements and evidence, which could be used to impeach such witnesses at trial." (ECF No. 75, pgs. 8-9). Defendants have not attached any documents to their objection, and the magistrate judge's reasoning here is sound.

**IV. CONCLUSION**

For the foregoing reasons, the May 1, 2018 order is not clearly erroneous or contrary to law, and Defendants' request for reconsideration (ECF No. 77) is DENIED.

IT IS SO ORDERED.

Dated:   May 17, 2018   

_____
SENIOR DISTRICT JUDGE