UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARUSO, | Case No. 1:15-cv-00780-AWI-EPG (PC) |
| Plaintiff, | ORDER RE: PLAINTIFF'S REQUEST FOR COURT ORDER TO ATTEND LAW LIBRARY |
| v. | (ECF NO. 68 & 74) |
| OFFICER G. SOLORIO, et al., | |
| Defendants. | ORDER DIRECTING CLERK TO SEND A COPY OF THIS ORDER TO SENIOR ASSISTANT ATTORNEY GENERAL MONICA ANDERSON, THE WARDEN OF CALIFORNIA INSTITUTION FOR WOMEN, AND THE LITIGATION COORDINATOR AT CALIFORNIA INSTITUTION FOR WOMEN |

## I.    BACKGROUND

Gina Caruso ("Plaintiff") is a state prisoner proceeding *pro se*[1] and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On April 12, 2018, Plaintiff filed a request for a Court order allowing her to attend the law library in general population for up to two hours per week. (ECF No. 68). Plaintiff alleged that it is difficult for her to obtain photo copies and legal paper without access to the general

---

[1] Jenny Huang has been appointed as limited purpose counsel for a settlement conference, which is currently set for September 20, 2019. (ECF Nos. 80 & 100). In the interim, it appears that Jenny Huang intends to represent Plaintiff in this case. (See ECF Nos. 81 & 87).

population law library. Plaintiff alleged that she put in a request to get copies of motions and admissions so that she could send them to defense counsel, but did not receive a response to her request.

As Plaintiff appeared to be alleging that she was unable to meet a court deadline because California Institution for Women was not timely providing legal paper and access to a way to make copies, the Court requested a response from the Warden of California Institution for Women to ensure that Plaintiff could timely comply with Court orders in this case.

On April 30, 2018, the Warden filed a declaration in response. (ECF No. 74). The Warden "look[ed] into Plaintiff's allegations." (Id. at ¶ 3). "In consulting our Senior Librarian regarding the copies issue, [the Warden] was informed that Ms. Caruso has made no such request for copies from the library." (Id.). The Warden's declaration signed by Warden Hill under penalty of perjury. (Id. at p. 2).

On May 15, 2018, Plaintiff filed a reply to the Warden's response. (ECF No. 78). Attached to the response were three CDCR Form 22s, all directed to the law library (or law library clerk). All three Form 22s appear to ask for legal copies, and all three were dated prior to the date of the Warden's response.

Given the discrepancy between the Warden's declaration and Plaintiff's evidence, the Court directed the Warden of California Institution for Women to file a response explaining the discrepancy, if possible. (ECF No. 86). The Court noted that it would consider the Warden's response when considering potential sanctions for submitting seemingly false information to the Court. (Id.). The Court also allowed the parties to submit briefing regarding the Court's authority to sanction non-parties. (Id.).

The Warden filed her response on September 27, 2018. (ECF No. 92). The Warden acknowledges that Plaintiff in fact submitted three CDCR Form 22s requesting legal copies or access to services. (ECF No. 92, ¶ 4). All three were received by the California Institution for Women. (Id. at ¶¶ 4, 5, & 6). Two were not forward to library staff. (Id. at ¶¶ 4 & 6). One was received by library staff, who responded to Ms. Caruso. (Id. at ¶ 5). The Warden explained, "[b]ased on my staff's representations, it was my understanding that Plaintiff had

not made any requests for legal supplies or copies that had gone unaccommodated. For this reason, my initial response indicated that Plaintiff had not made any requests." (Id. at ¶ 7).

## II. SUPPLEMENTAL BRIEFING

### 1. Defendants' Supplemental Brief

Defendants argue that the Court can sanction a non-party, such as the Warden, but that sanctions are only appropriate if the Court makes an explicit finding of bad faith or conduct tantamount to bad faith. (ECF No. 93, pgs. 2-3). Here, the Warden "mistakenly represented to the Court that as of April 27, 2018, Plaintiff had not made any requests to staff regarding the provision of legal copies." (Id. at 2). "[T]he Warden's representations to the Court were not in bad faith, but instead were attributable to clerical error in retrieving documents responsive to an inquiry." (Id. at 3). As the Warden did not act in bad faith, sanctions are not appropriate. (Id.).

### 2. Plaintiff's Supplemental Brief

Plaintiff argues that the Court does not need to make a finding of bad faith in order to sanction the Warden. (ECF No. 95, p. 2). "Rule 11 sanctions may be imposed if the declaration signed by Warden Hill was 'frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith.'" (Id.) (citing Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986).

While Rule 11 only authorizes sanctions against an attorney, law firm, or party, the Court may impute the sanctionable conduct of the Warden to Defendants for the purpose of remedying the false declaration presented to the Court. (ECF No. 95, p. 3). The Warden's conduct can be imputed to Defendants because as a high-ranking employee of the California Department of Corrections and Rehabilitation, the Warden is an interested party in the litigation. (Id.). Additionally, as warden of Plaintiff's institution of confinement, the Warden has a lot of authority over Plaintiff's ability to participate in her lawsuit, regardless of whether she now has an attorney. (Id.).

In addition to Rule 11, "[f]ederal courts have the inherent power to impose sanctions… for 'willful disobedience' of a court order or for conduct that is vexatious, wanton, or for oppressive reasons." (Id. at 4).

Plaintiff argues that there were many actions the Warden could have taken in response to the Court's concern about Plaintiff's lack of access to the Court. (Id.). In addition to speaking to the law librarian, the Warden could have interviewed Plaintiff, or reviewed Plaintiff's inmate file. (Id.). The Warden's declaration does not explain why she limited her investigation in response to the Court's order entered on April 16, 2018, to consulting with the law librarian. (Id.).

"In light of the prior infringements on [Plaintiff's] right of access to the courts," Plaintiff asks for sanctions in the form of contact visits with her attorney and ongoing confidential phone calls with her attorney. (Id. at 5-6).

## III. DISCUSSION

As Plaintiff currently has counsel, it does not appear that Plaintiff needs access to the law library or a way to make copies in order to be able to prosecute this case. Accordingly, those requests are denied without prejudice as moot.

However, this does not resolve the Court's concern regarding Plaintiff's ability to access the Court, or the Warden's April 30, 2018 response to the Court's April 16, 2018 order. In her motion, Plaintiff was in essence asking for the tools necessary to be able to access the courts, and the Court is concerned about Plaintiff's ability to do so. As Plaintiff points out, the Warden has authority over Plaintiff's ability to participate in this lawsuit. And, the Court is troubled about how the Warden responded to the Court's April 16, 2018 order.

The Warden stated, under penalty of perjury, that she "looked into Plaintiff's allegations," and that "[i]n consulting our Senior Librarian regarding the copies issue, I am informed that Ms. Caruso has made no such request for copies from the library." (ECF No. 74, ¶ 3). However, as it turned out, Plaintiff had in fact submitted three requests for copies. Moreover, in her response, the Warden seems to suggest that her statement that "Ms. Caruso had made no request for copies from the library" was supported by the record because the library had responded to one request, and did not receive the other two requests, which were received by other units of the institution. But that explanation is wholly unsatisfying. The Warden's response was factually incorrect; saying there were no requests is not the same as

4

saying no requests received by the library that went without a response.

The Court has considered whether the Warden's incorrect response warrants sanctions at this time. "'Rule 11 sanctions shall be assessed if the paper filed in district court and signed by an attorney or an unrepresented party is frivolous, legally unreasonable or without factual foundation, even though the paper was not filed in subjective bad faith.'" Golden Eagle Distrib. Corp. v. Burroughs Corp., 801 F.2d 1531, 1538 (9th Cir. 1986) (quoting Zaldivar, 780 F.2d at 831). However, court-initiated Rule 11 sanctions should only be applied when the filing at issue is "akin to contempt." United Nat. Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1118 (9th Cir. 2001); Gonzales v. Texaco Inc., 344 F. App'x 304, 309 (9th Cir. 2009)

Additionally, "it is firmly established that [t]he power to punish for contempts is inherent in all courts. This power reaches both conduct before the court and that beyond the court's confines, for [t]he underlying concern that gave rise to the contempt power was not ... merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (alterations in original) (citations and internal quotation marks omitted). "Before awarding sanctions under its inherent powers, however, the court must make an explicit finding that [the] conduct 'constituted or was tantamount to bad faith.'" Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980); Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1196 (9th Cir. 2003). Additionally, "inherent powers must be exercised with restraint and discretion." Chambers, 501 U.S. at 44.

After consideration of the legal standards and circumstances in this case, the Court will not sanction the Warden at this time. As an initial matter, Plaintiff has not filed a formal request for sanctions under Rule 11 or given the Warden an opportunity to respond or withdraw her statement. Notwithstanding the attempt to characterize the first representation as described above, the Warden also stated under penalty of perjury that the incorrect statement was "due to clerical error." (ECF No. 92, ¶ 7). The Court is thus unable to determine that the Warden's conduct constituted or was tantamount to bad faith. In the end, although the inaccuracy is very

troubling, the Court declines to issue sanctions.

Nonetheless, the Court notes that the inaccuracy is troublesome because, in cases such as these, the Court relies on accurate responses from prison officials in making its rulings. If Plaintiff had not responded with evidence that she in fact requested copies, the Court may have denied Plaintiff's motion based on the Warden's representations, which turned out to be inaccurate. The Court needs to be able to trust that when a prison official files a declaration, that official has conducted a reasonable investigation regarding the facts in the declaration and that the facts are accurate.

While the Court is not sanctioning the Warden, given Plaintiff's request for access to the Court, as well as the difficulty Plaintiff had in making copies and the inaccuracy in the Warden's declaration regarding Plaintiff's requests for copies, the Court will grant Plaintiff's request for regular confidential telephone calls between Plaintiff and her counsel. The Court finds that this requirement will ensure adequate communication between Plaintiff and her counsel, and is necessary to ensure Plaintiff's access to her counsel and the Court in light of all circumstances described above.[2]

## IV.  ORDER

Accordingly, IT IS ORDERED THAT:

1. Until this case is closed, the Warden shall arrange for a monthly confidential telephone call between Plaintiff and her counsel at a time that is mutually agreeable; and

\\\

\\\

\\\

\\\

\\\

\\\

---

[2] The Court already granted Plaintiff a contact visit with her counsel. (ECF No. 96). If another contact visit is required, Plaintiff may file a request for another contact visit with her counsel.

2. The Clerk of Court is directed to serve a copy of this order on Supervising Deputy Attorney General Monica Anderson, the Warden of California Institution for Women, and the Litigation Coordinator at California Institution for Women.

IT IS SO ORDERED.

Dated: **October 23, 2018**                    /s/ _Erica P. Grosjean_

                                    UNITED STATES MAGISTRATE JUDGE