UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARUSO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER G. SOLORIO, et al.,<br><br>　　　　　Defendants. | Case No. 1:15-cv-00780-AWI-EPG (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO MODIFY CASE SCHEDULE AND CONDUCT FURTHER DISCOVERY<br><br>(ECF NO. 105) |

　　　　Gina Caruso ("Plaintiff") is a state prisoner proceeding *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. On December 21, 2018, Plaintiff filed a motion to modify case schedule and conduct further discovery. (ECF No. 105). On December 31, 2018, Defendants filed their opposition to the motion. (ECF No. 106). The motion is now before the Court.

　　　　Plaintiff asks for the non-expert discovery deadline to be moved from January 29, 2019, to April 30, 2019. Among other things, Plaintiff wants to take an additional 7-9 depositions, propound an additional 25 interrogatories, and subpoena the California Department of Corrections and Rehabilitation for documents such as prison records, medical records, investigation records, and policies and procedures. Defendants oppose the motion, arguing that Plaintiff has failed to show good cause for modifying the schedule.

1

Under Federal Rule of Civil Procedure 16(b)(4), "A schedule may be modified only for good cause and with the judge's consent." It is well established that "[t]he district court has wide discretion in controlling discovery." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (collecting cases). See also United States v. W.R. Grace, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

Discovery opened in this case on November 30, 2017. (ECF No. 43). In addition to opening discovery generally, the Court ordered the parties to exchange relevant documents, including 602s, documents related to a Rules Violation Report, and medical records. (ECF No. 44). On May 1, 2018, the Court largely granted Plaintiff's motion to compel, and ordered Defendants to produce most documents withheld under the official information privilege, including incident reports and reports by witnesses. (ECF No. 75). On August 13, 2018, the Court granted Plaintiff's motion to modify the case schedule in part, and extended the discovery deadlines. (ECF No. 87).

Plaintiff now moves for more time to conduct discovery. As summarized above, significant discovery has already occurred in this case, and the Court has already extended the discovery deadlines once. Accordingly, the Court will not open discovery without limitation for all new written discovery and depositions as requested by Plaintiff.

Nevertheless, the Court finds good cause to extend the discovery deadlines to allow for certain limited discovery. As Plaintiff pointed out, the Court gave Plaintiff leave to request further discovery if Plaintiff's counsel was willing to cover the costs. Now, it appears that Plaintiff is able to cover the costs. (ECF Nos. 103 & 104). However, Plaintiff's motion will only be granted insofar as she has set forth a specific need for that discovery. All the requests

that included no explanation will be denied because the Court is unable to find good cause.

Plaintiff has explained why she needs to take the depositions of CO Bates, Nurse Franco, and Dr. Onyeje. Accordingly, the Court will modify the schedule to allow Plaintiff to take the depositions of these individuals, in addition to the defendants in this case as previously ordered. However, as the Court is only allowing limited discovery to the extent that Plaintiff has shown good cause, the Court will limit each deposition to three hours.

Additionally, Plaintiff has explained why she needs to conduct an inspection of the areas where the alleged incidents occurred. Thus, as requested, Plaintiff will be given until February 8, 2019, to conduct this inspection.

Plaintiff has also explained why she needs certain policies and procedures. (ECF No. 105-1, p. 3, ¶ 8). Accordingly, the Court will allow Plaintiff to subpoena the relevant policies and procedures. However, Plaintiff should first meet and confer with defense counsel to determine if a third party subpoena is necessary.

As to Plaintiff's request for additional time to depose Defendants, she included very little explanation as to why she needs 6-7 hours to depose Defendants (see ECF No. 105-1, p. 4, ¶ 17). Accordingly, Plaintiff will not be given 6-7 hours to depose each defendant. However, given Plaintiff's explanation, the Court will grant Plaintiff one additional hour for each deposition, for a total of three hours.

As to the remaining requests, Defendants are correct that Plaintiff failed to specify why additional discovery is necessary, and those requests will be denied. For example, while Plaintiff asked for more time to serve additional written discovery on Defendants, she has failed to explain why that discovery is necessary. Additionally, save for the policies and procedures mentioned above, Plaintiff failed to explain why she needs to conduct third-party discovery. Thus, these requests will be denied.

Accordingly, for the reasons stated above, IT IS ORDERED that:

1. Plaintiff's motion to modify case schedule and conduct further discovery is GRANTED IN PART AND DENIED IN PART;

2. Plaintiff has until February 8, 2019, to inspect the relevant areas at California

Women's Facility.
3. Plaintiff has until March 12, 2019, to depose Defendants, as well as CO Bates, Nurse Franco, and Dr. Onyeje. Each deposition shall last no longer than three hours.
4. Plaintiff has until March 12, 2019, to subpoena relevant policies and procedures from the California Department of Corrections and Rehabilitation.
5. The expert disclosure deadline is extended to April 12, 2019.
6. The rebuttal expert disclosure deadline is extended to May 3, 2019.
7. The expert discovery cutoff is extended to May 24, 2019.
8. The dispositive motion filing deadline is extended to June 24, 2019.
9. All other dates and deadlines remain the same.

IT IS SO ORDERED.

Dated: **January 9, 2019**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE