UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARUSO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OFFICER G. SOLORIO, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00780-AWI-EPG (PC)<br><br>ORDER FOLLOWING DISCOVERY DISPUTE HEARING<br><br>(ECF NOS. 111, 112, & 113) |

　　　Gina Caruso ("Plaintiff") is a state prisoner proceeding *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. On February 15, 2019, the Court held a Discovery Dispute Hearing ("Hearing"). Counsel Jenny Huang telephonically appeared on behalf of Plaintiff. Counsel Derrek Lee telephonically appeared on behalf of Defendants.

　　　For the reasons stated on the record at the Hearing, IT IS ORDERED that:

1. To the extent defense counsel believes that information disclosed during the depositions of defendants Martinez and Lopez should be covered and clawed back under the official information privilege, defense counsel has three weeks from the date of this order to submit a request to deem the information privileged retroactively. The request should include the material allegedly subject to the official information privilege. The material and request shall be filed under seal. Plaintiff has one week following the submission to file a response, which shall also be filed under seal.

2. The parties are directed to meet and confer regarding a protective order. The parties

1

shall submit a stipulated protected order in compliance with the rulings made at the Hearing (or a red-lined version including disagreements) no later than February 22, 2019.

3. Plaintiff's counsel is entitled to record depositions herself via audio-video means. This ruling has no bearing on the admissibility of the recording(s) at trial.

4. Plaintiff's motion to compel the original incident report is denied as moot, because the motion has previously been granted (ECF No. 75). However, Plaintiff has leave to serve up to three interrogatories that seek information regarding efforts made to locate the original incident report. Additionally, the parties are to meet and confer regarding whether Mr. Villegas (phonetic) should be deposed. If the parties cannot come to an agreement, Plaintiff may seek leave to depose Mr. Villegas by filing a supplement to the motion to compel.

5. Plaintiff's motion to compel production of documents related to the investigation interviews is granted. To the extent any further documents are discovered, those documents shall be promptly produced to Plaintiff.

6. Within five days of the date of service of this order, Plaintiff may file a supplement to the motion to compel asking for the Court to check redactions on one page of the investigation reports/use of force review addressed under the Court's previous order (ECF No. 75). Plaintiff's counsel shall include the page with the redactions. Within five days of the filing of the motion, Defendants shall provide an unredacted copy of that page to the Court for *in camera* review. The Court will then issue an appropriate order regarding the redactions.

7. Plaintiff's motion for the Court to reconsider its order allowing redaction of the investigation reports/use of force review is denied, without prejudice.

8. Plaintiff is granted permission to depose Dr. Ramos (phonetic) in lieu of Dr. Onyeje.

9. Plaintiff has until March 29, 2019, to conduct the depositions that the Court has already allowed.

10. After the depositions are complete, the parties shall meet and confer regarding

advancing the settlement conference. The parties shall email the Court's courtroom deputy (mrooney@caed.uscourts.gov) by April 12, 2019, to inform the Court whether the parties are interested in advancing the settlement conference.

11. Plaintiff's motion to seal exhibits (see ECF No. 113) is granted. Plaintiff shall file the documents by emailing them to ApprovedSealed@caed.uscourts.gov.

IT IS SO ORDERED.

Dated: **February 19, 2019**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE