**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GINA CARUSO,<br><br>               Plaintiff,<br><br>    v.<br><br>OFFICER G. SOLORIO, et al.,<br><br>              Defendants. | Case No. 1:15-cv-00780-AWI-EPG<br><br>**ORDER REJECTING STIPULATED PROTECTIVE ORDER**<br><br>(ECF No. 119) |

On February 20, 2019, the parties filed a Stipulated Protective Order. (ECF No. 119.) "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "In the federal judicial system trial and pretrial proceedings are ordinarily to be conducted in public." Olympic Ref. Co. v. Carter, 332 F.2d 260, 264 (9th Cir. 1964) ("The purpose of the federal discovery rules, as pointed out in Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451, is to force a full disclosure.") "As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011) (quoting Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir.2002) and citing San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir.1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.")).

Eastern District of California Local Rule 141.1 governs the entry of orders protecting confidential information in this District and provides that "All information provided to the Court

in a specific action is presumptively public… Confidential information exchanged through discovery, contained in documents to be filed in an action, or presented at a hearing or trial otherwise may be protected by seeking a protective order as described herein." Local Rule 141.1(a)(1).  Part (c) contains the requirements for a proposed protective order:

> (c) Requirements of a Proposed Protective Order. All stipulations and motions seeking the entry of a protective order shall be accompanied by a proposed form of order. Every proposed protective order shall contain the following provisions:
>
> > (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
> >
> > (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
> >
> > (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).

    The Stipulated Protective Order (ECF No. 119) submitted by the parties for Court approval is rejected because it fails to comply with Local Rule 141.1(c).  However, the parties are granted leave to re-submit a compliant stipulated protective order for Court approval.

IT IS SO ORDERED.

Dated: __**February 27, 2019**__         /s/ *Erica P. Grosjean*
                                                                              UNITED STATES MAGISTRATE JUDGE