UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARUSO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>OFFICER G. SOLORIO, et al.,<br><br>　　　　　Defendants. | Case No. 1:15-cv-00780-AWI-EPG (PC)<br><br>ORDER REQUIRING FURTHER BRIEFING REGARDING PLAINTIFF'S MOTION FOR CONTACT VISITS<br><br>(ECF NO. 120) |

Gina Caruso ("Plaintiff") is a state prisoner proceeding *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

On February 25, 2019, Plaintiff filed a motion for confidential contact visits between Ms. Caruso and her attorney, including one on March 1, 2019.[1] (ECF No. 120). Plaintiff asks for an order compelling the California Department of Corrections and Rehabilitation (including California Institution for Women) to provide contact visits between Plaintiff and her counsel,

---

[1] Plaintiff's motion cites the following authority: "The Fourteenth Amendment ensures that prisoners have meaningful access to the courts. *Lewis v. Casey,* 518 U.S. 343, 346 (1996); *Ching v. Lewis,* 895 F.2d 608, 609 (9th Cir. 1990). The right of access to the courts includes the right of prisoners to communicate with their attorney in a confidential setting. *Jones v. City and County of San Francisco,* 976 F.Supp. 896, 913 (N.D.Cal. 1997) (noting that the lack of privacy in attorney client communications raises concerns under the Sixth and Fourteenth Amendments). Federal courts have recognized that requiring non-contact visits between an attorney and her client is an unwarranted interference with a prisoner's right to counsel. *Ching v. Lewis, supra,* 895 F.2d at 610; *Keker v. Procunier,* 398 F.Supp.756, 761 (E.D. Cal. 1975.)
　　Pursuant to prison regulations, prisoners have a right to private and confidential visits with their attorney. Cal. Code Regs. Tit. 15, § 3178 (2018). Although prisoners assigned to Administrative Segregation may be limited to non-contact visits only, the prison may allow contact visits for those prisoners on a case-by-case basis. *Id.* at § 3170.1, subd. (f); § 3178, subd. (b)(2)." (ECF No. 120, at p. 2).

1

including a contact visit currently scheduled for March 1, 2019. Plaintiff's counsel claims in her declaration under oath that the institution represented it would not provide such contact visits absent a court order, and thus she has requested such a court order to comply with the institution's requirements. (ECF No. 120-1, at pgs. 1-2 ("On November 14, 2018, I was required to conduct a non-contact legal visit with Ms. Caruso because CIW refused to provide a contact visit in the absence of a court order. . . . On February 20, 2019, I spoke with CIW's Litigation Coordinator P. Kamara by phone and requested permission for a contact visit with Ms. Caruso. Mr. Kamara denied my request for a contact visit absent a court order.")). Plaintiff's counsel also stated that she required a contact visit because the non-contact visit "was conducted through a glass wall, with the use of telephones to communicate between me and Ms. Caruso. The non-contact made it difficult for me to review documents with Ms. Caruso and it interfered with the confidentiality of communications with my client. For example, Ms. Caruso was required to provide documents to CIW staff for inspection before they were provided to me for review." Id. Plaintiff's counsel also represented that defense counsel did not oppose her request for a contact visit. (ECF No. 120-1, at p. 2).

Given the time sensitive nature of the request, and the representation that defense counsel did not oppose the visit, the Court required defense counsel to file an opposition or a statement of non-opposition by 5:00 p.m. on February 27, 2019. (ECF No. 122).

On February 27, 2019, Defendants[2] filed an opposition to the motion. (ECF No. 124). Defendants took the position that this Court had no legal authority to require contact visits, even if they were required to provide confidential attorney-client communications related to this case, unless the CDCR or Plaintiff's institution of confinement becomes a party to this lawsuit. (ECF No. 124 at p.2 ("This Court has no authority to order CDCR or prison officials at

---

[2] Notably, the opposition is filed on behalf of the individual defendants in this lawsuit, and not by the CDCR or Plaintiff's institution of confinement. The Court questions the interests of individual defendants in opposing such a visit between Plaintiff and her counsel, given that they are allowed such visits between themselves and their counsel. If the Court issues such an order to the institution to make Plaintiff available for a contact visit, the CDCR or institution could choose to oppose such an order at that time, or decline to follow such an order at its own risk. But, as defense counsel noted, they are not parties to the action at this time and have not filed an appearance to challenge this motion.

CIW to permit contact visits, as neither CDCR nor CIW are parties to this action. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 89 S. Ct. 1562, 23 L. Ed. 2d 129 (1969) (stating that the court cannot issue an order against individuals who are not parties to a suit pending before it).")). Alternatively, Defendants ask for additional time to present a supplement opposition demonstrating that contact visits would be inappropriate in this instance.

Although Plaintiff requested a visit on March 1, 2019, there does not appear to be an emergency need for a contact visit between Plaintiff and her counsel. Given that defense counsel apparently does not agree to such contact visits and asks for additional time to brief the issues, the Court will grant Defendants additional time to file a supplemental opposition and for Plaintiff to file a reply.

As defendants prepare such an opposition, the Court notes that it is interested in the following issues: (1) what is the interest of individual defendants in opposing a request for Plaintiff to confer with Plaintiff's counsel; (2) do defendants have any reason to refute Plaintiff's counsel's representation that the institution stated it needed a court order to allow such visits; (3) what is the proper procedure for Plaintiff to obtain a contact visit for attorney-client communications in this case if not a court order (including amending the complaint to add the institution of confinement or asking the Court to issue a writ of habeas corpus to transport Plaintiff to the Court for such a consultation).

Finally, the Court notes that its order requiring monthly confidential telephone calls, (ECF No. 102), remains in place.[3]

Accordingly, IT IS ORDERED that:

1. Defendants have two weeks from the date of service of this order to file a supplemental opposition to Plaintiff's motion for contact visits.

\\\
\\\
\\\

---

[3] It is worth noting that the institution did not object to that order.

2. Plaintiff has seven days from the date of filing of the supplement opposition to file a reply.

IT IS SO ORDERED.

Dated: **February 28, 2019**          /s/ Eric P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE