UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARUSO,<br><br>        Plaintiff,<br><br>v.<br><br>OFFICER G. SOLORIO, et al.,<br><br>        Defendants. | Case No. 1:15-cv-00780-AWI-EPG (PC)<br><br>ORDER ON PLAINTIFF'S MOTION TO STRIKE, MOTION FOR CONFIDENTIAL CONTACT VISITS, AND REQUEST RE: ALLEGEDLY INAPPROPRIATE REDACTIONS<br><br>(ECF NOS. 115, 120, & 121) |

        Gina Caruso ("Plaintiff") is a state prisoner proceeding *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

        There are three pending motions before the Court. The first pending motion is Plaintiff's motion to strike, which was filed on February 18, 2019. (ECF No. 115). Defendants filed their opposition to the motion on February 28, 2019. (ECF No. 126). Plaintiff filed her reply on March 6, 2019. (ECF No. 133). The Court held a hearing on the motion on April 1, 2019. (ECF No. 142).

        The second pending motion is Plaintiff's motion for confidential contact visits with her attorney, which was filed on February 25, 2019. (ECF No. 120). On February 27, 2019, Defendants filed an opposition to the motion. (ECF No. 124). On February 28, 2018, the Court issued an order requiring further briefing. (ECF No. 128). On March 5, 2019, Defendants filed their supplemental brief. (ECF No. 132). On March 12, 2019, Plaintiff filed her reply to Defendants' supplemental brief. (ECF No. 134). On March 26, 2019, Plaintiff

1

filed a supplement to her motion.  (ECF No. 137).  According to the supplement, while Plaintiff was transferred to Central California Women's Facility ("CCWF"), Plaintiff is still being denied contact visits and confidential calls with her counsel.  On March 28, 2019, Defendants filed an opposition to Plaintiff's supplement.  (ECF No. 139).

On April 1, 2019, the Court held a hearing on the motion, and directed the parties to file supplemental briefing regarding the jurisdiction of the Court to require attorney/client communication and visits.  (ECF No. 142).  On April 4, 2019, Defendants filed their supplemental brief.  (ECF No. 144).  On April 5, 2019, Plaintiff filed her supplemental brief.  (ECF No. 145).

Finally, Plaintiff filed a request regarding allegedly inappropriate redactions.  (ECF No. 121).  The Court denied the request, but took under submission Plaintiff's alternative argument that privilege has been waived, and required Defendants to submit a statement as to whether Lieutenant Jeffrey Watkins viewed any documents that Defendants withheld from Plaintiff as privileged.  (ECF No. 141, p. 3).  Defendants submitted the statement on April 4, 2019.  (ECF No. 143).

## I. FACTUAL BACKGROUND

On February 8, 2019, the parties filed a joint discovery statement.  (ECF No. 111).  In the joint statement, Defendants represented to the Court that, "[d]uring a contact visit in this case on October 9, 2018, Plaintiff's counsel was caught bringing unapproved contraband into the facility and giving it to another inmate."  (Id. at 4).  To support this contention, Defendants provided the declaration of P. Kamara, the litigation coordinator at California Institution for Women.  (ECF No. 111-2).  According to P. Kamara, an "inmate was discovered with a picture that was given to her by counsel, Jenny Huang.  The picture was given to the inmate without CDCR's approval."  (ECF No. 111-2, p. 2, ¶ 4).  "Because of this incident, CIW has had to take added precaution with Ms. Huang.  Her non-contact legal visits statewide have been considered for revocation.  She was issued a warning on October 9, 2018.  At this time CIW has refrained from formally reporting Ms. Huang to the California Bar."  (Id. at ¶ 5).

It is undisputed that Plaintiff's counsel brought a picture into the prison on that day, and

gave it to her client. There is a dispute regarding whether she received permission to give the picture to her client, and whether the picture constitutes "contraband."

Because of this incident, and/or because of Plaintiff's confinement in administrative segregation, Plaintiff has not been allowed contact visits or confidential calls with her attorney in relation to this case.

## II.     MOTION TO STRIKE

Plaintiff moves to strike the references in the joint discovery statement to "contraband," as well as the declaration of P. Kamara. Plaintiff moves to strike this information because it is "(1) irrelevant to the discovery disputes summarized in the Joint Statement, (2) potentially harmful to the reputation of Plaintiff's counsel, and (3) references allegations brought by CIW that have not resulted in any final administrative finding." (ECF No. 115, p. 3). Plaintiff further argues that not only is the information is irrelevant, "the characterization of Plaintiff's counsel passing contraband to a client inmate is not true…." (Id.).

Defendants oppose the motion, arguing that "Plaintiff's counsel does not meaningfully dispute Defendants' account of her actions on October 9, 2018. Furthermore, the findings were relevant to the imposition of a protective order in this case as it is imperative that counsel maintain the confidentiality of certain evidence." (ECF No. 126, p. 1).

In Plaintiff's reply, Plaintiff states that she disputes the contraband allegation. (ECF No. 133, p. 2). She did not previously address the merits because the contraband allegation "is entirely irrelevant to this case and to any of the discovery disputes before this Court." (Id.). As to the merits, a picture of a prisoner holding her child does not constitute contraband under the applicable regulations. (Id. at 2-3).

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "[m]otions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties." Campbell v. Pricewaterhouse Coopers, LLP, 2007 WL 841694, at *2 (E.D. Cal. Mar. 20, 2007).

"Under the express language of [Rule 12(f)], only pleadings are subject to motions to strike." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). However, this does not mean that courts are powerless to strike documents (or portions of documents) that are not pleadings. Instead, when striking documents (or portions of documents) that are not pleadings, the Court relies on its inherent power to control its docket. Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404-05 (9th Cir. 2010); Franklin v. United States, 2012 WL 5954016, at *1 (E.D. Cal. 2012).

After consideration, the Court will strike the reference in the joint discovery statement to Plaintiff's counsel bringing "contraband" into the facility and giving it to an inmate. However, the Court will not strike the declaration of P. Karama.

The Court first looks to whether it is true that "[d]uring a contact visit in this case on October 9, 2018, Plaintiff's counsel was caught bringing unapproved contraband into the facility and giving it to another inmate." (ECF No. 111, p. 4). In support of this allegation, the declaration of P. Karama cites to Title 15, section 3006, which concerns contraband. (ECF No. 111-2, p. 2, ¶ 3); Cal. Code Regs. tit. 15, § 3006. Section 3006 lists items constituting contraband including "dangerous property," "plans to escape or assist in an escape," "coded messages," and "a description of the making of any weapon, explosive, poison or destructive device." Suffice to say the list of contraband does not include a photograph of an inmate mother with her child.

Notably, neither the discovery statement nor the supporting declaration explain how the photograph could be considered "contraband." At the hearing on the motion, defense counsel argued that the photograph was prohibited under § 3006(c)(15), which covers obscene material. Specifically, Defendants argued that the photograph was contraband under this section because obscene material is defined to include "conduct where one of the participants is a minor, or appears to be under 18 years old."[1] Thus, because the inmate's daughter is a minor, it was contraband under this section.

---

[1] Plaintiff's counsel asserted that the institution had never made this allegation against her, and indeed that the institution did not know why the photograph had been called "contraband."

This does not appear to be a good faith reading of the statute defining contraband. While it is true that the section refers to a minor, it clearly does not refer to such a photograph. The subpart relied upon falls under obscene material, which is defined by that same statute as follows: "Obscene material means material taken as a whole, which to the average person, applying contemporary statewide standards, appeals to the prurient interest; and is material which taken as a whole, depicts sexual conduct; and which, taken as a whole, lacks serious literary, artistic, political, or scientific value." § 3006(c)(15)(A). Additionally, material can be obscene "[w]hen it appears from the nature of the matter or the circumstances of its dissemination, distribution, or exhibition that it appeals to deviant sexual groups." § 3006(c)(15)(B). "Material subject to the tests in paragraphs (A) or (B) includes, but is not limited to pictures or images that depict: (1) Penetration of the vagina or anus, or contact between the mouth and the genitals. (2) Bestiality, sadomasochism, or an excretory function including urination, defecation, or semen. (3) Nudity of a minor, or person who appears to be under 18 years old. (4) Conduct which appears to be non-consensual behavior. (5) Conduct which is or appears to be forceful, threatening, or violent. (6) Conduct where one of the participants is a minor, or appears to be under 18 years old." § 3006(c)(15)(C)(1)-(6).

A photograph of a mother and her child, as described by Plaintiff and not contested by Defendants, does not meet the definition of "contraband" because it is in no way obscene. Although there is a minor in the photograph, there is no indication that the photograph depicts sexual conduct, or that, from the nature of the matter or the circumstances of its dissemination, distribution, or exhibition, that it appeals to deviant sexual groups. The Court does not agree that any picture of a minor, including with her mother, is obscene material under this section and thus contraband.

But more importantly, the contraband allegation in the joint discovery statement was highly misleading. Again, Defendants represented to the Court that Plaintiff's counsel could not be trusted with certain confidential material because she brought "unapproved contraband into the facility and [gave] it to another inmate." (ECF No. 111, p. 4). Without explaining what the contraband was, Defendants further stated that "given the prevalence of contraband at

issue in this case, Defendants and CDCR are wary of disclosing highly confidential investigative information to counsel without some sort of protection." (Id.). As the contraband at issue in this case largely involves drug smuggling, this use of the word "contraband" suggests that Plaintiff's counsel (who appears to routinely litigate § 1983 cases involving prisoners) was involved in smuggling drugs into a prison. Indeed, this Court was personally shocked to read the allegation against Plaintiff's counsel when she reviewed the discovery statement. It clearly gave the impression that Plaintiff's counsel was smuggling drugs or similar prohibited and illegal articles to inmates.

The Court then turns to the appropriate remedy for this issue. As described in the legal standards above, striking material in filings is disfavored. After all, parties often make allegations that are contested, and the Court does not strike every statement that proves to be unfounded.

However, given the highly scandalous allegation, against an attorney who litigates cases involving prisoners, in the context of this case about smuggling drugs into a prison, and given the Court's own reaction to reading this material, the Court has determined that it is appropriate to strike a limited portion of the material here, i.e., the allegation that Plaintiff's counsel brought unapproved contraband into the facility. Thus, the Court will grant Plaintiff's motion to strike the reference in the joint discovery statement to Plaintiff's counsel bringing "contraband" into the facility and giving it to an inmate (ECF No. 111, starting with the sentence that beings on page four, line three, and ending with the sentence that ends on page four, line eight).[2]

The Court declines to strike the declaration of P. Karama. Kamara's declaration does not state that the photograph was obscene. Instead, Kamara states that "Ms. Huang was found in violation of Title 15, section 3006, during her visitation of another inmate at CIW." (ECF No. 111-2, p. 2, ¶ 3). Additionally, unlike the joint discovery statement, the declaration explains that the alleged contraband was "a picture." (Id. at ¶ 4).

---

[2] The Court does not reach the question regarding whether Plaintiff's counsel received appropriate permission to give the photograph to the inmate, or any other issues concerning prison procedures.

As to Plaintiff's request for "a ruling that specifically denies Defendants' request to admonish Plaintiff's counsel regarding her ability to comply with the protective order" (ECF No. 115, p. 4), the Court has already stated on the record that it will not admonish Plaintiff's counsel for this conduct.

### III. MOTION FOR CONFIDENTIAL CONTACT VISITS

On February 25, 2019, Plaintiff filed a motion for confidential contact visits with her attorney. (ECF No. 120). While Plaintiff was transferred to a different institution on March 14, 2019, Plaintiff stated that she is still being denied contact visits with her counsel. (ECF No. 137, p. 3). Plaintiff requests an order requiring CCWF to allow confidential contact visits with her attorney so that she can have confidential communications with her attorney and review documents with her attorney without interference. Plaintiff also asks that the Court order CCWF to allow her to have confidential telephone calls with her attorney. On April 1, 2019, the Court held a hearing on the motion (ECF No. 142), where the parties provided further information and argument.

Defendants do not contest the facts as alleged by Plaintiff. Rather, they argue that the Court does not have jurisdiction to order CCWF to allow contact visits.[3]

An inmate's "right of access to the courts includes contact visitation with his counsel." Ching v. Lewis, 895 F.2d 608, 610 (9th Cir. 1990). However, "[t]his right may be limited if prison officials can show that such limitations are 'reasonably related to legitimate penological interests.'" Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (quoting Casey v. Lewis, 4

---

[3] Throughout the litigation of these motions, defense counsel has aggressively advocated on behalf of CCWF and CDCR, seemingly without regard to the interests of counsel's individual clients. This has included submitting declarations from employees of the CDCR. Yet, defense counsel has also taken the position that this Court lacks jurisdiction over those same institutions because they are not parties in this case. Defense counsel apparently wishes to have it both ways—to fully represent CCWF and CDCR's positions in this case under the guise of the individual defendants, while maintaining that the institutions have no obligation to comply with the Court's orders.

While defense counsel's questionable advocacy did not play a role in the Court's decisions on these motions, defense counsel is warned that it cannot both act on behalf of the CDCR and CCWF in this case and claim that the CDCR and CCWF are not in this case. If defense counsel represents the institutions in this case, the Court has the right to issue orders against those institutions. If defense counsel claims that the institutions are not before the Court, the Court has the right to disregard any filings from those institutions and prohibit them from participating in proceedings.

F.3d 1516, 1520 (9th Cir. 1993)). To make this determination, the Court "must consider (1) whether there is a valid, rational connection between the prison policy and the legitimate government interest put forward to justify it; (2) whether there are alternative means of exercising the right; (3) the impact the accommodation will have on other inmates or guards or the allocation of prison resources; and (4) whether the policy is an 'exaggerated response' to prison concerns." Lopez (citing Turner v. Safley, 482 U.S. 78, 89-90 (1987)).

Based on the evidence presented, Plaintiff is being denied confidential communications with her attorney about this case, contrary to her right to access the courts. Plaintiff's counsel is no longer allowed to have confidential telephone calls with her client. While she is allowed to meet with her client in a non-confidential setting, the conversation can be overheard by guards and other visitors. Additionally, she is not allowed to pass documents directly to her client.

Moreover, not allowing Plaintiff to have confidential communications with her attorney does not serve any legitimate penological interest. On March 5, 2019, Defendants submitted evidence that Plaintiff was housed in administrative segregation due to her ongoing criminal activity. However, she no longer appears to be housed in administrative segregation for this reason. (ECF No. 145-2, pgs. 1-2). Additionally, while Defendants argue (correctly) that the introduction of contraband can jeopardize the safety and security of the institution, it is unclear how preventing Plaintiff from having contact visits and phone calls with her attorney prevents Plaintiff from smuggling contraband into the institution. There have been no allegations, let alone evidence, that Plaintiff's counsel has been assisting Plaintiff in her alleged criminal activities. Thus, Plaintiff's right of access to the courts is being violated.

As to Defendants' argument that the Court lacks jurisdiction to order CCWF to allow contact visits, the Court does not find this argument persuasive. Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the

implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." United States v. New York Tel. Co., 434 U.S. 159, 174 (1977) (footnote and citations omitted).

"Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action." Hammler v. Haas, 2019 U.S. Dist. LEXIS 48377, *3-4. See also Mitchell v. Haviland, 2015 U.S. Dist. LEXIS 109106, *5 ("Use of the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case"); Lopez v. Cook, 2014 U.S. Dist. LEXIS 52198, 2014 WL 1488518 (issuing an order under the All Writs Act requiring prison officials to provide Plaintiff, who was in the Segregated Housing Unit for non-disciplinary reasons, with two contact visits with his counsel).

As in Lopez, it appears that Plaintiff is in the Administrative Segregation Unit for non-disciplinary reasons. (ECF No. 145-2, pgs. 1-2). Given this, and that Plaintiff's right to access the courts is being violated, the Court will grant the motion in part. While Plaintiff's counsel asks for at least one contact visit and two confidential phone calls per month with her client, the Court will grant up to one confidential contact visit per quarter[4] and one confidential telephone call per month.[5] Given the posture of the case, a monthly call and a quarterly visit during the pendency of this case should provide Plaintiff with ample access to the Court (if the situation changes, Plaintiff's counsel may request additional calls and visits).

**IV. REQUEST REGARDING ALLEGEDLY INAPPROPRIATE REDACTIONS**

The Court denied the request regarding allegedly inappropriate redactions, but took under submission Plaintiff's alternative argument that privilege has been waived, and required Defendants to submit a statement as to whether Lieutenant Jeffrey Watkins viewed any

---

[4] For purposes of this order, a quarter is defined as a three-month period, with the first quarter beginning January 1, 2019.
[5] The Court will issue an order to the institution separately.

9

documents that Defendants withheld from Plaintiff as privileged. (ECF No. 141, p. 3). As "Defendants have confirmed that Lt. Watkins has not reviewed any documents in this matter that have been withheld from Plaintiff's counsel or otherwise redacted pursuant to the official information privilege" (ECF No. 143), the remainder of this request will be denied.

**V. ORDER**

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's motion to strike (ECF No. 115) is granted in part. The references to contraband in the joint discovery statement (ECF No. 111, starting with the sentence that beings on page four, line three, and ending with the sentence that ends on page four, line eight) are stricken from the record.

2. Plaintiff's motion for contact visits (ECF No. 120) is granted in part. The Court will issue a separate order requiring officials at Plaintiff's institution of confinement to provide Plaintiff and her attorney with one confidential contact visit per quarter and one confidential telephone call per month during the pendency of this case.

3. Plaintiff's request regarding allegedly inappropriate redactions is denied in its entirety.

IT IS SO ORDERED.

Dated: **April 24, 2019**         /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE