UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARUSO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OFFICER G. SOLORIO, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00780-AWI-EPG (PC)<br><br>ORDER DENYING MOTION TO SUPPLEMENT TO INCLUDE RETALIATION AND DUE PROCESS CLAIMS<br><br>(ECF No. 175) |

　　　　Gina Caruso ("Plaintiff") is a state prisoner proceeding *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　On September 26, 2019, Plaintiff filed a Motion to Supplement to Include Retaliation and Due Process Claims. (ECF No. 175). Plaintiff seeks to add claims related to her allegedly illegal transfer in March 2019 from the California Institution for Women ("CIW") to the Central California Women's Facility ("CCWF") for: "(1) retaliation for enforcing her constitutional right of access to the courts, in violation of the First Amendment; and (2) [a] due process violation under the Fourteenth Amendment for transferring Ms. Caruso in violation of Title 15 regulations and pursuant to an underground regulation." (Id. at 2).

　　　　Plaintiff's proposed supplemental claims would be brought against defendants not currently in this lawsuit, namely Molly Hill, the Warden of CIW, and Ralph Diaz, the Secretary

of the California Department of Corrections and Rehabilitation ("CDCR"). The current defendants have filed an opposition to the Motion. (ECF No. 181). The Court held a hearing on the motion on November 1, 2019. (ECF No. 191). Plaintiff's counsel Jenny Huang and Defendants' Counsel Derrek Lee were telephonically present.

For the reasons set forth below, the Court denies Plaintiff's motion.

**I.      Background**

Plaintiff filed her first complaint in this action on May 22, 2015. (ECF No. 1). After several amendments and screening orders, this Court found cognizable claims against Defendants Ingram, Martinez, Lopez and Solario for excessive force in violation of the Eighth Amendment and an unreasonable search in violation of the Fourth Amendment. (ECF Nos. 45 & 53). These claims stem from a July 22, 2013 search of Plaintiff and her cell while Plaintiff was incarcerated at CCWF.

After multiple extensions of the schedule, trial is set before District Judge Anthony W. Ishii on June 16, 2020. (ECF No. 141).

Plaintiff now moves to file a supplemental complaint for retaliation and violation of due process. (ECF No. 175). That supplemental complaint alleges in part:

> After MS. CARUSO filed this action, she was transferred to the California Institution for Women ("CIW") where she was housed from on or around October 15, 2015 until March 14, 2019. During the course of litigation in this case, CIW repeatedly denied MS. CARUSO access to the courts and to her attorney. In response, MS. CARUSO encouraged this Court to impose sanctions against CIW for violating her First Amendment right of access to the courts. On March 14, 2019, in retaliation for enforcing her constitutional rights, CIW transferred MS. CARUSO to CCWF in violation of prison regulations and pursuant to an underground regulation. Since March 14, 2019, MS. CARUSO has been confined at CCWF in Administrative Segregation ("Ad Seg") to protect her from her documents and validated enemy concerns at CCWF. For the past six months, due to her Ad Seg status at CCWF, MS. CARUSO has been unable to have personal visits or phone communication with her family, who reside in Southern California.

(ECF No. 175, at p. 5).

///

///

**II.     Legal Standards**

Federal Rule of Civil Procedure 15(d) provides for supplemental pleadings as follows:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

The Ninth Circuit has provided the following guidance in ruling on motions to supplement the complaint:

> Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings. Fed.R.Civ.P. 15, advisory committee's note. The rule is a tool of judicial economy and convenience. Its use is therefore favored. As Judge Haynsworth observed more than two decades ago:
>
>> Rule 15(d) of the Federal Rules of Civil Procedure provides for ... supplemental pleading. It is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted. So useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears, though the court has the unquestioned right to impose terms upon their allowance when fairness appears to require them.
>
> *New Amsterdam Casualty Co. v. Waller,* 323 F.2d 20, 28–29 (4th Cir.1963), *cert. denied,* 376 U.S. 963, 84 S.Ct. 1124, 11 L.Ed.2d 981 (1964).
> . . .
> While some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction. Professor Moore has explained the principle succinctly:
>
>> While the matters stated in a supplemental complaint should have some relation to the claim set forth in the original pleading, the fact that the supplemental pleading technically states a new cause of action should not be a bar to its allowance, but only a factor to be considered by the court in the exercise of its discretion, along with such factors as possible prejudice or laches.
>
> 3 J. Moore, *Moore's Federal Practice* ¶ 15.16[3] (1985).

> . . .
> Lower courts have similarly stressed the trial court's discretion in deciding whether to allow a supplemental pleading, and liberally construe Rule 15(d) absent a showing of prejudice to the defendant.

Keith v. Volpe, 858 F.2d 467, 473-75 (9th Cir. 1988). See also William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc. 668 F.2d 1014, 1057 (9th Cir. 1981) ("The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed.").

In the context of leave to amend a complaint, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). See also Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2008). "However, liberality in granting leave to amend is subject to several limitations. Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (internal quotation marks and citations omitted). See also Waldrip, 548 F.3d at 732. "[T]he consideration of prejudice to the opposing party [] carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

### III. Analysis

Under these legal standards, the Court finds it has jurisdiction to allow the supplemental pleading. The matters in the supplemental pleading happened after the date of the pleading to be supplemented. They certainly bear "some relation to the claim set forth in the original pleading," because the proposed supplemental pleading alleges retaliation against Plaintiff for litigating this very case. Specifically, Plaintiff's supplement alleges that she was transferred in retaliation for challenging the warden's interference with her access to the court in this case. Certainly, a supplemental complaint alleging retaliation for prosecuting a case is sufficiently related to the initial claim to fall under Rule 15(d).

However, allowing a supplemental pleading at this stage in the case would result in

4

prejudice to the current defendants, and would not serve the efficient administrative of justice.

This case has been pending since 2015 and involves events taking place in 2013. It is set for trial in June 2020. Allowing a supplemental pleading would substantially delay the case. The new defendants would have to be served with the supplemental pleading. They would have a right to move to dismiss claims against them, take discovery, file motions for summary judgment, and generally present their defense. Plaintiff's representation that the trial could remain as set is wholly unrealistic.

Although not dispositive, it is also relevant that the claims are being asserted against new parties. Plaintiff does not allege that the individual defendants in the current lawsuit were involved in the allegedly retaliatory transfer. Nor does Plaintiff allege that the proposed new defendants were involved in the allegedly unconstitutional search. Without such a connection, it is not clear that these claims should or even can be tried before the same jury. Indeed, Plaintiff's counsel admitted at the hearing on this motion that, without such a connection, the claims would likely need to be bifurcated for trial.

The fact that gives the Court the most pause is the involvement of defense counsel in both sets of claims. Counsel for the individual defendants in this case, Derrek Lee, submitted all pleadings related to the warden in this case. See, e.g, ECF No. 55, Declaration of Warden M. Hill in Response to Court's Order. Moreover, defense counsel submitted such documents as counsel for "Defendants Solorio, Ingram, Martinez, and Lopez." (Id. at p. 1). Taken at face value, this would indicate that defense counsel was working with the proposed defendant warden regarding the issues related to the supplemental pleading on behalf of the individual defendants. This relationship between the defense of the individual defendants and the alleged retaliation supports allowing the supplemental pleading. Put another way, if the individual defendants were indeed working with the warden through their lawyer to prevent Plaintiff's access to the courts in this case, the two sets of claims become sufficiently intertwined that they may be tried together, regardless of any delay.

However, at oral argument, defense counsel denied that he was acting on behalf of the individual defendants when he filed pleadings on behalf of the warden. Despite signing those

pleadings as "Attorneys for Defendants Solorio, Ingram, Martinez, and Lopez," Mr. Lee insisted he was in fact acting on behalf of his "Institutional Client," presumably the CDCR, rather than the individual defendants in this case. While Mr. Lee's concession that he has been representing an "institutional client" rather than the individual defendants in this case raises questions regarding the scope of his representation, it supports defendants' argument that they were not involved in the allegedly retaliatory conduct and would be unfairly prejudiced by adding new claims and defendants now.

Moreover, allowing Plaintiff to supplement her complaint would not serve the efficient administrative of justice. As discussed above, allowing the supplement would delay the resolution of this case. Additionally, Plaintiff's counsel indicated at oral argument that her main desire was to most quickly address Plaintiff's continued retention in Administrative Segregation without due process. As discussed during the hearing on this motion, it seems this goal could be accomplished just as efficiently through a separate action, potentially including a motion for emergency relief, which could be deemed related to this case under Local Rule 123. Indeed, such a case may be able to proceed more efficiently in a separate action, without delays due to litigation of the current matter.

**IV.    Order**

For the foregoing reasons, Plaintiff's Motion to Supplement to Include Retaliation and Due Process Claims (ECF No. 175) is DENIED.

IT IS SO ORDERED.

Dated:   **November 13, 2019**              /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE