UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| GINA CARUSO, | CASE NO. 1:15-CV-780 AWI EPG |
|---|---|
| Plaintiff | |
| v. | ORDER PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANTS' MOTION TO STRIKE |
| OFFICER G. SOLORIO, OFFICER C. LOPEZ, SGT. G. INGRAM, and OFFICER D. MARTINEZ, | |
| Defendants | (Doc. Nos. 193, 198) |

This case arises out of an encounter between incarcerated Plaintiff Gina Caruso ("Caruso") and Defendant prison guards G. Solorio ("Solorio"), C. Lopez ("Lopez"), D. Martinez ("Martinez"), and Sgt. G. Ingram ("Ingram") (collectively "Defendants"). Currently pending before the Court is Caruso's motion for partial summary judgment on an affirmative defense and Defendants' motion to strike Plaintiff's motion for summary judgment.[1] For the reasons that follow, Caruso's motion will be granted, and Defendants' motion will be denied.

*Rule 56 Framework*

Summary judgment is proper when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1080 (9th Cir. 2004). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying the portions

---
[1] Also pending is Defendants' motion for summary judgment. That motion will be resolved in a separate order.

of the declarations (if any), pleadings, and discovery that demonstrate an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). Where the non-moving party will have the burden of proof on an issue at trial, the movant may prevail by presenting evidence that negates an essential element of the non-moving party's claim or by merely pointing out that there is an absence of evidence to support an essential element of the non-moving party's claim. See James River Ins. Co. v. Herbert Schenk, P.C., 523 F.3d 915, 923 (9th Cir. 2008); Soremekun, 509 F.3d at 984. If the moving party meets its initial burden, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 11002-3 (9th Cir. 2000). If the nonmoving party fails to produce evidence sufficient to create a genuine issue of material fact, the moving party is entitled to summary judgment. Nissan Fire, 210 F.3d at 1103. The same standards apply to both motions for summary judgment and motions for partial summary judgment. See Flores v. City of San Gabriel, 824 F.3d 890, 897 (9th Cir. 2016); Valentich v. United States, 194 F.Supp.3d 1033, 1035 (E.D. Cal. 2016).

*Factual Background[2]*

At all times relevant to the issues raised in this case, Caruso was imprisoned at the Central California Women's Facility ("CCWF"). See Doc. No. 187-3 at 1:22-25. On August 9, 2013, Caruso submitted an inmate 602 appeal to the CCWF, challenging staff misconduct and misuse of force against her on July 22, 2013. PUMF 1. Caruso's appeal was accepted at the first level of review on August 21, 2013. PUMF 2. The appeal was bypassed at the first level of review. PUMF 3.

On August 22, 2013, Caruso's appeal was accepted at the second level of review. PUMF 4. The appeal was referred to the hiring authority to determine whether the evidence warranted an investigation or an inquiry. PUMF 5.

On September 5, 3013, Caruso submitted an appeal of the second level response. See PUMF 6.

---

[2] "PUMF" refers to Plaintiff's Undisputed Material Facts.

1         On September 7, 2013, Caruso submitted an appeal of the second level response to her 602
2 appeal. PUMF 7.

3         On October 21, 2013, the Office of Appeals in Sacramento directed the Appeals
4 Coordinator at CCWF to amend the second level response to Caruso's 602 appeal. PUMF 8.

5         On February 19, 2014, CCWF issued another second level response, again partially
6 granting Caruso's 602 appeal. PUMF 9. The new second level response stated that an allegation
7 inquiry had been conducted and it was determined that CCWF staff did not violate policy. See
8 PUMF 10.

9         On March 21, 2014, Caruso submitted another appeal of the new second level response to
10 her 602 appeal for third level review. See PUMF's 11, 12; Caruso Dec. ¶¶ 8, 9.

11         On June 18, 2014, Caruso's appeal was denied at the third level of review. PUMF 13. The
12 third level response confirmed that Caruso had administratively exhausted the available
13 administrative remedies. See PUMF 14.

14     *Plaintiff's Argument*

15         Caruso argues that she has exhausted her administrative remedies with respect to the
16 misconduct that forms the basis of this lawsuit. Defendants have had ample opportunity to
17 conduct discovery and litigate the issue of administrative exhaustion. However, the undisputed
18 facts show that Caruso timely and fully complied with the existing administrative process both
19 when the second level decision referred the matter for investigation and when Caruso obtained a
20 decision at the third level of review. Therefore, partial summary judgment on Defendants'
21 affirmative defense should be granted.

22     *Defendants' Argument*

23         Defendants argue that under *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc), a
24 defendant has the burden to prove that an inmate exhausted her administrative remedies. Caruso
25 moves for summary judgment even though Defendants have not attempted to meet their
26 burden/initial threshold showing under *Albino*. Caruso's motion has the effect of obtaining relief
27 that proof of exhaustion would afford. This is improper, and Caruso's motion should be stricken
28 under Rule 12(f).

3

*Discussion*

1. Defendants' Rule 12(f) Motion

Under Rule 12(f), the Court may strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial. Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir 2010). Here, Defendants' motion to strike is not well taken.

The failure of a prisoner to exhaust administrative remedies as required by the Prison Litigation Reform Act (42 U.S.C. § 1997e, the "PLRA") is an affirmative defense. Jones v. Bock, 549 U.S. 199, 216 (2007); Jackson v. Fong, 870 F.3d 928, 933 (9th Cir. 2017). By the express language of Rule 56, a "*party* may move for summary judgment, identifying each claim or *defense* [or part thereof] on which summary judgment is sought." Fed. R. Civ. P. 56(a) (emphasis added). There is no limitation in Rule 56(a) that prevents a plaintiff from moving for summary judgment on an affirmative defense. For over sixty years, the Ninth Circuit has recognized that "summary judgment may be used effectively in the area of affirmative defenses . . . ." Dam v. General Electric Co., 265 F.2d 612, 614 (9th Cir. 1958). Thus, it is not uncommon for plaintiffs to move for summary judgment on affirmative defenses and have their motions granted. E.g. United States v. Kernen Constr., 349 F.Supp.3d 988, 1000 (E.D. Cal. 2018); Seufert v. Merck Sharp & Dohme Corp., 187 F.Supp.3d 1163, 1168 (S.D. Cal. 2016); EEOC v. Fred Meyer Stores, Inc., 954 F.Supp.2d 1104, 1112-14 (D. Or. 2013); D.E. Shaw Laminar Portfolios, LLC v. Archon Corp., 570 F.Supp.2d 1262, 1271 (D. Nev. 2008). Caruso motion for partial summary judgment on Defendants' affirmative defense is consistent with Rule 56(a) and these cases.

Therefore, because Caruso's motion is not "redundant, immaterial, impertinent, or scandalous," but is instead proper under Rule 56(a) and well-established case authority, Defendants' Rule 12(f) will be denied.

2. Caruso's Motion

"Administrative exhaustion [the California prison system] requires the completion of the third level of administrative review." Jackson, 870 F.3d at 933 (citing Harvey v. Jordan, 605 F.3d

4

681, 683 (9th Cir. 2010)). "[A] prisoner exhausts [available administrative remedies] under the PLRA despite failing to comply with a procedural rule if prison officials ignore the procedural problem and render a decision on the metis of the grievance at each available step of the administrative process." Reyes v. Smith, 810 F.3d 654, 658 (9th Cir. 2016). Here, partial summary judgment is appropriate for two reasons.

First, the undisputed facts show that Caruso pursued her grievance/appeal concerning the events of July 22, 2013, through the third level of administrative review. The third level of review denied Caruso further relief and the decision expressly stated that "[t]his decision exhausts the administrative remedy available to the appellant within CDCR." Doc. No. 194-4. No procedural problem or other defect with either Caruso's 602 grievance or any of her appeals have been identified by Defendants. Therefore, Caruso has presented sufficient undisputed facts to demonstrate that she has exhausted her administrative remedies. See Jackson, 890 F.3d at 933; Reyes, 810 F.3d at 658. Caruso has successfully shifted the summary judgment burden to Defendants. See Nissan Fire, 210 F.3d at 1102-03. Because Defendants have not addressed the substantive issue of exhaustion or presented any contrary facts, Defendants have not met their burden. See id.

Second, as an affirmative defense, exhaustion of administrative remedies may be waived if not adequately raised by the defendant. See Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007); Handberry v. Thompson, 446 F.3d 335, 342 (2d Cir. 2006); Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005) (discussing Wyatt v. Terhune, 315 F.3d 1108, 1117-18 n.9 (9th Cir. 2003)[3]); see also Albino, 747 F.3d at 1170 (noting that a "defect in subject matter jurisdiction, unlike a failure to exhaust, is a nonwaivable defect."). On November 30, 2017, the Magistrate Judge issued a scheduling order in this case. See Doc. No. 43. In relevant part, the scheduling order read:

> The deadline for filing dispositive motions is September 21, 2018. Any challenge for failure to exhaust administrative remedies may be raised only by filing a motion for summary judgment under Federal Rule of Civil Procedure 56. Failure to raise the exhaustion issue by this deadline will result in waiver of the defense. See Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014) (providing that the exhaustion question should be decided as early as feasible).

---

[3] Overruled on other grounds by Albino, 747 F.3d at 1166.

Id. at 5:18-22. By order, the dispositive motions deadlines was extended to November 15, 2019. See Doc. No. 141. On October 30, 2019, Defendants filed a motion for summary judgment. See Doc. No. 187. The issue of administrative exhaustion was not included in Defendants' summary judgment motion. See id. No relief from or objections to the scheduling orders have been made. Thus, pursuant to the scheduling orders of November 2017 and October 2019, Defendants have waived any challenge to Caruso's efforts to exhaust administrative remedies and are now precluded from raising the issue.

In sum, because Defendants have failed to meet their summary judgment burden (as explained in *Nissan Fire*) and have also waived their exhaustion affirmative defense through application of the scheduling orders, partial summary judgment in favor of Caruso is appropriate.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to strike (Doc. No. 198) is DENIED; and
2. Plaintiff' motion for partial summary judgment (Doc. No. 193) is GRANTED with respect to Defendants' affirmative defense of failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated:   March 25, 2020                   _____
                                           SENIOR DISTRICT JUDGE