# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARUSO,<br><br>    Plaintiff<br><br>v.<br><br>OFFICER G. SOLORIO, et al.,<br><br>    Defendants | CASE NO. 1:15-CV-0780 AWI EPG<br><br>ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 328) |

Currently pending before the Court is *inter alia* a motion for reconsideration by Plaintiff Gina Caruso. Specifically, Caruso seeks reconsideration of the Court's order on summary judgment in which summary judgment was granted on an asserted Eighth Amendment sexual assault claim. Caruso's motion for reconsideration is based on Rule 60(b)(1) and Rule 60(b)(2). Defendants have filed an opposition. For the reasons that follow, the motion for reconsideration will be denied.

*Plaintiff's Arguments*

Caruso argues that reconsideration is warranted for two reasons: excusable neglect and newly discovered evidence.

With respect to newly discovered evidence, Caruso's treating psychologist Dr. Celosse was only recently deposed and treatment records were only recently received. Dr. Celosse testified that Caruso was subjected to a forced cavity search by Defendants, the search was incredibly traumatic, and that the search fit the definition of rape because a body cavity was entered in a

traumatic manner. Dr. Celosse testified that the cavity search was not consensual and, knowing Caruso's previous sexual traumas, the search was "most assuredly rape." This evidence was not available to Caruso's counsel prior to the March 2020 opposition to summary judgment. The evidence is sufficient to show that Defendant Solorio touched Caruso in a sexual manner and for the purpose of humiliating, degrading, or demeaning Caruso, and that Solorio acted without penological justification. Because Dr. Celosse's testimony shows that Caruso was touched in a sexual manner and without penological justification, the Court's summary judgment analysis is undermined.

With respect to excusable neglect, the Court was not presented with deposition testimony from Caruso that Solorio touched Caruso's anus when Solorio forcibly retrieved the drug bindle. It was not until November 2021 during the preparation of Caruso's response to Defendants' trial brief that counsel realized that the deposition testimony was not specifically cited to the Court. At the very least, the deposition testimony creates a disputed issue of material fact about whether Solorio conducted a cavity search of Caruso. Construing the facts in the light most favorable to Caruso, summary judgment on the sex assault claim is improper.

*Defendants' Opposition*

Defendants argue that reconsideration should be denied. Defendants contend that Caruso's motion for reconsideration is untimely and does not change the analysis of the Court's prior order. The Court previously held on summary judgment that any sexual assault claim had been dismissed in the screening process and that the evidence submitted did not sufficiently indicate an Eighth Amendment sexual assault had occurred. The evidence submitted by Caruso does not change the Court's analysis.

*Summary Judgment Ruling*

The Court granted summary judgment on Caruso's asserted Eighth Amendment sexual assault claim based primarily on procedural considerations. The Court evaluated the screening process of the various Complaints filed by Caruso. The Court concluded that the Magistrate Judge's screening orders and this Court's adoption of a Findings and Recommendation that gave effect to the screening orders meant that the only plausible claims alleged were a Fourth

Amendment search claim and an Eighth Amendment excessive force claim based on Defendants' conduct while handcuffing Caruso. Because no other claims were found to be plausible, it was improper for Caruso to raise or pursue an Eighth Amendment sexual assault claim in opposition to summary judgment. In relevant part, the Court explained:

> Therefore, to the extent that Caruso attempted to allege a sexual assault claim in the [Second Amended Complaint], that claim is not part of this case because the Court [adopted] the [Findings & Recommendation] and dismissed all claims except the Fourth Amendment unreasonable search claim and the Eighth Amendment excessive force claim based on handcuffing.
>
> Relatedly, the screening orders and the [Findings & Recommendation] concluded that no other claims were plausibly alleged. When a claim is not properly alleged in a complaint, raising that claim in opposition to summary judgment is improper and does not place the claim at issue. See Navajo Nation v. United States Forest Serv., 535 F.3d 1058, 1079-80 (9th Cir. 2008) (en banc); Pickern v. Pier 1 Imports (U.S.), Inc., 457 F.3d 963, 968 (9th Cir. 2006); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1292-93 (9th Cir. 2000); see also Hurlbert v. St. Mary's Health Care Sys., Inc., 439 F.3d 1286, 1296-97 (11th Cir. 2006). Therefore, Caruso raising a sexual assault claim in opposition to summary judgment is improper. See id.

Doc. No. 234 at 24:3-14. Additionally, the Court held that even if it viewed the opposition as a request to amend the active Complaint, amendment would be improper based on undue delay, the closure of discovery, and futility. See id. at 24:15-21. With respect to futility, the Court explained in relevant part:

> [T]he facts presented by Caruso do not indicate that a sexual assault occurred. *Bearchild* held that "a prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." Bearchild, 947 F.3d at 1144. Under Caruso's facts, Lopez saw Caruso put a drug bindle down the back of her underwear. See PUMF 39. After Caruso was handcuffed and had fallen in Cell 3, Lopez conducted a pat-down search and felt something around Caruso's pelvic area. See Caruso Depo. at 36:15-37:15. Lopez then reached down Caruso's pants and underwear and retrieved the cell phone from around Caruso's pelvic/vaginal area. See id. Also, Solorio twice placed her fingers between Caruso's buttocks near Caruso's anus. See PUMF 66. Solorio did this twice because the first time she was unable to retrieve the bindle; Solorio retrieved the bindle the second time and then stopped searching. See Caruso Depo. 21:23-22:8, 22:21-22. There is no evidence that Caruso or Lopez actually touched Caruso's vagina or anus, or lingered unnecessarily around those areas, or massaged or touched around those areas in a sexual manner. Rather, the evidence indicates that Solorio and Lopez did not linger any longer than necessary to retrieve the contraband and had to touch near Caruso's vagina and anus because that is where Caruso had secreted the contraband. Therefore, the evidence shows a penological non-sexual basis for the search (retrieval of contraband) and does not show that Lopez or Solorio touched Caruso in a sexual manner or engaged in

sexual conduct; they merely retrieved contraband that Caruso had secreted around intimate parts of her body. Because the facts do not demonstrate a sexual assault under *Bearchild*, amending the complaint to include such a claim would be futile.

Id. at 24:20-25:16.

*Legal Standard*

In relevant part, Rule 60(b) provides: "On motion and just terms, the court may relieve a party . . . form a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) . . . ."

Under Rule 60(b)(1), the term "excusable neglect" is a "somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Serv. v. Brunswick Assocs., 507 U.S. 380, 395 (1993). "The ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or . . . 'to leave undone or unattended to especially through carelessness.'" Id. at 389; Jennings v. Rivers, 394 F.3d 850, 856 (10th Cir. 2005). The determination of whether neglect is "excusable" is an equitable consideration that requires a court to consider at least: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. See Irvine Unified Sch. Dist. v. K.G., 853 F.3d 1087, 1091 (9th Cir. 2017); Bateman v. United States Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000). The concept of excusable neglect encompasses negligence by an attorney. See Bateman, 231 F.3d at 1224. However, "parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel." Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1101 (9th Cir. 2006).

If a party relies on "newly discovered evidence" under Rule 60(b)(2), the movant must show the evidence (1) constitutes "newly discovered evidence," (2) could not have been discovered through due diligence, and (3) is of such magnitude that production of it earlier would have been likely to change the disposition of the case. Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 F.2d 875, 878 (9th Cir. 1990); Coastal Transfer Co. v. Toyota Motor Sales, 833 F.2d 208, 211-12 (9th Cir. 1987). Evidence is not newly discovered if it was already in the

party's possession or could have been discovered with reasonable diligence. See Feature Realty, 331 F.3d at 1093; Coastal Transfer Co., 833 F.2d at 212; see also Wallis v. J.R. Simplot Co., 26 F.3d 885, 892 n.6 (9th Cir. 1994); School Dist. No. 1J v. AC&S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

"A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. 60(c)(1); see Butz v. Mendoza-Powers, 474 F.3d 1193, 1195 (9th Cir. 2007); Nevitt v. United States, 886 F.2d 1187, 1188 (9th Cir. 1989).

*Discussion*

After consideration, the Court concludes that reconsideration is not appropriate.

First, Defendants are correct that under Rule 60(b) Caruso's motion is untimely. Summary judgment was granted in March 2020. Caruso's motion for reconsideration was not filed until December 2021, although Caruso did raise the issue as part of a trial brief in November 2021. Even if the Court relied on Caruso's November 2021 trial brief as the appropriate date, Caruso is well beyond the one-year limit set by Rule 60(c)(1).

Second, the Court does not find that the testimony of Dr. Celosse meets the relevant criteria for newly discovered evidence. The evidence of Dr. Celosse appears to be based on unknown statements made to her by Caruso. See Celosse Depo. 16:6-17:1, 19:19-20:10, 21:4-16, 126:5-10. The statements were made by Caruso to Dr. Celosse during a four to six month period of treatment between late October/early November 2018 and 2019. See Celosse Depo. 16:1-4, 127:18-128:4; Huang Dec. ¶ 9. This also means that Dr. Celosse's opinions were formed during that four to six month period in late 2018 to early 2019. Caruso's knowledge has always been in her possession, and Caruso's statements (or the substance of those statements) could have been relayed through her deposition or to the Court through a declaration. Moreover, because it appears that Dr. Celosse's treatment of Caruso ended around April 2019, it is unclear why Dr. Celosse's records could not have been obtained or her deposition taken before March 2020. Therefore, the Court cannot conclude that the statements to Dr. Celosse, the records of Dr. Celosse, or the opinions of Dr. Celosse are evidence that were not in Caruso's possession or could not have been

5

obtained through reasonable diligence prior to March 2020. Since the evidence associated with Dr. Celosse does not fit under Rule 60(b)(2), relief under that section is inappropriate.[1]

Third, the concept of futility still applies. Dr. Celosse formed the opinion that the search constituted a rape because: (1) it was traumatic; (2) non-consensual; (3) Caruso had a history of previous sexual trauma, (4) it was perceived as a violent act; (5) her physical integrity was not maintained in that one of her body cavities was entered; and (6) there was a power differential. See Celosse Depo. 21:14-22:23. The deposition excerpt cited by Caruso states: "Q: But did anybody penetrate a bodily orifice? A: When Officer Solorio went to retrieve the drugs from between, she grazed – she – grazed my butt, my anus hole. Did she actually, physically go in there to penetrate with – no. But, I mean, just the (indicating)." Caruso Depo. 62:4-8. This evidence, combined with evidence discussed in the summary judgment motion, does not change the conclusion that permitting an Eighth Amendment sexual assault claim based on this evidence would be futile. The fact remains that there was clearly a penological purpose for the search – to retrieve a drug bindle that Caruso herself had secreted between her buttocks and near (but not in) her anus, and that Officer Lopez saw Caruso secret it. Caruso's own testimony states that Solorio only grazed Caruso's anus and did not penetrate it, which, given how the bindle was secreted, suggests the graze was unintentional since Solorio was described by Caruso as twice attempting to get the bindle from between Caruso's buttocks. Again, the testimony does not indicate that Solorio lingered around Caruso's anus or "grazed" it in a sexual manner or touched Caruso to degrade or humiliate her. Solorio was attempting to obtain secreted drugs. Dr. Celosse's opinions do not alter these considerations. Therefore, even considering the opinions of Dr. Celosse and the relevant excerpt from Caruso, the Court concludes that there remains no viable Eighth Amendment sexual assault claim. See Bearchild, 947 F.3d at 1144.

In sum, the Court finds that Caruso has not demonstrated a sufficient basis for the Court to reconsider any rulings or conclusions in the March 2020 summary judgment order.

---

[1] Of course, Caruso's deposition was in existence prior to March 2020 and does not constitute newly discovered evidence. See School Dist. No. 1J, 5 F.3d at 1293. Moreover, while the entirety of Caruso's deposition was submitted to the Court, the Court was under no obligation to scour the entirety of that deposition to find facts that aid Caruso. Simmons v. Navajo Cnty., 609 F.3d 1011, 1017 (9th Cir. 2010).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (Doc. No. 328) is DENIED.

IT IS SO ORDERED.

Dated: December 30, 2021

_____
SENIOR DISTRICT JUDGE