UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARUSO,<br><br>    Plaintiff,<br><br>  v.<br><br>OFFICER G. SOLORIO, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00780-AWI-EPG (PC)<br><br>ORDER FOR DERREK LEE AND THE OFFICE OF THE ATTORNEY GENERAL TO SHOW CAUSE WHY THEY SHOULD NOT BE SANCTIONED FOR FILING AN INTENTIONALLY MISLEADING DECLARATION<br><br>TWENTY-ONE-DAY DEADLINE<br><br>ORDER SETTING HEARING ON JUNE 28, 2022, AT 2:00 P.M.<br><br>ORDER DIRECTING CLERK TO SERVE A COPY OF THIS ORDER ON DERREK LEE AT: THIRD DISTRICT COURT OF APPEAL, 914 CAPITOL MALL, SACRAMENTO, CA 95814 |

      In connection with this case, on February 28, 2018, the Court issued an order asking the Warden of California Institution for Women to "conduct an investigation and file a response to Plaintiff's allegations that documents relevant to this case have been taken from her." (ECF No. 62, p. 1). On March 31, 2018, defense counsel Derrek Lee, who at the time worked for the Office of the Attorney General, which represents Defendants, filed a declaration from the Warden in response. (ECF No. 64). It has recently been brought to this Court's attention the declaration may have been filed to intentionally mislead the Court.

      Accordingly, the Court will order attorney Derrek Lee and the Office of the Attorney

1

General ("defense counsel") to show cause why they should not be sanctioned pursuant to Federal Rule of Civil Procedure 11(b) and/or the Court's inherent authority for filing an intentionally misleading declaration with the Court.

## I.     BACKGROUND

This case is proceeding against defendants Ingram, Martinez, Lopez, and Solorio on a claim for excessive force in violation of the Eighth Amendment based allegations that Defendants cuffed Plaintiff's hands behind her back in violation of a chrono and then maneuvered her arms to cause additional pain.  (ECF Nos. 22, 24, 53, & 234).  This case is also proceeding against these same defendants on a claim for an unreasonable search in violation of the Fourth Amendment based on a strip search.  (Id.).  The alleged incidents occurred at Central California Women's Facility.

On February 23, 2018, Plaintiff, who at the time was proceeding *pro se* and incarcerated at California Institution for Women, filed a motion alleging that her cell was recently searched, and that subpoenas issued by this Court were no longer in her cell.  (ECF No. 60, p. 1).  She further alleged that "[n]umerous documents have been removed from [her] cell during the course of this civil suit."  (Id.).  In another motion filed that same day, Plaintiff alleged that when she was placed in Administrative Segregation, "[a]ll original copies of incident report and written afadatives [sic] from witnesses were missing from [her] property."  (ECF No. 57, p. 2).

Given the seriousness of the allegations in Plaintiff's two motions, the Court requested that the Warden of California Institution for Women "conduct an investigation and file a response to Plaintiff's allegations that documents relevant to this case have been taken from her."  (ECF No. 62, p. 2).

On March 21, 2018, the Warden filed her response in the form of a signed declaration.  (ECF No. 64).  According to the Court's docket, the Warden's declaration was filed by defense counsel Derrek Lee, who at the time worked for the Office of the Attorney General.[1]  (ECF No.

\\\

---

[1] The Office of the Attorney General still represents Defendants, but as of November 15, 2021, Derrek Lee is no longer counsel for Defendants.  (ECF No. 309).

64).  The caption of the declaration indicates that it was filed by the Office of the Attorney General, and specifically Derrek Lee.  (Id. at 1).

In the declaration submitted by Derrek Lee, the Warden stated:

1. I am employed by the California Department of Corrections and Rehabilitation (CDCR) as the Warden for the California Institution for Women (CIW) in Corona, California.
2. I have reviewed the Court's Order (ECF No. 62), inquiring as to the merits of Caruso's (W-25086) claim that documents connected to her lawsuit have been removed from her possession.  Plaintiff specifically contends that documents were removed from per possession, on or about, January 31, 2018.  In line with the Court, both myself and staff at CIW take allegations of this nature very seriously.
3. At the direction of the Court, I have looked into Plaintiff's allegations, and have reviewed unit logs and cell-search logs dating back to January 1, 2018, to determine if Plaintiff's allegations have merit.  Whenever a cell-search is performed, staff are required to fill out these documents explaining the reason for the search and any items confiscated.  With respect to inmate Caruso, there is no record of a cell search, nor is there a record of any documents, legal or otherwise, that were confiscated from her cell.

(ECF No. 64, pgs. 1-2).

It was recently brought to this Court's attention the declaration may have been filed to intentionally mislead the Court.

In response to a recent motion for sanctions, Plaintiff claimed that additional facts have since been uncovered showing that a cell search did in fact occur in that time period, that at least one document was taken from her cell, and that attorney Derrek Lee and the Office of the Attorney General was aware of and involved in the cell search.  Plaintiff alleges that "in or around February 2018, Mr. Lee orchestrated a search of Ms. Caruso's cell to locate and confiscate a legal document that was accidentally produced to her.  After conducting the cell search and confiscating the legal document from Ms. Caruso's cell, Mr. Lee then drafted a declaration for Warden Hill to sign.  The declaration signed by Warden Hill, submitted in response to a court order, represented to the court that there was no record of any search of Ms. Caruso's cell from January to March 2018."  (ECF No. 347, p. 11) (citations omitted).

In support of her allegation that a search occurred and that at least one document was taken, Plaintiff attached an excerpt from Plaintiff's deposition, taken on January 18, 2022, in

which Plaintiff alleged that defense counsel in this case (Derrek Lee, at the relevant time):

> asked officer -- asked Lieutenant Spinny, he was a lieutenant at the time, he was also ISU at the time, to go into my room and get back some discovery that they sent me by accident that they didn't want me to have, and when Spinny went in there to get the discovery, all of a sudden my motion for my -- not my motion, my -- my order to depose Officer Bates came up missing, so I didn't have that anymore. The AG sent him in there and they tricked me by sending me up to the litigation coordinator. They called me to the litigation coordinator's office.
>
> They called me in there and said that the attorney general wants to talk to me on the phone, and I had just spoke to him that day, so it was not odd to me. So I went in there thinking I was gonna talk to him, and I walked in the litigation coordinator's office and Lieutenant Spinny was sitting in the coroner [sic] like this and he said -- he got up, called the attorney general, stared [sic] talking to the attorney general saying okay, all right, handed the phone to the litigation coordinator and they told me, all right, we'll keep her here, and Spinny said you can either tell me where the document's at that I want or I can go tear up your whole Fing room and get -- and find it myself. I said what are you looking for?
>
> He said that it was part of the discovery they sent me having to do with the timecard on Officer Bates, and I knew exactly what it was because I didn't understand why it was in there to begin with, but I told him exactly where he could find it, and he said okay. He told the officer, give me a five minute head start then let her out. I mean, he told the litigation coordinator give me a five minute head start and then you can let her out.
>
> So I got out five minutes behind him from this being right here, because this is where the litigation officer's office is up here, so I can't just walk out. I have to get escorted out, and Spinny was in my room tearing -- getting the documents that he was looking for.

Transcript of Deposition of Plaintiff, 174:3-175:18.

In support of her assertion that the Warden's declaration was drafted by Derrek Lee, Plaintiff submitted a copy of an email from Derrek Lee to Litigation Coordinator Bystrom, in which Derrek Lee stated, "Please find a draft of the declaration for Warden Hill attached." (ECF No. 347-8).

On April 29, 2022, Defendants filed a supplemental brief that addressed these allegations. (ECF No. 357). According to the supplemental brief, a search of Plaintiff's cell occurred and a document that Defendants produced in discovery was confiscated and destroyed. (Id. at 5; ECF No. 357-2, p. 2). However, Defendants allege that the search

4

1 occurred on November 29, 2017, not in or around February of 2018, and that the document was
2 confiscated because it was a confidential personnel record that should not have been produced
3 to Plaintiff.  (ECF No. 357, pgs. 4-5).  Additionally, Defendants allege that it was Deputy
4 Attorney General Mohmoud, not Derrek Lee, who initiated the search.  (Id. at 5) ("Out of an
5 abundance of caution and in good faith, Defendants have conducted a further inquiry into this
6 allegation and have identified that a cell search was conducted in or around November 29, 2017
7 at the direction of Ms. Mohmoud, another Deputy Attorney General unrelated to this case, after
8 it was discovered that a single page of a confidential personnel document was accidentally
9 produced to Caruso with Defendants' discovery responses.").

10      The Court allowed the parties to submit additional evidence regarding this issue.  On
11 May 6, 2022, Plaintiff submitted a copy of an email dated November 29, 2017, to Bystrom in
12 which Derrek Lee asked Bystrom to set up a call with Plaintiff on that day.  (ECF No. 358-1, p.
13 2).  Derrek Lee also asked for an ISU member to be present (or on the line).  (Id.).

14      On May 10, 2022, Defendants provided an email from Deputy Attorney General
15 Mohmoud to Lt. Spinney dated November 29, 2017, in which she attached a copy of the
16 personnel record she wanted confiscated and stated she would appreciate an update on whether
17 Lt. Spinney was able to locate it.  (ECF No. 361, p. 4).  Derrek Lee was cced on the email.
18 (Id.).  Defendants also attached a redacted copy of the personnel document.  (Id. at 6).

19      The parties now appear to agree that a search of Plaintiff's cell occurred on November
20 29, 2017, and that a document was taken from Plaintiff's cell.  Additionally, lawyers with the
21 Office of the Attorney General, including Derrek Lee, were aware of and participated in the
22 search.  Despite this, neither the Warden nor Derrek Lee informed the Court of the search when
23 responding to the Court's order inquiring about documents that were allegedly taken from
24 Plaintiff during the course of this suit.

25 \\\
26 \\\
27 \\\
28 \\\

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 11(b) states:

> REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>   (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>   (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>   (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>   (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

"On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. (c)(3). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. (c)(1).

The Court also has inherent authority to issue sanctions. "[I]t is firmly established that [t]he power to punish for contempts is inherent in all courts. This power reaches both conduct before the court and that beyond the court's confines, for [t]he underlying concern that gave rise to the contempt power was not ... merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (alterations in original) (citations and internal quotation marks omitted). "Before awarding sanctions under its inherent powers, however, the court must make an explicit finding that [the] conduct 'constituted or was tantamount to bad faith.'" Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 767

(1980); see also Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1196 (9th Cir. 2003) ("Before imposing sanctions under its inherent sanctioning authority, a court must make an explicit finding of bad faith or willful misconduct"). Furthermore, "inherent powers must be exercised with restraint and discretion." Chambers, 501 U.S. at 44.

### III. DISCUSSION

As discussed above, there is evidence before the Court that the Office of the Attorney General, including Derrek Lee, while representing defendants, was aware of and potentially directed a search of Plaintiff's cell that occurred on November 29, 2017, and that at least one document that was turned over to Plaintiff as part of discovery in this case was taken from Plaintiff's cell.

Despite this, when the Court issued an order inquiring about documents allegedly being taken from Plaintiff, neither Derrek Lee nor the Warden informed the Court of this search. Instead, Derrek Lee drafted a declaration for the Warden to sign that made no mention of this search, and then filed said declaration. Rather, the declaration represented that, "[w]ith respect to inmate Caruso, there is no record of a cell search, nor is there a record of any documents, legal or otherwise, that were confiscated from her cell." (ECF No. 64, p. 2).

While the declaration does state that no cell searches occurred in the month of January, and while this is technically correct because the search appears to have occurred in November of 2017, the Court's inquiry was not limited to January. Instead, the Court noted that Plaintiff alleged that "numerous documents connected to her lawsuit have been removed from her cell during the course of this suit" (ECF No. 62, p. 1), and asked the Warden to "conduct an investigation and file a response to Plaintiff's allegations that documents relevant to this case have been taken from her." (Id. at 2).

To file a response that limits the date to January 1, 2018, and then to attest that no searches were conducted in that time period, when defense counsel knew that such a search had happened less than two months before that date, appears intentionally misleading. Accordingly, the Court will order defense counsel to show cause why they should not be sanctioned pursuant to Federal Rule of Civil Procedure 11(b) and/or the Court's inherent

authority for filing an intentionally misleading declaration with the Court.

**IV.	ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **twenty-one (21) days** from the date of service of this order, defense counsel shall show cause in writing why they should not be sanctioned pursuant to Federal Rule of Civil Procedure 11(b) and/or the Court's inherent authority for filing an intentionally misleading declaration with the Court;
2. A hearing on this order to show cause is set before Magistrate Judge Erica P. Grosjean on June 28, 2022, at 2:00 p.m.  To participate telephonically, each party is to use the following dial-in number and passcode: Dial-in number 1-888-251-2909; Passcode 1024453;
3. Failure to respond to this order or appear at the hearing may result in the imposition of sanctions; and
4. The Clerk of Court shall serve a copy of this order on Derrek Lee at: Third District Court of Appeal, 914 Capitol Mall, Sacramento, CA 95814.[2]

IT IS SO ORDERED.

Dated:   **May 12, 2022**                              /s/ Erica P. Grosjean
                                                     UNITED STATES MAGISTRATE JUDGE

---

[2] This is the address listed for Derrek Lee on the State Bar of California's website. https://apps.calbar.ca.gov/attorney/Licensee/Detail/297497 (last visited May 12, 2022).