UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARUSO, | Case No. 1:15-cv-0780-AWI-EPG |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION FOR SANCTIONS BE DENIED |
| OFFICER G. SOLORIO, et al., | |
| Defendants. | (ECF No. 344) |
| | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

This action proceeds on Plaintiff Gina Caruso's ("Plaintiff") Eighth Amendment excessive force and Fourth Amendment unreasonable search claims arising from an incident on July 22, 2013 between Plaintiff and Defendants Solorio, Lopez, Ingram and Martinez. Before the Court is Defendants' motion for sanctions against Plaintiff's counsel. (ECF No. 344).

Defendants' motion for sanctions was filed on February 28, 2022. (ECF No. 344). Plaintiff's opposition was filed on March 14, 2022. (ECF No. 347). Plaintiff filed a notice of errata on March 15, 2022, which noted that Exhibit 4 was e-filed incorrectly and included a corrected copy. (ECF No. 348). Defendants' reply was filed on March 21, 2022. (ECF No. 349). The matter was referred to the undersigned on March 22, 2022. (ECF No. 350). A telephonic hearing was held on April 8, 2022. (ECF No. 353). Jenny Huang and Jessica Arena appeared on behalf of Plaintiff. (*Id.*). Lawrence Bragg, Cassandra Shyrock, and Le-Mai Lyons appeared on behalf of Defendants. (*Id.*). The undersigned allowed Defendants to file a supplemental brief regarding certain issues raised in Plaintiff's opposition (ECF No. 354) and

Defendants filed a supplemental brief on April 29, 2022 (ECF No. 357). Plaintiff filed a response to Defendants' supplemental brief on May 6, 2022. (ECF No. 358). Defendants submitted a reply to Plaintiff's response on March 10, 2022. (ECF No. 361).

At issue is a motion for reconsideration of District Judge Anthony W. Ishii's order on Defendants' motion for summary judgment that was filed by Plaintiff (ECF No. 328), which Defendants claim violated Rule 11(b) because it was not warranted by existing law, without evidentiary support, and brought for an improper purpose. (ECF No. 344, pgs. 1-2). Additionally, Defendants contend sanctions should be imposed under Title 28 U.S.C. § 1927 because Plaintiff's motion for reconsideration, along with other filings, have unreasonably and vexatiously multiplied the proceedings. (ECF No. 344, p. 6). Defendants seek a monetary award of attorney fees of $4,730.00. (*Id.* at 8). Plaintiff's opposition to sanctions contends that Plaintiff's counsel filed the motion for reconsideration upon reasonable belief it was legally and factually warranted, and upon Plaintiff counsel's understanding that the Court had directed Plaintiff to raise the issue in such a motion. (ECF No. 347). Plaintiff's opposition also included several allegations regarding Defense counsel's conduct which Plaintiff argues demonstrate the motion for sanctions is brought for improper purpose. (ECF No. 347, pgs. 9-12).[1] Plaintiff requests an award of attorney fees under Rule 11 as the prevailing party should Defendants' motion be denied. (ECF No. 347, p. 12).

For the reasons that follow, the Court will recommend that Defendants' motion for sanctions be denied. The Court will also recommend that Plaintiff's request for attorney fees be denied.

I.      **BACKGROUND**

Plaintiff initiated this action on May 22, 2015. (ECF No. 1). On May 16, 2017, this Court issued a screening order on Plaintiff's Second Amended Complaint (ECF No. 22), which found Plaintiff stated a cognizable Eighth Amendment excessive force claim based on allegations defendants Solario, Lopez, Ingram and Martinez hand-cuffed Plaintiff behind her

---

[1] The Court has issued a separate order to show cause regarding certain issues raised in Plaintiff's opposition. (ECF No. 362).

back, which allegedly violated Plaintiff's medical chrono. (ECF No. 24, pgs. 2 & 7). The Court's screening order also found that Plaintiff stated a cognizable Fourth Amendment unreasonable search claim based on allegations defendants Solario, Lopez, Ingram and Martinez conducted a search unreasonably. (ECF No. 24, p. 8-9).

### A. Relevant Procedural Background

On October 30, 2019, Defendants filed a motion for summary judgment on Plaintiff's Eighth Amendment excessive force claim and Fourth Amendment unreasonable search claim. (ECF No. 187). After the motion was submitted, the Court allowed both parties to file supplemental briefing regarding the subsequently issued Ninth Circuit decision in *Bearchild v. Cobban*, 947 F.3d 1130 (9th Cir. 2020) (ECF No. 228), which held that

> a prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.

*Bearchild*, 947 F.3d at 1144.

On March 25, 2020, the Court denied summary judgment with respect to Plaintiff's Eighth Amendment excessive force claim based on the allegedly improper handcuffing as well as the Fourth Amendment unreasonable search claim based on the allegedly improper cross-gender strip search for the drug bindle. (ECF No. 234, p. 29). However, the Court granted summary judgment on Plaintiff's Fourth Amendment unreasonable search claim based on the search conducted to retrieve Plaintiff's cellphone. (*Id.*). The Court's order on Defendants' motion for summary judgment also addressed additional claims which were raised by Plaintiff in supplemental briefing that argued, pursuant to the recent holding in *Bearchild*, that Defendants committed sexual assault and an abusive cross-gender search in violation of the Eighth Amendment and used excessive force in violation of the Fourth Amendment. (ECF No. 234, pgs. 19-29). The Court found summary judgment was appropriate in favor of Defendants on the additional claims because those claims were "not found cognizable in the screening process" and "raising [an] inadequately pled claim in opposition is improper." (ECF No. 234,

pgs. 29-30).

On November 1, 2021, each party filed a trial brief. (ECF Nos. 307 & 308). In Plaintiff's trial brief, Plaintiff requested stipulated use of certain terms to describe different kinds of searches (i.e., "clothed body search," "unclothed body search," and "body cavity search"). (ECF No. 308, p. 7). In discussing the relevant law supporting Plaintiff's Fourth Amendment claim that the search for the drug bindle was unreasonable, Plaintiff argued the search was unreasonable because it was a "digital cavity search that went far beyond the parameters of a reasonable search" and because it was an improper cross-gender search. (*Id.* at 9 & 14-15). Plaintiff argued the facts that supported the body cavity search argument— Plaintiff's own deposition testimony that Defendant Solario grazed her anus during the search—were "inadvertently omitted" from the exhibits attached to Plaintiff's opposition to summary judgment. (ECF No. 308, p. 9 n.2).

On November 15, 2021, Defendants filed a response to Plaintiff's trial brief. (ECF No. 310). Defendants argued Plaintiff's reference to the "digital cavity search" was an attempt to either raise a new sexual assault claim or otherwise seek reconsideration of the Court's summary judgment order, which dismissed all claims except the Eighth Amendment excessive force claim based on the handcuffing allegations and the Fourth Amendment unreasonable search claim based on the cross-gender strip search allegations. (ECF No. 310, p. 1-2).

On December 6, 2021, District Judge Ishii held an informal status conference. (ECF No. 321). The Court set a briefing schedule allowing "additional motions." (*Id.*). The informal status conference was not recorded.[2] A hearing was set for January 4, 2022. (*Id.*).

On December 15, 2021, the parties each filed several motions. Plaintiff filed a motion for reconsideration of the Court's order granting summary judgment on Plaintiff's Eighth Amendment sexual assault claim. (ECF No. 328). Plaintiff's motion relied on Plaintiff's deposition testimony, which had been omitted from Plaintiff's opposition to summary judgement, as well as recently acquired deposition testimony from Plaintiff's psychologist, Dr.

---

[2] The Court confirmed with court staff that no audio, zoom recording or transcript exists of the December 6, 2021 status conference.

Celosse, that the strip search, which Dr. Celosse testified Plaintiff reported during treatment as a "cavity search," constituted rape and was experienced by Plaintiff as rape given her past trauma. (ECF No. 328, pgs. 3-4). Defendants filed supplemental motions *in limine* to preclude the introduction of evidence or argument about the reasonableness of the search at issue in Plaintiff's Fourth Amendment claim and to exclude evidence or argument concerning body cavity searches. (ECF No. 327, pgs. 2 & 4).

On January 3, 2022, the Court denied Plaintiff's motion for reconsideration. (ECF No. 338). First, the Court concluded the motion was untimely under Rule 60(b). (*Id.* at 5). Second, the Court found that the testimony of Dr. Celosse did not constitute "newly discovered evidence." (*Id.* at 5-6). Finally, the Court found that, "even considering the opinions of Dr. Celosse and the relevant excerpt from Caruso, … there remains no viable Eighth Amendment sexual assault claim." (*Id.* at 6).

On January 6, 2022, the Court issued its ruling on Defendants' supplemental motions *in limine*. (ECF No. 340). The Court denied Defendants' motion to preclude evidence or argument about the reasonableness of the search at issue in Plaintiff's Fourth Amendment claim. (ECF No. 340, p. 18). The Court's lengthy analysis concluded that, because a Fourth Amendment violation based on a cross-gender strip search can be argued as *per se* unconstitutional due to the absence of an emergency as well as unreasonable in light of an asserted emergency, Plaintiff could present evidence addressing the reasonableness of the search under the relevant *Bell* factors. (*Id.*). The Court granted Defendants' motion to preclude Plaintiff from using the term "cavity search," but denied the motion in so far as that Plaintiff could "testify about what happened to her during the search," including that Defendant Solario had grazed her anus during the search, because it was "relevant to reasonableness of the search, damages, and the nature of the search performed (which is disputed)." (ECF No. 340, pgs. 20-21).

## II.   MOTION FOR SANCTIONS

### A.  Defendants' Motion

Defendants argue that "Plaintiff's counsel has now improperly attempted to add new claims to this action ***three*** times." (ECF No. 344, p. 1) (emphasis in original). Defendants

contend that Plaintiff counsel's attempts to add new claims through Plaintiff's opposition to Defendants' summary judgment motion, Plaintiff's trial brief, and Plaintiff's motion for reconsideration of summary judgment warrant sanctions on Plaintiff's counsel in order to deter Plaintiff counsel from filing future baseless motions or otherwise relitigating claims that the Court has ruled in Defendants favor. (ECF No. 344, p. 1-2).

Defendants argue sanctions are appropriate under Rule 11 because Plaintiff's motion for reconsideration "was not warranted by existing law, nor did its factual contentions have evidentiary support." (*Id.* at 2). Additionally, Defendants contend the motion for reconsideration "was brought to harass Defendants or to needlessly multiply the proceedings and increase the cost of litigation" because Plaintiff had previously tried to "improperly" add the Eighth Amendment sexual assault claim in Plaintiff's opposition to summary judgment and in Plaintiff's trial brief. (*Id.* at 1-2). Defendants argue Plaintiff's counsel had knowledge that her claims were not warranted by existing law because Defendants advised Plaintiff's counsel that the motion for reconsideration was untimely. (*Id.* at 2). Defendants also contend that Plaintiff's omitted deposition testimony that Defendant Solario grazed her anus did not constitute new evidence as required for a motion for reconsideration, and so the motion was not well-grounded in fact. (*Id.* at 4). According to Defendants, the statements Plaintiff made to Dr. Celosse, which Dr. Celosse later testified to in deposition, did not constitute new evidence that a "body cavity search" had occurred as Plaintiff's own omitted deposition testimony specifically stated there had been no penetrative contact during the search for drugs. (*Id.*). Defendants claim deterrence via monetary sanctions is necessary because, "[d]espite being previously admonished by the Court that she has taken positions that are not warranted by existing law in violation of Rule 11, and that the claims she ought to add had been dismissed, counsel's behavior has not changed."[3] (*Id.* at 2).

---

[3] In Defendants' reply, Defendants also claim that, "[t]his Court's prior orders—even pointing out other conduct of counsel that violated Rule 11—have not deterred her…." (ECF No. 349, p. 3) (citing ECF No. 234, p. 29, n.15)). The relevant footnote in the Court's summary judgment order, which Defendants cite as supporting this characterization, states: "Given *Graham* and *Hawkins*, Caruso's arguments to the contrary arguably violate Rule 11(b)(2)." (ECF No. 234, p. 29, n.15). The Court was referring to Plaintiff's legal argument that Plaintiff's allegations supported a Fourth Amendment excessive force claim. (*Id.* at pg. 28-29). The Court was not referring

Defendants also argue sanctions under § 1927 are warranted, based on similar facts, "[b]ecause counsel has repeatedly attempted to relitigate issues already determined by this Court, without a legal basis, she recklessly and in bad-faith multiplied the proceedings, warranting sanctions under Section 1927." (*Id.* at 8).

### B.  Plaintiff's Opposition

Plaintiff contends that sanctions are not warranted under Rule 11 because Plaintiff's counsel "reasonably believed that a motion for reconsideration was initially warranted, based on [the] discovery that key deposition testimony by Plaintiff (that Defendant Solario had grazed her anus) was inadvertently omitted from her exhibits." (ECF No. 347, p. 7). According to Plaintiff, Plaintiff's counsel filed the motion for reconsideration "only after inquiring with the Court as to the appropriate method for correcting the record." (*Id.*). Plaintiff also asserts that Plaintiff's counsel "had a reasonable basis upon which to believe that the one-year limitation of [Rule 60(c)(1)] began to run from the entry of final judgement and not from the date of the order." (*Id.* at 8).

As for the legal positions taken in the motion for reconsideration, Plaintiff argues there was a "reasonable basis for asserting [an Eighth Amendment sexual assault claim] pursuant to *Bearchild v. Cobban*" and that "Rule 11 'is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories.'" (*Id.*) (quoting Fed. R. Civ. P. 11, Advisory Comm. Notes (1983)). Plaintiff further contends that Defendants' claim (that Plaintiff's counsel brought the motion to harass Defendants or increase the cost of litigation) is partially based on Plaintiff's efforts to articulate arguments relevant to the Fourth Amendment unreasonable search claim in Plaintiff's trial brief. (*Id.* at 9). Plaintiff argues those arguments were meritorious as demonstrated by the Court's rulings on Defendants' supplemental motions *in limine*. (*Id.*). Because Rule 11 sanctions are not appropriate, Plaintiff requests attorney's fees

\\\

---

to Plaintiff's legal argument concerning an Eighth Amendment sexual assault claim—the claim that Defendants argue Plaintiff improperly sought to relitigate via the motion for reconsideration and Plaintiff's trial brief.

and costs as the prevailing party. (*Id.* at 12).[4]

## III.   SANCTIONS

### A.  Legal Standards

"Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers with the court are well grounded in fact, legally tenable, and not interposed for any improper purposes." *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393 (1990) (internal quotation marks omitted). A "'reasonable inquiry' means an inquiry reasonable under 'all circumstances of a case.'" *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1364 (9th Cir. 1990) (quoting *Cooter & Gell*, 496 U.S. at 400); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991) (Rule 11 "imposes an objective standard of reasonable inquiry which does not mandate a finding of bad faith"). Factual contentions must "have evidentiary support or, if specifically so identified, [be] likely [to] have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P 11(b)(3). Legal contentions must be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Filings cannot be presented for an "improper purpose," which includes filings presented "to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). In the Rule 11 context, "frivolous" is used as a shorthand "to denote a filing that is *both* baseless *and* made without a reasonable and competent inquiry." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (emphasis in original) (citation and internal quotation marks omitted).

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Tr. v. A–C Co.,* 859 F.2d 1336, 1345 (9th Cir. 1988). "[T]he central purpose of Rule 11 is to deter baseless filings in district court…." *Cooter & Gell*, 496 U.S. at 393. "The issues involved in determining whether an attorney has violated Rule 11

---

[4] In Plaintiff's opposition, Plaintiff raises several issues regarding Defense counsel's compliance with Court orders and representations to the Court.   The Court has issued an order to show cause regarding certain issues.  To the extent it chooses to address such issues, the Court will do so in a separate order.

[] involve fact-intensive, close calls." *Id.* at 404 (citation and internal quotation marks omitted). Whether a filing was supported by fact and law "to the best of the signer's knowledge, information, and belief" requires the court to "make some assessment of the signer's credibility." *Id.* at 402. "Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously." *Operating Eng'rs*, 859 F.2d at 1344. The imposition of sanctions for violations of Rule 11 is discretionary. Fed. R. Civ. P. 11(c)(1) ("If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction…."); *see also Roundtree v. United States*, 40 F.3d 1036, 1040-41 (9th Cir. 1994) ("Because Rule 11 sanctions should be imposed with caution … a just and practicable application of the amended Rule 11 requires that the district court be afforded an opportunity to exercise its discretion whether to impose sanctions under the amended version.") (alteration in original) (quoting *Knipe v. Skinner*, 19 F.3d 72, 78 (2d Cir. 1994)). Additionally, Rule 11 sanctions are generally reserved for "rare and exceptional" cases. *Operating Eng'rs*, 859 F.2d at 1344.

28 U.S.C. § 1927 provides that "any attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions under § 1927 "require a finding of recklessness or bad faith." *In re Keegan Management Co., Securities Litigation*, 78 F.3d 431, 436 (9th Cir. 1996). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id.* (quoting *Estate of Blas v. Winkler,* 792 F.2d 858, 860 (9th Cir. 1986)). A "district court's authority to sanction attorneys under § 1927 … must be exercised with restraint and discretion." *Lahiri v. Universal Music and Video Distribution Corp.*, 606 F.3d 1216, 1223 (9th Cir. 2010).

### B.  Analysis

The Court recommends finding that the imposition of sanctions on Plaintiff's counsel is not warranted.

As to Rule 11 sanctions, while Plaintiff's counsel arguably should not have filed the

motion for reconsideration of the order on Defendants' motion for summary judgment because it was untimely, the Court does not find that Plaintiff's motion for reconsideration warrants the "extraordinary remedy" of sanctions. Thus, the Court will recommend that Defendants' request for Rule 11 sanctions be denied.

As an initial matter, the Court notes that Rule 11(c)(2) requires the party bringing a motion for sanctions to "describe the specific conduct that allegedly violates Rule 11(b)." The motion "must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Defendants technically complied with Rule 11(c)'s "safe-harbor" provision because Defendants waited to file the sanctions motion until February 28, 2022 which was more than 21 days after serving Plaintiff's counsel on December 28, 2021. (*See* ECF Nos. 344-1 & 344-2, p.8). However, Judge Ishii denied Plaintiff's motion for reconsideration (the offending filing subject to Rule 11) on January 3, 2022—the sixth day of the mandatory 21-day safe harbor period. (ECF No. 338). The Court's denial of Plaintiff's motion for reconsideration effectively cut-off the safe harbor period because Plaintiff's counsel could not "withdraw or appropriately correct" the motion once it was denied. *Compare Truesdell v. Southern California Permanente Medical Group*, 293 F.3d 1146, 1151-52 (9th Cir. 2002) (procedural requirement met even though district court dismissed complaint subject to sanctions on the twentieth day of the safe-harbor period because party requesting sanctions waited more than 21-days to file motion after service and because the court dismissed the complaint with leave to amend which provided plaintiff the opportunity to cure defects and avoid sanctions) *with Barber v. Miller*, 146 F.3d 707, 710-11 (9th Cir. 1998) (sanctions motion did not comply with safe-harbor requirement because it was served after the offending complaint had been dismissed with prejudice and so plaintiff did not have the opportunity to respond by withdrawing or correcting the complaint). Accordingly, the Court finds that because Plaintiff's counsel was not afforded the entire 21-day period to withdraw or otherwise correct the motion for reconsideration before Plaintiff's motion was denied, Plaintiff's counsel did not have the benefit of the safe-harbor requirement provision.

As compliance with the safe-harbor provision is mandatory, *Truesdell*, 293 F.3d at 1152, the Court could recommend denial of Rule 11 sanctions on this ground.  However, the Court will address the motion on its merits as well.

First, in making its recommendation, the Court has considered the circumstances of the December 6, 2021 informal status conference. Plaintiff's counsel stated in her declaration that she "inquired with the court about the appropriate way to correct the record on Plaintiff's opposition to Defendants' summary judgment" and suggested that Plaintiff "could file a corrected Exhibit 47 to correct the record." (ECF 347-1, p. 2). According to Plaintiff's counsel: "As I understood it, in response, this Court [Judge Ishii] indicated its preference to have the matter addressed formally by way of a motion for reconsideration." (*Id.*). At the hearing on the motion for sanctions, Judge Grosjean asked Defense counsel for their account of the December 6, 2021 conference[5]:

> **The Court**: Defense counsel what do you … um … Do you remember what Judge Ishii said and do you … What do you want to say to … that there was an informal conference where this was raised and Judge Ishii endorsed filing the motion?
>
> **Defense Counsel:** …Yes. The parties had an informal status conference because we were preparing for trial … a jury trial that had been set, at that time, in January. Um, Ms. Huang, as I mentioned, had attempted to add a claim … uh … that summary judgment had already been entered in Defendants' favor for through her trial brief. Uh … we objected in our response to that trial brief. At the informal conference, Ms. Huang asked the Court if she could just submit the additional evidence she wanted the court to look at in reconsidering and consider if it impacted its summary judgment motion … uh … Judge Ishii said that was not proper. Uh, Defendants also objected….
>
> **The Court:** But—but—but did he say … hold on … but did he say, "And you should file a motion?"
>
> **Defense Counsel:** He said she needed to go through the proper protocol which likely would be to file a motion … I then … I … and note that I objected and said that it would not be proper for her to ask the court to reconsider its ruling orally at an informal conference that was not recorded without Defendants

---

[5] As there is not a transcript of the hearing, this transcription is unofficial and based on the audio file, which is available to the parties upon request.

having an opportunity to respond. Ms. Huang was explicitly asking Judge Ishii to reconsider his summary judgment order, and he said he would not do that unless a motion was before him.

**The Court:** And did anybody say right there, "And don't even think about filing it. We're too late. It would be frivolous to do it?"

**Defense Counsel:** No, your honor. We had … Defendants had, however, already filed the authority that we had submitted with our motion that it was untimely, and we raised that objection again in the trial brief, I believe.

The motion for reconsideration was untimely under Rule 60(b). (ECF No. 338, p. 5); *see also* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). However, under the circumstances, the Court does not consider Plaintiff counsel's decision to file the motion for reconsideration as a method of correcting the record to be so frivolous as to violate Rule 11. For that same reason, the Court does not find that Plaintiff filed the motion for reconsideration with the improper purpose of harassing Defendants.

Second, the Court considers whether Plaintiff's motion for reconsideration violated Rule 11 by advancing positions not grounded in fact—namely, that Plaintiff's counsel omitted testimony due to inadvertent error and that Dr. Celosse's deposition provided "new evidence" that a body cavity search had occurred. Although District Judge Ishii deemed the information insufficient, Dr. Celosse was not deposed until November 5, 2021 (ECF No. 328-2, p. 1). Thus, this specific deposition testimony was not in Plaintiff's possession prior to the March 25, 2020 order on Defendants' motion for summary judgment (although the content may have been known to Plaintiff previously). Additionally, testimony from Plaintiff's psychologist that the strip search constituted rape and was experienced by Plaintiff as rape given her past trauma was at least arguably relevant to the issue. Thus, the Court does not believe that the motion for reconsideration was filed for an improper purpose.

Here, the Court is satisfied that sanctions are not necessary to deter Plaintiff's counsel from further attempts to litigate an Eighth Amendment sexual assault claim. *See Cooter & Gell*, 496 U.S. at 393 (central purpose of Rule 11 is deterrence). The Court's ruling on Defendants'

supplemental motions *in limine* precludes Plaintiff from using the term "cavity search" unless she can "present a definition of 'cavity search,' [via] either controlling case law or regulation, that is consistent with her testimony."  (ECF No. 340, p. 20).

Finally, while the Court is recommending that Rule 11 sanctions not be imposed on Plaintiff's counsel, the Court will not recommend awarding Plaintiff attorney fee sanctions either. Plaintiff chiefly argued that attorney fee sanctions were warranted upon prevailing without sufficiently demonstrating why Defendants' motion for sanctions was sanctionable under Rule 11. Accordingly, the Court will recommend that Plaintiff's request for attorney fee sanctions under Rule 11 be denied.

Turning to section 1927 sanctions, the Court has reviewed Plaintiff's filings, and taken as whole, does not find that Plaintiff's counsel "unreasonably and vexatiously" multiplied the proceedings by attempting to relitigate a sexual assault claim. As to the motion for reconsideration, the amount of time spent by the Court and Defense counsel as a result of Plaintiff's motion was minimal. Moreover, for the reasons discussed above, the Court does not find that Plaintiff's counsel's decision to file the motion for reconsideration, as a method of correcting the record, was reckless. *See Barber*, 146 F.3d at 711 (the district court did not abuse its discretion in denying § 1927 sanctions because record did not "compel a finding that [plaintiff's counsel] was reckless or acted in bad faith," even though there was "no doubt" that plaintiff's claim was not warranted by law under Rule 11). Additionally, Defendants are incorrect as to the amount of times Plaintiff attempted to add or relitigate a sexual assault claim. Plaintiff did not attempt to add a sexual assault claim in her motion to supplement (ECF No. 175) and Plaintiff did not attempt to relitigate the sexual assault claim in her trial brief (ECF No. 308).

For these reasons, the Court will recommend that Defendants' request for sanctions pursuant to Rule 11 and section 1927 be denied.

## IV.    RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1.  Defendants' request for monetary sanctions under Rule 11 be denied;

13

      2.   Defendants' request for monetary sanctions under 28 U.S.C. § 1927 be denied;

      3.   Plaintiff's request for attorney fee sanctions under Rule 11 be denied.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**May 23, 2022**__              /s/ Erica P. Grosjean

                                     UNITED STATES MAGISTRATE JUDGE