UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARUSO,<br><br>        Plaintiff,<br><br>v.<br><br>OFFICER G. SOLORIO, et al.,<br><br>        Defendants. | Case No. 1:15-cv-00780-AWI-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO SUBMIT EVIDENCE ON PENDING ORDER TO SHOW CAUSE RE: SANCTIONS<br><br>(ECF No. 371) |

      Before the Court is Plaintiff's request to submit evidence on pending order to show cause re: sanctions. (ECF No. 371).

      On May 13, 2022, the Court directed defense counsel to "show cause in writing why they should not be sanctioned pursuant to Federal Rule of Civil Procedure 11(b) and/or the Court's inherent authority for filing an intentionally misleading declaration with the Court." (ECF No. 362). On June 3, 2022, defense counsel filed their response. (ECF No. 365). On June 28, 2022, the Court held a hearing on the order to show cause. (ECF No. 366). On July 5, 2022, Plaintiff filed a request to submit evidence on pending order to show cause re: sanctions. (ECF No. 371).

      According to Plaintiff's request, Plaintiff's counsel attempted to meet with Plaintiff via video conference three times prior to the hearing, but Plaintiff was not produced for any of

these legal visits.  Thus, Plaintiff did not have the opportunity to speak with her counsel about the search at issue until July 5, 2022.  Plaintiff informed her counsel that "she observed Lieutenant Spinney document the search in the logbook for the Miller B housing unit."  (Id. at 2).  According to Plaintiff's counsel, this logbook may show "who was involved in that search and the property that was confiscated."  (ECF No. 371-1, p. 2)

"Plaintiff requests three weeks to submit additional evidence, to allow time for a response to Plaintiff's public records request, and to submit evidence on the logbook."  (ECF No. 371, p. 2).  Plaintiff also asks for an opportunity to submit evidence regarding the attorney's fees she incurred in responding to the order to show cause.

On July 18, 2022, defense counsel filed an opposition to Plaintiff's request.  (ECF No. 373).  Defense counsel argues that the evidence "has no substantive impact or evidentiary value" because "both Mr. Lee and the Office of Attorney General acknowledge that a cell search occurred on November 29, 2017."  (Id. at 2).  Defense counsel also note that they inquired about the documents identified by Plaintiff, and they have "not been informed that these documents have been located."  (Id. at 3).  Finally, defense counsel argues that Plaintiff's request to submit evidence regarding attorney's fees "is premature and unnecessarily warranted at this time."  (Id.).

The Court will grant Plaintiff's request to submit additional evidence regarding the order to show cause.  According to Plaintiff's counsel, she recently learned of this evidence.  And contrary to defense counsel's assertion, it is potentially relevant.  As defense counsel themselves point out in their opposition to Plaintiff's motion, defense counsel argue that they should not be sanctioned because "defense counsel believed in good faith that the previous court order did not encompass the November 2017 cell search, because that cell search did not seek information for 'documents relevant to this case' that had been allegedly taken from Plaintiff."  (ECF No. 373, pgs. 2-3) (citation omitted).  However, Plaintiff contends that at least one other document, which was relevant to the case, was taken as well.  See, e.g., Transcript of Deposition of Plaintiff, 174:2-14 ("Officer Spinny, the AG, the Attorney General on my other case, asked officer asked Lieutenant Spinny, he was a lieutenant at the time, he was also ISU at

the time, to go into my room and get back some discovery that they sent me by accident that they didn't want me to have, and when Spinny went in there to get the discovery, all of a sudden my motion for my -- not my motion, my -- my order to depose Officer Bates came up missing, so I didn't have that anymore."). Based on the representations made by Plaintiff's counsel, this logbook may show what property was confiscated. Thus, it may support or undermine defense's counsel's main argument as to why they should not be sanctioned, and the Court will give Plaintiff's counsel an opportunity to locate and submit it.

As to Plaintiff's request to submit evidence regarding attorney's fees, the Court agrees with defense counsel that this request is premature. If the Court grants sanctions in the form of attorney's fees to Plaintiff's counsel, the Court will grant Plaintiff's counsel an opportunity to submit relevant evidence.

Accordingly, IT IS ORDERED that:

1. Plaintiff may file supplemental evidence on the pending order to show cause on or before August 1, 2022;
2. Defense counsel may file a response to the supplemental evidence within seven days after service of the additional evidence; and
3. Plaintiff's request to submit evidence regarding attorney's fees is denied as premature.

IT IS SO ORDERED.

Dated:   **July 19, 2022**                              /s/ Erica P. Grosjean
                                                        UNITED STATES MAGISTRATE JUDGE

3