UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARUSO,<br><br>         Plaintiff,<br><br>   v.<br><br>OFFICER G. SOLORIO, et al.,<br><br>         Defendants. | Case No. 1:15-cv-00780-AWI-EPG (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO MODIFY ORDER RE: LEGAL VISITS<br><br>(ECF No. 367)<br><br>ORDER DIRECTING CLERK TO SERVE A COPY OF THIS ORDER ON THE WARDEN OF CENTRAL CALIFORNIA WOMEN'S FACILITY, THE WARDEN OF CALIFORNIA INSTITUTION FOR WOMEN, AND THE LITIGATION COORDINATOR AT CALIFORNIA INSTITUTION FOR WOMEN<br><br>ORDER DIRECTING CLERK TO DOCKET A COPY OF THIS ORDER IN <u>CARUSO V. HILL</u>, CASE NO. 1:20-CV-00084 |

On July 5, 2022, Plaintiff filed a motion to modify order re: legal visits. (ECF No. 367). On July 21, 2022, Defendants filed their opposition. (ECF No. 376). On July 28, 2022, Plaintiff filed her reply. (ECF No. 379). Plaintiff's motion is now before the Court.[1]

For the reasons that follow, the Court will modify the order to grant Plaintiff monthly

---

[1] The Court notes that Plaintiff filed an identical motion in <u>Caruso v. Hill</u> ("<u>Hill</u>"), Case No. 1:20-cv-00084, the defendant filed an identical opposition, and Plaintiff filed an identical reply. <u>Hill</u>, ECF Nos. 82, 84, & 85. Accordingly, the Court will issue one order, which will be docketed in both this case and <u>Hill</u>.

1

video conference visits instead of quarterly in-person visits.  In all other respects, Plaintiff's motion will be denied.

## I. BACKGROUND

On April 24, 2019, the Court issued an order on Plaintiff's motion for confidential contact visits.  (ECF No. 147).  The Court found that "Plaintiff is being denied confidential communications with her attorney about this case, contrary to her right to access the courts.  Plaintiff's counsel is no longer allowed to have confidential telephone calls with her client.  While she is allowed to meet with her client in a non-confidential setting, the conversation can be overheard by guards and other visitors.  Additionally, she is not allowed to pass documents directly to her client."  (Id. at 8).  The Court also found that "not allowing Plaintiff to have confidential communications with her attorney does not serve any legitimate penological interest."  (Id.).

Accordingly, on April 26, 2019, the Court issued an order pursuant to the All Writs Act, 28 U.S.C. § 1651, directing the Warden and staff at Central California Women's Facility and California Institution for Women to "arrange for up to one monthly confidential telephone call between Plaintiff and her counsel (Jenny Chi-Chin Huang) at a time that is mutually agreeable, and up to one quarterly confidential contact visit between Plaintiff and her counsel at a time that is mutually agreeable."  (ECF No. 149, p. 2).  The Court noted that the frequency of legal visits and calls was based on the posture of the case, and that "if the situation changes, Plaintiff's counsel may request additional calls and visits[]."  (ECF No. 147, p. 9).

## II. SUMMARY OF POSITIONS

### A. Plaintiff's Motion

In her motion, Plaintiff notes that the parties agreed to two legal visits, by video conference, per month (one visit per month per for this case and one visit per month for Hill).  (ECF No. 367, p. 3).  Moreover, defense counsel in this case agreed that there should be two legal visits per month for this case beginning two months before the trial, which is scheduled for November 29, 2022.  (Id.).  Plaintiff asks the Court to modify the April 26, 2019 order to require two legal visits per month by video conference until two months before the trial in this

case, and at that time to require weekly legal visits by video conference.  (Id. at p. 4).

Plaintiff brings this motion because "Plaintiff's counsel had repeatedly scheduled legal visits by video conference with Plaintiff at the California Institution for Women, without success." (Id. at 3).  According to Plaintiff's counsel's declaration, she scheduled three separate visits via video conference (one on June 6, 2022, one on June 13, 2022, and one on June 20, 2022), she waited approximately one hour for each scheduled visit to occur, and Plaintiff was never produced.  (ECF No. 367-1, p. 2).

Additionally, Plaintiff's counsel argues that she needs additional legal visits "a. To prepare for settlement negotiations and the settlement conference scheduled for September 21, 2022 in *Caruso v. Hill*; b. To prepare for trial in *Caruso v. Solorio, et al.*, currently scheduled for November 29, 2022; c. To discuss outstanding discovery matters in *Caruso v. Hill* relating to the pending order to show cause re: sanctions (ECF No. 362); and d. To discuss and stay informed about ongoing retaliation against Ms. Caruso by the Investigative Services Unit and other CIW staff." (ECF No. 367-1, pgs 2-3).

Plaintiff also argues that the order should be modified to allow for legal visits via video conference, because "Covid-19 has drastically changed the manner in which attorney client communications are accommodated.  In particular, legal visits and appearances at court hearings are now routinely conducted via video conference technology, without the need for prisoner transports and/or in-person visits from attorneys." (ECF No. 367, p. 2).

Plaintiff argues that "[t]his motion is necessary to minimize the need for further delay in the related proceedings and to ensure Plaintiff's constitutional right of access to counsel and to the court." (Id. at 1).

B.  Defendants' Opposition

In their opposition, Defendants argue that Plaintiff's motion should be denied.  (ECF No. 376).  According to Defendants, Plaintiff does not allege that the Court's April 16, 2019 order has been violated, does not provide a justification for increasing Plaintiff's counsel's visiting privileges four-fold, and does not explain why video conference visits should be required instead of telephone calls or in-person visits.  (ECF No. 376, p. 3).  Defendants also

argue that the motion should be denied because the record shows that Plaintiff's counsel's "requests for legal visits are promptly responded to and significant efforts are undertaken to accommodate her schedule and requests." (Id.).

"CIW [California Institution for Women] has been in frequent communication with Ms. Huang and made every effort to accommodate her special requests. Instead of placing Plaintiff in the visiting room where video visits can be conducted, CIW arranges for the visits to be held in another room, pursuant to Ms. Huang's request. For safety and security reasons, Plaintiff must be in a room with a window that enables staff to view Plaintiff, but that does not allow them to hear what is being said. At CIW, during the time period Plaintiff complains of, there was only one such room with video equipment available for this purpose. The room is in high demand and is required for other purposes, including for court appearances, Board of Parole Hearings risk assessments, evaluations of mentally disordered offenders by psychologists and other providers, Office of Internal Affairs interviews, and video depositions. Providing additional visits, with the extreme frequency Ms. Huang has requested, would deny other inmates access to the courts, their counsel, and mental health services, as well as detrimentally impact prison operations." (Id. at 4) (citations omitted).

Defendants concede that the three legal visits in June did not occur as scheduled, but argue that the issues were "largely unforeseen." (ECF No. 376, pgs. 4-5). The June 6 visit did not occur because it was not scheduled correctly, the June 13 visit did not occur due to "unforeseen staff shortages," and the June 20 visit did not occur because the "computer network was down all day." (Id.). Moreover, the visit was rescheduled, and the visit occurred on July 5, 2022. (Id. at 5). In addition, both confidential telephone calls and in-person visits have been offered to Plaintiff's counsel. (Id.). As Plaintiff has access to her counsel, the motion should be denied. (Id.).

Defendants also argue that no modification is required because defense counsel has worked with Plaintiff's counsel to offer "significantly more visits" than those required by the Court's order, and will continue to do so. (Id. at 5 & 7). Additionally, modifying the order might multiply the proceedings because "the parties may well be litigating each instance that a

required *weekly* video visit did not occur or had to be rescheduled, even if there were no malfeasance on the part of the prison." (Id. at 6).

        C. Plaintiff's Reply

In her reply, Plaintiff notes that neither the Warden of California Institution for Women nor the Warden of Central California Women's Facility filed an opposition to her motion, and she questions why the defendants are opposing it. (ECF No. 379, p. 1).

Plaintiff also argues that California Institution for Women violated the Court's order for monthly communications between Plaintiff and her counsel, because in February, March, and June of 2022, "Plaintiff was unable to communicate confidentially with her attorney." (Id. at 2).

"This Court is also familiar with Plaintiff's past allegations of CIW's interference with her constitutional right of access to the court and to her counsel, which are the basis for her retaliation claim in *Caruso v. Hill*. Plaintiff has also alleged a pattern of retaliatory conduct by CIW against both Plaintiff, by way of her illegal transfer to CCWF, and against her counsel, with the false allegation of passing contraband to an inmate. Plaintiff has also submitted evidence to show that CIW previously indicated a refusal to comply with this Court's order if it is interpreted to be in conflict with CDCR regulations. Given the history of CIW's actions in both of Plaintiff's cases, a modified court order is necessary to ensure Plaintiff's continued right of access to counsel." (Id.) (citations omitted).

Finally, Plaintiff argues that the Court should allow the visits to occur via video conferencing. In-person visits are "significantly more burdensome to Plaintiff and her counsel." (Id. at 4). Additionally, "[l]egal visits by video conference are preferred over phone calls because they allow for documents to be reviewed and approved by Plaintiff and they are more conducive for witness and trial preparation." (Id.).[2]

\\\

\\\

---

[2] In her reply, Plaintiff clarifies that she is only asking for the April 26, 2019 order be modified as to California Institution for Women. (ECF No. 379, p. 4 n.2).

D. Institution

The Court provided the Warden of California Institution for Women and the Warden of Central California Women's Facility with a copy of Plaintiff's motion, and gave them an opportunity to respond. (ECF No. 369; Hill, ECF No. 83). Neither Warden responded. Defendants' opposition includes evidence from prison staff, including a declaration from the Litigation Coordinator at California Institution for Women, but neither the Wardens nor the institutions filed any formal position with the Court.

**III.   LEGAL STANDARDS**

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." United States v. New York Tel. Co., 434 U.S. 159, 174 (1977) (footnote and citations omitted).

"Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action." Hammler v. Haas, 2019 U.S. Dist. LEXIS 48377, *3-4 (E.D. Cal., Mar. 22, 2019). See also Mitchell v. Haviland, 2015 U.S. Dist. LEXIS 109106, *5 (E.D. Cal., Aug. 18, 2015) ("Use of the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case"); Lopez v. Cook, 2014 U.S. Dist. LEXIS 52198, 2014 WL 1488518 (E.D. Cal., Apr. 15, 2014) (issuing an order under the All Writs Act requiring prison officials to provide Plaintiff, who was in the Segregated Housing Unit for non-disciplinary reasons, with two contact visits with his counsel). However, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear." Brown v. Gilmore, 533 U.S. 1301, 1303 (2001) (citations and internal quotation marks omitted).

## IV. ANALYSIS

The Court will grant in part and deny in part Plaintiff's motion. Plaintiff does not ask the Court to issue contempt sanctions, and she has not met her burden under the All Writs Act for all the relief she seeks. While there have been some issues with video conference visits, Defendants explained the reasons for those issues. Moreover, the Court issued the April 16, 2019 order because Plaintiff was being denied visits with her counsel, but based on the parties' filings, Plaintiff is being provided with access to her counsel. According to the filings, Plaintiff and her counsel had a legal visit on July 5, 2022. Additionally, in her reply, Plaintiff notes that California Institution for Women "has previously provided Plaintiff bi-weekly video legal visits." (ECF No. 379, p. 4). While there may have been delays, there are no allegations that Plaintiff is unable to prosecute this action or Hill. The Court also notes that Plaintiff filed this same motion in Hill, even though there is no order in Hill to modify because the Court never issued an order directing an institution to provide legal visits.

Given that Plaintiff has access to her counsel, and that "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," Brown, 533 U.S. at 1303 (citation and internal quotation marks omitted), the Court will not order staff at California Institution for Women to provide weekly video conference visits.[3]

However, in issuing its prior order, the Court noted that the frequency of legal visits was based on the posture of the case, and that "if the situation changes, Plaintiff's counsel may request additional calls and visits[]." (ECF No. 147, p. 9). As the trial in this case is less than four months away, the Court finds that the posture of this case has changed, and that additional legal visits are warranted. However, the Court finds that one video conference visit[4] per month until the trial, as well as one monthly telephone call, should be sufficient for trial preparation.

\\\

---

[3] If repeated issues continue to arise regarding the scheduling of legal visits, Plaintiff may renew this motion.

[4] The Court is not taking a position on the allegations in Plaintiff's reply (ECF No. 379-1, pgs. 3-4). However, given the allegations, as well as the increase in the use of video conferencing technology since the Court issued its April 16, 2019 order, the Court will require the monthly legal visit to be conducted via video conferencing instead of in-person.

Accordingly, based on the foregoing, IT IS ORDERED that:

1. Plaintiff's motion to modify order re: legal visits is granted in part and denied in part.
2. Paragraph 1 of the April 16, 2019 order issued in <u>Caruso v. Solorio</u>, Case No. 1:15-cv-00780, ECF No. 149, is modified as follows: Until this case is closed, the Warden of Central California Women's Facility, the Warden of California Institution for Women, the Litigation Coordinators, and other correctional staff as needed, shall arrange for up to one monthly confidential telephone call between Plaintiff and her counsel (Jenny Chi-Chin Huang) at a time that is mutually agreeable, and up to one monthly confidential video conference visit between Plaintiff and her counsel at a time that is mutually agreeable.
3. In all other respects, the Court's April 25, 2019 order in <u>Caruso v. Solorio</u> remains unchanged.
4. The Clerk of Court is directed to serve a copy of this order on the Warden of Central California Women's Facility, the Warden of California Institution for Women, and the Litigation Coordinator at California Institution for Women.
5. The Clerk of Court is directed to docket a copy of this order in <u>Caruso v. Hill</u>, 1:20-cv-00084.

IT IS SO ORDERED.

Dated: **August 9, 2022**         /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE